UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
INV HOLDINGS INC. and :
ADVANCED ARCH GRILLEWORKS, INC., :
: Civ. A. No. 2:21-cv-05107-GRB-ST
Plaintiffs, :
v. :
:
DAYUS REGISTER & GRILLE INC., :
:
Defendant. :
---------------------------------------------------------------x

## PLAINTIFFS' ANSWER TO DEFENDANT'S FIRST AMENDED ANSWER, SIXTH AFFIRMATIVE DEFENSE AND COUNTERCLAIMS

Plaintiffs INV Holdings Inc. ("INV") and Advanced Arch Grilleworks, Inc. ("AAG") (collectively "Plaintiffs"), by and through their undersigned counsel, for their Answer to Defendant Dayus Register & Grille, Inc.'s ("Defendant") Sixth Affirmative Defense asserting allegations incorporated by reference in the Third and Fourth Counts of its Counterclaims and for their Answer to Defendant's Amended Answer and Counterclaims, on personal knowledge as to their own actions and upon information and belief as to the action of others, state as follows:

### Sixth Affirmative Defense
(Patent Invalidity/Unenforceability)

134.   Plaintiffs deny the allegations of paragraph 134.

135.   Plaintiffs deny the allegations of paragraph 135.

136.   Plaintiffs deny the allegations of paragraph 136.

137.   Plaintiffs admit that Daniel Roeper is a named inventor of U.S. Patent Nos. 9,765,988 ("the '988 patent") and 10,871,305 ("the '305 patent"); is a principal of AAG, INV

and Oemetrix LLC; and has knowledge of sales of products embodying the patents-in-suit. Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 137.

138. Plaintiffs admit that Lynne Bruhnke is a named inventor of the '988 and '305 patents and has knowledge of sales of products embodying the patents-in-suit. Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 138.

139. Plaintiffs admit that on January 6, 2014, Philip Weiss filed the patent application resulting in the '988 patent and the filed declaration acknowledged a "willful false statement may jeopardize the validity of the application, or any patent issued therein" and "acknowledge[d] the duty to disclose information which is material to patentability." Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 139.

140. Plaintiffs admit Mr. Weiss filed the application resulting in the '305 patent and the duty of candor continued to apply to the prosecution of that application. Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 140.

141. Admitted.

142. Plaintiffs admit that Mr. Weiss informed Mr. Roeper and Ms. Bruhnke of the duty of candor to the U.S. Patent and Trademark Office ("USPTO"). Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 142.

143. Plaintiffs admit that their current versions of their AAG100 and AAG330 products practice the inventions claimed in both the '988 patent and '305 patent. Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 143.

144. Plaintiffs deny the allegations of paragraph 144.

145. Plaintiffs admit that their current versions of their AAG100 and AAG330 products practice the inventions claimed in both the '988 patent and the '305 patent. Except as expressly admitted, Plaintiffs deny the remaining allegations in paragraph 145.

146. Plaintiffs deny the allegations of paragraph 146.

147. Plaintiffs deny the allegations of paragraph 147.

148. Plaintiffs deny the allegations of paragraph 148.

149. Plaintiffs deny the allegations of paragraph 149.

150. Plaintiffs deny the allegations of paragraph 150.

151. The allegations contained in paragraph 151 call for legal conclusions to which no answer is required. To the extent an answer is required, the allegations contained in paragraph 151 are denied.

152. The allegations contained in paragraph 152 call for legal conclusions to which no answer is required. To the extent an answer is required, the allegations contained in paragraph 152 are denied.

153. The allegations contained in paragraph 153 call for legal conclusions to which no answer is required. To the extent an answer is required, the allegations contained in paragraph 153 are denied.

154. Plaintiffs deny the allegations of paragraph 154.

155. Plaintiffs deny the allegations of paragraph 155.

156. Plaintiffs admit that Mr. Roper, Ms. Bruhnke and Mr. Weiss were aware of their duty of candor to the USPTO. Except as expressly admitted, Plaintiffs deny the remaining allegations of paragraph 156.

157. Plaintiffs deny the allegations of paragraph 157.

3

158. Plaintiffs deny the allegations of paragraph 158.

159. Plaintiffs deny the allegations of paragraph 159.

160. Plaintiffs deny the allegations of paragraph 160.

161. Plaintiffs deny the allegations of paragraph 161.

## Defendant's Counterclaims

1. Plaintiffs admit the Counterclaim purports to plead an action for Declaratory Judgment. Except as expressly admitted, Plaintiffs deny the allegations of paragraph 1.

## The Parties

2. Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Counterclaims, and on that basis deny them.

3. Admitted.

4. Admitted.

## Jurisdiction and Venue

5. The allegations contained in paragraph 5 call for legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 5 are denied.

6. The allegations contained in paragraph 6 call for legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 6 are denied.

7. Admitted.

## Background

8. Admitted.

9. Admitted.

10. Admitted.

11. Plaintiffs deny the allegations of paragraph 11.

12. Plaintiffs deny the allegations of paragraph 12.

## First Counterclaim
### (Declaratory Judgment of No Infringement/Invalidity of the '988 Patent)

13. In answering paragraph 13, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-12 of Defendant's Counterclaims as though fully set forth herein.

14. Plaintiffs deny the allegations of paragraph 14.

15. Plaintiffs deny the allegations of paragraph 15.

16. Plaintiffs deny the allegations of paragraph 16.

17. Plaintiffs deny the allegations of paragraph 17.

## Second Counterclaim
### (Declaratory Judgment of No Infringement/Invalidity of the '305 Patent)

18. In answering paragraph 18, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-17 of Defendant's Counterclaims as though fully set forth herein.

19. Plaintiffs deny the allegations of paragraph 19.

20. Plaintiffs deny the allegations of paragraph 20.

21. Plaintiffs deny the allegations of paragraph 21.

22. Plaintiffs deny the allegations of paragraph 22.

### Third Counterclaim
### (Declaratory Unenforceability of the '988 Patent for Inequitable Conduct)

23. In answering paragraph 23, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-22 of Defendant's Counterclaims as though fully set forth herein.

24. Plaintiffs deny the allegations of paragraph 24.

25. Plaintiffs deny the allegations of paragraph 25.

### Fourth Counterclaim
### (Declaratory Unenforceability of the '305 Patent for Inequitable Conduct)

26. In answering paragraph 26, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-25 of Defendant's Counterclaims as though fully set forth herein.

27. Plaintiffs deny the allegations of paragraph 27.

28. Plaintiffs deny the allegations of paragraph 28.

### Fifth Counterclaim
### (Declaratory Judgment of No Infringement/Invalidity of the Plaster J-Bead Mark)

29. In answering paragraph 29, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-28 of Defendant's Counterclaims as though fully set forth herein.

30. Plaintiffs deny the allegations of paragraph 30.

31. Plaintiffs deny the allegations of paragraph 31.

32. Plaintiffs deny the allegations of paragraph 32.

33. Plaintiffs deny the allegations of paragraph 33.

## Sixth Counterclaim
### (Declaratory Judgment of Fair Use)

34. In answering paragraph 34, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to paragraphs 1-33 of Defendant's Counterclaims as though fully set forth herein.

35. Plaintiffs deny the allegations of paragraph 35.

36. Plaintiffs deny the allegations of paragraph 36.

## Seventh Counterclaim
### (False Advertising Under the Lanham Act)

37. In answering paragraph 37, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to Paragraphs 1-36 of Defendant's Counterclaims as though fully set forth herein.

38. Plaintiffs deny the allegations of paragraph 38.

39. Plaintiffs deny the allegations of paragraph 39.

40. Plaintiffs deny the allegations of paragraph 40.

41. Plaintiffs deny the allegations of paragraph 41.

42. Plaintiffs deny the allegations of paragraph 42.

43. Plaintiffs deny the allegations of paragraph 43.

44. Plaintiffs deny the allegations of paragraph 44.

45. Plaintiffs deny the allegations of paragraph 45.

## Eighth Counterclaim
### (Violation of New York Deceptive Practices Act)

46. In answering paragraph 46, Plaintiffs repeat, reallege and incorporate by reference their answers to the allegations in paragraphs 134-161 of Defendant's Sixth Affirmative Defense and to Paragraphs 1-45 of Defendant's Counterclaims as though fully set forth herein.

47. Plaintiffs deny the allegations of paragraph 47.

48. Plaintiffs deny the allegations of paragraph 48.

49. Plaintiffs deny the allegations of paragraph 49.

50. Plaintiffs deny the allegations of paragraph 50.

51. Plaintiffs deny the allegations of paragraph 51.

52. Plaintiffs deny the allegations of paragraph 52.

53. Plaintiffs deny the allegations of paragraph 53.

54. Plaintiffs deny the allegations of paragraph 54.

## Demand for Jury Trial as to Dayus' Counterclaim

55. No response required.

## Demand for Relief

56. Plaintiffs deny that Dayus is entitled to any relief whatsoever from Plaintiffs or this Court, either as requested in the Counterclaims or otherwise. To the extent Dayus' prayer for relief includes any factual or legal allegations, Plaintiffs deny such allegations.

Plaintiffs deny any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Subject to its above responses, Plaintiffs hereby assert the following affirmative defenses, without assuming any burden of proof or persuasion on any issue, whether in whole or part, where such burden(s) would otherwise be borne by Dayus. Plaintiffs expressly reserve the right to assert additional defenses that become known during the course of the litigation.

### First Defense

Defendant's Counterclaim and each count therein fails to state a claim upon which relief can be granted and should be barred.

### Second Defense

Count One through Count Four of the Counterclaim fail to state a claim upon which relief can be granted and should be barred because INV's '988 patent and '305 patent are both valid and enforceable.

### Third Defense

Count One through Count Four of the Counterclaim fail to state a claim upon which relief can be granted and should be barred in that the allegations contained therein were not material to patentability, because the inventors and prosecuting attorney did not violate their duty of good faith and candor to the USPTO. Further, Counts One through Count Four of Defendant's Counterclaim fail to state a claim in that no fraud was practiced on the USPTO or attempted, nor was a duty of disclosure violated through bad faith or intentional misconduct.

### Fourth Defense

Counts One through Count Four of the Counterclaim fail to state a claim upon which relief can be granted and should be barred based on Defendant's failure to plead the claims in each of those counts with specificity and particularity as required.

### Fifth Defense

Counts One through Count Four of the Counterclaim fail to state a claim upon which relief can be granted and should be barred as Defendant seeks a Declaratory Judgment that the claims of '988 and '305 patents, respectively, are invalid for failure to meet the requirements of

35 U.S.C. § 112, but failed to identify and specify any alleged facts in support of its lack of written description allegations.

### Sixth Defense

The First and Second Counts of the Counterclaim seek a Declaratory Judgment of non-infringement of the '988 and '305 patents, respectively, based on Defendant's allegations that it has not infringed the claims of the '988 and the '305 patents, but Defendant failed to identify and specify its products that do not purportedly infringe any claims of either patent; failed to identify and specify any claims of either patent that allegedly are not infringed; and failed to identify and specify how any alleged unidentified non-infringing product does not contain each and every element of patent claims Defendant failed to specify.

### Seventh Defense

Count Five of the Counterclaim fail to state a claim upon which relief can be granted and should be barred because INV's Plaster J-Bead trademark is valid and enforceable. Defendants have failed to specify and identify any facts to support its allegation that INV's trademark is invalid or unenforceable.

### Eighth Defense

Count Five of the Counterclaim fail to state a claim upon which relief can be granted and should be barred because Defendant failed to identify and specify how its confusingly similar J Bead trademark does not infringe INV's rights to the Plaster J-Bead trademark.

### Ninth Defense

Count Six of the Counterclaim fail to state a claim upon which relief can be granted and should be barred because Defendant failed to identify and specify any facts in support of how the

fair use doctrine applies to its J Bead trademark, including how the mark is generic or descriptive to sell architectural grilles.

## Tenth Defense

Count Seven through Eight of the Counterclaims fail to state a claim upon which relief can be granted and should be barred based on Defendant's failure to plead the claims in each of those counts with specificity and particularity as required.

## Eleventh Defense

Defendant is not entitled to any damages, including costs, expenses, disbursements, and reasonable attorneys' fees in filing its Counterclaims and defending against Plaintiffs' claims asserted in the Complaint in this action.

## Reservation of Rights

Plaintiffs hereby give notice that it intends to rely upon any other defense that may become available or come to light in this case, and hereby reserves the right to amend this Answer to assert any such defense.

WHEREFORE, Plaintiffs respectfully request the following relief:

1. That Defendant's Counterclaim against Plaintiffs be dismissed in its entirety with prejudice in favor of Plaintiffs;

2. A declaration and judgment against Defendant, and in favor of Plaintiffs, that the '988 patent and '305 patent are valid and enforceable;

3. A declaration and judgment against Defendant, and in favor of Plaintiffs, that Defendant has willfully infringed the claims of the '988 patent and '305 patent;

4. A declaration and judgment against Defendant, and in favor of Plaintiffs, that INV's Plaster J Bead trademark is valid and enforceable;

5. A declaration and judgment against Defendant, and in favor of Plaintiffs, that Defendant have willfully infringed INV's Plaster J Bead trademark;

6. A Declaration and Judgment against Defendant, and in favor of Plaintiffs that Plaintiffs have not violated false advertising under the Lanham Act.

7. A Declaration and Judgment against Defendant, and in favor of Plaintiffs that Plaintiffs have not violated the New York Deceptive Practices Act.

8. That Defendant be ordered to account for and pay to Plaintiffs the damages to which Plaintiffs are entitled as a consequence of Defendant's infringement of INV's '988 patent and '305 patent and its infringement of INV's Plaster J-Bead trademark and in view of acts of willful, deliberate and intentional infringement, that such damages be trebled;

9. That the Court denies Defendant's requests for any and all damages; and

10. That Plaintiffs be awarded such other and further relief which this Court deems just and proper.


Dated: July 28, 2022                                         Respectfully Submitted

                                                             /s/ *Philip M. Weiss*
                                                             Philip M. Weiss
                                                             Weiss & Weiss
                                                             410 Jericho Turnpike, Suite 105
                                                             Jericho, NY 11753

## Certificate of Service

I HEREBY CERTIFY that on this 28th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Philip M. Weiss*