# Exhibit D

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Daniel Roeper |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Daniel Roeper | Registration Number | |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B):

| Name | Registration Number |
|---|---|
| Philip M. Weiss | 34751 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Doc Code: PA..
Document Description:  Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note:  The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☐ I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

**OR**

☑ I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note:  Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

☐ The address associated with the above-mentioned Customer Number

**OR**

☐ The address associated with Customer Number:

**OR**

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss | | | | |
|---|---|---|---|---|---|
| Address | 410 Jericho Turnpike, Suite 105 | | | | |
| City | Jericho | State | NY | Zip | 11753 |
| Country | US | | | | |
| Telephone | 516-739-1500 | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

☑ Inventor or Joint Inventor (title not required below)

☐ Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☐ Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐ Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature |  | Date (Optional) |  |
|---|---|---|---|
| Name | Daniel Roeper | | |
| Title | | | |

**NOTE:**  Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of            forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Lynn Bruhnke |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Lynne Bruhnke | Registration Number | |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant ( *i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Doc Code: PA.
Document Description:  Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
|  |  |

(Note:  The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☐  I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

OR

☑  I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above.  (Note:  Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

☐  The address associated with the above-mentioned Customer Number

OR

☐  The address associated with Customer Number:

OR

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss | | | | |
|---|---|---|---|---|---|
| Address | 410 Jericho Turnpike, Suite 105 | | | | |
| City | Jericho | State | NY | Zip | 11753 |
| Country | US | | | | |
| Telephone | 516-739-1500 | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

☑  Inventor or Joint Inventor (title not required below)

☐  Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☐  Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐  Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

**SIGNATURE of Applicant for Patent**

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Lynne Bruhnke | | |
| Title | | | |

<u>NOTE</u>:  Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of            forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B):

| Name | Registration Number |
|---|---|
| Philip M. Weiss | 34751 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | P/332-15 |
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2  (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | Remove |

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | Lynne | | Bruhnke | |

**Residence Information (Select One)**   ● US Residency     Non US Residency     Active US Military Service

| City | Massapequa Park | State/Province | NY | Country of Residence i | US |

**Mailing Address of Inventor:**

| Address 1 | 17 Pine Street |
| Address 2 | |
| City | Massapequa Park | State/Province | NY |
| Postal Code | 11762 | Country i | US |

| Inventor | 2 | | Remove |

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | Daniel | | Roeper | |

**Residence Information (Select One)**   ◉ US Residency     Non US Residency     Active US Military Service

| City | Garden City | State/Province | NY | Country of Residence i | US |

**Mailing Address of Inventor:**

| Address 1 | 9 Fairmount Blvd. |
| Address 2 | |
| City | Garden City | State/Province | NY |
| Postal Code | 11530 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button.        | Add |

## Correspondence Information:

Enter either Customer Number or complete the Correspondence Information section below.
For further information see 37 CFR 1.33(a).

PTO/AIA/14 (12-13)
Approved for use through 11/30/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | P/332-15 |
|---|---|---|
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

☒ **An Address is being provided for the correspondence Information of this application.**

| Name 1 | Philip M. Weiss | Name 2 | |
|---|---|---|---|
| Address 1 | Weiss & Weiss | | |
| Address 2 | 410 Jericho Turnpike, Suite 105 | | |
| City | Jericho | State/Province | NY |
| Country | US | Postal Code | 11753 |
| Phone Number | 516-739-1500 | Fax Number | 516-739-2189 |
| Email Address | | Add Email | Remove Email |

## Application Information:

| Title of the Invention | DRY WALL EXTRUSION GRILLE | | |
|---|---|---|---|
| Attorney Docket Number | P/332-15 | Small Entity Status Claimed | ☒ |
| Application Type | Nonprovisional | | |
| Subject Matter | Utility | | |
| Total Number of Drawing Sheets (if any) | 8 | Suggested Figure for Publication (if any) | |

## Filing By Reference :

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a).  Do not complete this section if application papers including a specification and any drawings are being filed.  Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

☐  Request Early Publication (Fee required at time of Request 37 CFR 1.219)

☐  **Request Not to Publish.**  I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing.

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | P/332-15 |
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |

| Please Select One: | ○ Customer Number | ● US Patent Practitioner | ○ Limited Recognition (37 CFR 11.9) |

| Prefix | Given Name | Middle Name | Family Name | Suffix | |
|--------|------------|-------------|-------------|--------|--|
| | Philip | M. | Weiss | | Remove |

| Registration Number | 34751 |

Additional Representative Information blocks may be generated within this form by selecting the **Add** button.        [Add]

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, or 365(c) or indicate National Stage entry from a PCT application.  Providing this information in the application data sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the application number blank.

| Prior Application Status | | | [Remove] |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing Date (YYYY-MM-DD) |
| | Continuation in part of | 13999038 | 2014-01-06 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.        [Add]

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application.  Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55(d).  When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(h)(1) and (2).  Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | [Remove] |
|---|---|---|---|
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.        [Add]

PTO/AIA/14 (12-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | P/332-15 |
|---|---|---|
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

☐ This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.
NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA.

## Authorization to Permit Access:

☐ Authorization to Permit Access to the Instant Application by the Participating Offices

If checked, the undersigned hereby grants the USPTO authority to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the World Intellectual Property Office (WIPO), and any other intellectual property offices in which a foreign application claiming priority to the instant patent application is filed access to the instant patent application. See 37 CFR 1.14(c) and (h). This box should not be checked if the applicant does not wish the EPO, JPO, KIPO, WIPO, or other intellectual property office in which a foreign application claiming priority to the instant patent application is filed to have access to the instant patent application.

In accordance with 37 CFR 1.14(h)(3), access will be provided to a copy of the instant patent application with respect to: 1) the instant patent application-as-filed; 2) any foreign application to which the instant patent application claims priority under 35 U.S.C. 119(a)-(d) if a copy of the foreign application that satisfies the certified copy requirement of 37 CFR 1.55 has been filed in the instant patent application; and 3) any U.S. application-as-filed from which benefit is sought in the instant patent application.

In accordance with 37 CFR 1.14(c), access may be provided to information concerning the date o f filing this Authorization.

## Applicant Information:

Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

PTO/AIA/14 (12-13)
Approved for use through 11/30/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | P/332-15 |
|---|---|---|
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

**Applicant** | 1                                                              [ Remove ]

If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section.

[ Clear ]

| Assignee | Legal Representative under 35 U.S.C. 117 | Joint Inventor |
|---|---|---|
| Person to whom the inventor is obligated to assign. | | Person who shows sufficient proprietary interest |

If applicant is the legal representative, indicate the authority to file the patent application, the inventor is:

[                                                                        ▼ ]

Name of the Deceased or Legally Incapacitated Inventor :

If the Applicant is an Organization check here.   ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| ▼ | | | | ▼ |

**Mailing Address Information For Applicant:**

| Address 1 | |
|---|---|
| Address 2 | |
| City | | State/Province | |
| Country | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Applicant Data may be generated within this form by selecting the Add button.   [ Add ]

# Assignee Information including Non-Applicant Assignee Information:

Providing assignment information in this section does not subsitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office.

**Assignee** | 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication . An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

[ Remove ]

PTO/AIA/14 (12-13)
Approved for use through 11/30/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | P/332-15 |
|---|---|---|
| | Application Number | |

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

If the Assignee or Non-Applicant Assignee is an Organization check here. ☐

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
|---|---|
| Address 2 | |
| **City** | | **State/Province** | |
| **Country** i | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | | | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.    [Add]

## Signature:    [Remove]

NOTE:  This form must be signed in accordance with 37 CFR 1.33.  See 37 CFR 1.4 for signature requirements and certifications.

| **Signature** | /philipmweiss/ | | Date  (YYYY-MM-DD) | 2017-03-31 |
|---|---|---|---|---|
| First Name | Philip | Last Name | Weiss | Registration Number | 34751 |

Additional Signature may be generated within this form by selecting the Add button.    [Add]

This collection of information is required by 37 CFR 1.76.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.   The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.   A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.   A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.   A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.   A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent C o o p eration Treaty.

6.   A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.   A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.   A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.   A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/SB/08A (07-05)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | |
| | Filing Date | |
| | First Named Inventor | L. Bruhnke et al. |
| | Art Unit | |
| | Examiner Name | |
| Sheet │1│ of │1│ | Attorney Docket Number | P/332-15 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Document Number — Number-Kind Code² (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 5,082,083 | 01-21-1992 | Draffen | |
| | | US- 7,140,960 | 11-28-2006 | Pilger | |
| | | US- 7,771,259 | 08-10-2010 | Pettit | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Foreign Patent Document Country Code³ Number⁴ Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T⁶ |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY FILING FEE (ELECTRONIC FILING) | 4011 | 1 | 70 | 70 |
| UTILITY SEARCH FEE | 2111 | 1 | 300 | 300 |
| UTILITY EXAMINATION FEE | 2311 | 1 | 360 | 360 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **730** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28807257 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss <br><br> Weiss & Weiss <br><br> 410 Jericho Turnpike Suite 105 <br><br> - <br><br> Jericho                              NY              11753 <br><br> US           516-739-1500 <br><br> weissandweiss@aol.com |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 31-MAR-2017 |
| **Filing Date:** | |
| **Time Stamp:** | 20:28:31 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $730 |

| RAM confirmation Number | 040317INTEFSW20295600 |
|---|---|
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 33215appasfiled.pdf | 463243<br>6516a16384b314366479943e3293ee4351703c1 | yes | 13 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | Start | | End |
| | Specification | | 1 | | 8 |
| | Claims | | 9 | | 12 |
| | Abstract | | 13 | | 13 |

**Warnings:**

**Information:**

| 2 | Drawings-only black and white line drawings | 33215draw.pdf | 215669<br>87399a1af8a9bdd3b0072cd606f2fa53c9da5c3f | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Oath or Declaration filed | roeperexecuteddecl.pdf | 180952<br>84dc7d80fce62650a5365ab59a25e30ffad12438 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Oath or Declaration filed | bruhnkeexecuteddecl.pdf | 167990<br>768ea5fcbd5d95c6b5ca53629e363e4e0890329b | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Power of Attorney | roeperexecutedpoa.pdf | 335839<br>1309eefe87d625c0738a61f308fb80ae1d786b57 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Power of Attorney | bruhnkeexecutedpoa.pdf | 317021<br>6df518d3a458e0dc826f48c588e7992992caf99e | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Application Data Sheet | 33215data.pdf | 1561183<br>77e10b4233203da70ea62dd1056d528ddd167f7c | no | 7 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Information Disclosure Statement (IDS) Form (SB08) | 33215SB08.pdf | 115388<br>31b972b95841e4708d1c4adf264d51ee9f81bf99 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 9 | Fee Worksheet (SB06) | fee-info.pdf | 34891<br>80201486bec02b11f7b7133418dc786ae0f20b4e | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 3392176 | | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Docket:  P/332-15

## DRY WALL EXTRUSION GRILLE

### Related Applications

The present application is a continuation in part of Serial No. 13999038 filed January 6, 2014.

### Field of the Invention

The present invention relates to a dry wall extrusion grille comprising a frame, a linear bar grille, indented slots, and a flexible mounting flange.

### Background of the Invention

US patent no. 5,082,083 relates to a structure wall mounted speaker assembly. The woofer of the speaker is mounted in the assembly wall frame and the tweeter is both mounted in and self-contained within the assembly wall frame. The installation requires only that a circular opening be cut in the wall to enable the rear portion of the woofer to extend through the dry wall or sheetrock and two simple holes drilled in the wall to accommodate the support bolts to retain the wall mounted speaker assembly on the wall.

US patent no. 7,140,960 relates to duct systems, registers and ductwork components used with floor or ceiling registers employed in warm air heating, ventilating and air conditioning systems, and improvements for mounting and installing components of the duct system, including register boots, mud rings and register grilles, in the walls, floors or ceilings of buildings components, mud ring, register grille and wall, floor or ceiling opening, which reduces costs.

US patent no. 7,771,259 relates to a flush mounted frame for an access panel or register. The frame is mounted to a wall, ceiling or floor surface, is made by joining linear frame sections each providing interconnected elements formed by an extrusion process. A first planar element is spaced apart from a second planar element and positioned for abutting a common surface. A first channel element is formed between the first and second planar elements. A third planar element is positioned normal to the first and second planar elements and terminates with a rib directed toward the first planar element. When mounted onto studs in a building structure, wall putty or mud may be placed into a space between the wall panels and the third planar element, the mud is captured in place forming a smooth interface between the frame assembly and the surrounding wall surfaces.

## Summary of the Invention

The present invention relates to a dry wall extrusion grille.

The dry wall extrusion grille comprises a frame, a linear bar grille, indented slots, a flexible mounting flange.

It is an object of the present invention for the indented slots to capture joint compound or plaster.

It is an object of the present invention for the flexible mounting flange to be used for fastening to a wall or ceiling with pre-perforated through holes.

It is an object of the present invention for the dry wall extrusion grille to further comprise sheet rock screws.

2

It is an object of the present invention for a common sheet rock screw to be threaded into the wall material.

It is an object of the present invention for the frame to be constructed of four mitered pieces. It is an object of the present invention for the four mitered pieces to be welded together. It is an object of the present invention for the mitered corners of the flexible mounting flange to be spot welded for additional strength.

It is an object of the present invention for the frame to be installed with a sheet rock screw before plaster or a joint compound is applied.

It Is an object of the present invention for the dry wall extrusion grille to be installed to a wall with four sheet rock screws.

It is an object of the present invention for the extrusion grille to have pre-perforated mounting through holes providing many mounting options to address multiple field conditions.

It is an object of the present invention for the extrusion grille to be a fully welded construction that  provides exceptional strength for mounting in both walls and ceilings

It is an object of the present invention for the extrusion grille to have multiple, pre-punched mounting holes for fastening in a wide range of wall conditions and materials.

It is an object of the present invention for the extrusion grille to have multiple, pre-punched mounting holes for attachment to underlying studs (support beams) for a wide range of center to centers.

3

It is an object of the present invention for the extrusion grille to have pre-punched holes accurately sized for standard wall board/sheet rock screws so no special hardware or tools are required.

It is an object of the present invention for the extrusion grille to have multiple indented slots along the mounting flange having a flexible edge to provide capture points for joint compound or plaster.

It is an object of the present for the extrusion grille's flexible mounting flange or edge to fasten the grille to uneven wall surfaces.

It is an object of the present invention for the inside of the extrusion grille frame to extend ¾" deep into the opening so that the extrusion grille is installed in a wall board or plaster ranging from about ¼" thru about ¾" thick.

It is an object of the present invention for the extrusion grille to allow an installer to cut a very rough hole in a wall and slip the extrusion grille frame into the opening.  With the design of the present invention there is no routing or recessed cut that is necessary.  With the design of the present invention there is no blocking or added wood necessary for attachment to wall.

It is an object of the present invention for the extrusion grille to provide exceptional strength using aluminum material – thus enabling safe use in ceiling applications.

It is an object of the present invention for the extrusion grille to be used with a fixed core (core welded directly to the frame or removable core for access to either controls, dampers or filtration behind the grille).

4

It is an object of the present invention for the extrusion grille to be used specifically for linear bar grilles, and not used with perforated grilles or registers.

It is an object of the present invention for the extrusion grille to be mounted, so that the entire frame and grille are flush to the wall providing a seamless installation – which makes field painting much easier – also makes future cleaning of the grille simpler as can be done with simply the wipe of a rag.

It is an object of the present invention for the extrusion grille to be mounted in only one way, so that it cannot be installed backward.

It is an object of the present invention for the extrusion grille to require four pieces for construction, providing faster assembly and lower cost.

It is an object of the present invention for the extrusion grille to have a special angled edge that provides a step for a standard spackle knife to rest when a plaster or joint compound is being applied. This creates a crisp, clean line set up for the application of the final skim coat of plaster (joint compound).

It is an object of the present invention for the drywall extrusion grille frame to be extended. The average height of the frame is approximately ¾". It is an object of the present invention for the frame to be extended at least ¾". It is an object of the present invention for the extended frame to have attached to it dampers or filter clips.

It is an object of the present invention for the dry wall extrusion grille to include mounting strips attached to the bottom of the frame. It is an object of the present invention for the mounting strips to be attached to the frame via welding. It is an

5

object of the present invention for the mounting strips to be made as an integral part of the frame in a one piece extrusion.

It is an object of the present invention to provide multiple methods of attaching the linear bar grille to the frame with an attachment device.  It is an object of the present invention for the attachment device to include mechanical fasteners, threaded inserts in the mounting strip to be used with mechanical fasteners, or a projection on the frame or mounting strip for use with spring steel clips.

It is an object of the present invention for the dry wall extrusion grille to have various style and depth angled edges to capture plaster or joint compound.

## Brief Description of Drawings

Figure 1 is a top view of the frame of the present invention.

Figure 2 is a bottom view of the frame of the present invention.

Figure 3 is side view of the flexible edge of the present invention.

Figure 4 is a cross sectional view of the extrusion grille of the present invention.

Figure 5 is a front view of the extrusion grille of the present invention.

Figure 6 is a front view of the extrusion grille of the present invention.

Figure 7 is a side view of a flexible edge of the present invention.

Figure 8 is a side view of a flexible edge of the present invention.

Figure 9 is a side view of a flexible edge of the present invention.

Figure 10 is a side view of a flexible edge of the present invention.

Figure 10A is an exploded view of a section of the flexible edge of Figure 10.

## Detailed Description of the Invention

Page 28 of 296

Figure 1 shows the frame 10 comprising four mitered pieces 12, 14, 16 and 18, which are welded at 20, 22, 24, and 26. Figure 2 shows the bottom view of frame 10 of Figure 1.

Figure 3 and 4 show the extrusion grille 30, which comprises a linear bar grille 32. The extrusion grille 30 has an aluminum profile 34, a flexible edge 34, that is used for fastening to a wall or ceiling with perforated through holes 40. The extrusion grille 30 further comprises indented slots 38 used to capture joint compound or plaster 42.

Extrusion grille 30 further comprises a special angled edge 44 to create a step for a spackling knife to use as a straight edge. A common sheet rock screw 46 is threaded into the wall material.

Figure 5 shows the extrusion grille 30 having the linear bar grille, a standard sheet rock screw 46, and pre-perforated mounting through holes that provide many mounting options to address multiple field conditions.

Figure 6 shows the extrusion grille 30 installed after the plaster or joint compound is applied. The frame 10 is installed with the sheet rock screw 46 before plaster or joint compound is applied.

Figure 7 shows a dry wall extrusion grille 100 having a flexible edge 102. The flexible edge 102 has indented slots 104 used to capture joint compound or plaster. The frame 106 is extended by the length 110 to assist in attaching dampers or filters. The frame 106 further comprises a thru-hole 108. In a preferred embodiment, the extended length 110 is extended more than ¾" down.

7

Figure 8 shows a dry wall extrusion grille 120 having a flexible edge 122. The flexible edge 122 has indented slots 124 used to capture joint compound or plaster. The frame 126 includes mounting strips 128 that are attached to the bottom of the frame 126 via welding or they can be made as an integral part of the frame 126 in a one piece extrusion.

Figure 9 shows a dry wall extrusion grille 140 having a flexible edge 142. The flexible edge 142 has indented slots 144 used to capture joint compound or plaster. The frame 146 includes mounting strips 148 that are attached to the bottom of the frame 146. Multiple methods of attaching the linear bar grille to the frame 146 with an attachment device 150, that can include mechanical fasteners, threaded inserts in the mounting strip 148 to be used with mechanical fasteners, a projection on the frame 146 or mounting strip 148 for use with spring steel clips.

Figure 10 shows the dry wall extrusion grille 160 having a flexible edge 162. The flexible edge has indented slots 163 used to capture joint compound or plaster. The frame 164 includes mounting strips 166 that are attached to the bottom of the frame 164. The dry wall extrusion grille can have various style and depth angled edges 168 to capture plaster or joint compound.

Figure 10A is an exploded view from a section of Figure 10, showing the various style and angled edges 168 to capture plaster or joint compound.

### Claims

1. A dry wall extrusion grille comprising:

   a frame;

   a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

   indented slots;

   a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

   said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud.

2. The extrusion grille of claim 1 wherein said flexible mounting flange is fastened to a wall or ceiling with pre-perforated through holes.

3. The extrusion grille of claim 2 further comprising sheet rock screws.

4. The extrusion grille of claim 1 wherein said frame is constructed of mitered pieces.

5. The extrusion grille of claim 4 wherein said mitered pieces are welded together.

6. The extrusion grille of claim 3 wherein said frame is installed with said sheet rock screws before plaster or a joint compound is applied.

7. The extrusion grille of claim 1 wherein said extrusion grille is a fully welded construction.

9

8. The extrusion grille of claim 1 wherein inside of said extrusion grille frame extends about ¾" deep into an opening so that said extrusion grille is installed in a wall board or plaster ranging from about ¼" thru about ¾" thick.

9. The extrusion grille of claim 1 wherein said extrusion grille is used with a fixed core, a core welded directly to said frame or removable core for access to controls, dampers, or filtration behind said grille.

10. The extrusion grille of claim 1 wherein said extrusion grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation.

11. A dry wall extrusion grille comprising:

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

said frame being extended.

12. The extrusion grille of claim 11 wherein said frame is extended at least  ¾".

13. The extrusion grille of claim 11 wherein said extended frame has attached to it dampers or filter clips.

14. A dry wall extrusion grille comprising:

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

mounting strips attached to bottom of said frame.

15. The extrusion grille of claim 14 wherein said mounting strips are attached to said frame via welding.

16. The extrusion grille of claim 14 wherein said mounting strips are made as an integral part of said frame in a one piece extrusion.

17. The extrusion grille of claim 14 further comprising an attachment device for attaching said linear bar grille to said frame.

18. The extrusion grille of claim 17 wherein said attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips.

11

19.   The extrusion grille of claim 14 further comprising various style and depth angled edges to capture plaster or joint compound.

## Abstract

A dry wall extrusion grille comprising a frame, a linear bar grille, indented slots, and a flexible mounting flange.



Fig 1

Fig. 2





30

46

48

Fig 5

32



Fig. 6



Fig. 7



Fig. 8



Fig 9



PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

[✓] The attached application, or

[ ] United States application or PCT international application number _____

filed on _____

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Daniel Roeper                    Date (Optional): _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed. Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | DRY WALL EXTRUSION GRILLE |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

[✓] The attached application, or

[ ] United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft.  Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application.  If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO.  Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent.  Furthermore, the record from an abandoned application may also be available to the public if the  application is referenced in a published application or an issued patent (see 37 CFR 1.14).  Checks and credit card  authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are  not publicly available.

LEGAL NAME OF INVENTOR

Inventor: Lynne Bruhnke                            Date (Optional): _____

Signature: _____

Note: An application data sheet (PTO/SB/14 or equivalent), including naming the entire inventive entity, must accompany this form or must have been previously filed.  Use an additional PTO/AIA/01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant ( *i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | 3749 | 730 | P/332-15 | 19 | 3 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**FILING RECEIPT**


OC000000090541789

Date Mailed: 04/11/2017

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

    Lynne Bruhnke, Massapequa Park, NY;
    Daniel Roeper, Garden City, NY;

**Applicant(s)**

    Lynne Bruhnke, Massapequa Park, NY;
    Daniel Roeper, Garden City, NY;

**Power of Attorney:**
Philip Weiss--34751

**Domestic Priority data as claimed by applicant**
    This application is a CIP of 13/999,038 01/06/2014

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** No

**Permission to Access Search Results:** No

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 04/11/2017

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 15/476,855**

**Projected Publication Date:** 07/20/2017

**Non-Publication Request:** No

**Early Publication Request:** No
** SMALL ENTITY **
**Title**

DRY WALL EXTRUSION GRILLE

**Preliminary Class**

454

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

Application or Docket Number
15/476,855

### APPLICATION AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE($) | FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 70 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 300 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 360 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 19 minus 20 = | * | x 40 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 minus 3 = | | x 210 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 730 | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT A | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE($) | ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT B | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**PUBLICATION NOTICE**

*OC000000092910528*

**Title:** DRY WALL EXTRUSION GRILLE

**Publication No.** US-2017-0205110-A1
**Publication Date:** 07/20/2017

# NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Public Records Division. The Public Records Division can be reached by telephone at (571) 272-3150 or (800) 972-6382, by facsimile at (571) 273-3250, by mail addressed to the United States Patent and Trademark Office, Public Records Division, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently https://portal.uspto.gov/pair/PublicPair. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590          10/04/2017

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| COTOV, JONATHAN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3749 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/04/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| ***Office Action Summary*** | **Application No.**<br>15/476,855 | **Applicant(s)**<br>BRUHNKE ET AL. | |
|---|---|---|---|
| | **Examiner**<br>JONATHAN COTOV | **Art Unit**<br>3749 | **AIA (First Inventor to File)**<br>**Status**<br>Yes |

| *-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --* |
|---|

**Period for Reply**

    A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *3/31/2017*.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) *1-19* is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) *1-19* is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on *3/31/2017* is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a)☐ All    b)☐ Some**   c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail. Date _____ .

4)☐ Other: _____ .

Application/Control Number: 15/476,855                                          Page 2

Art Unit: 3749

1.      The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

## DETAILED ACTION

### *Double Patenting*

2.      The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in

public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise

extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple

assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not

identical, but at least one examined application claim is not patentably distinct from the reference claim(s)

because the examined application claim is either anticipated by, or would have been obvious over, the

reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re

Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645

(Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d

438, 164 USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

        A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to

overcome an actual or provisional rejection based on nonstatutory double patenting provided the

reference application or patent either is shown to be commonly owned with the examined application, or

claims an invention made as a result of activities undertaken within the scope of a joint research

agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for

applications not subject to examination under the first inventor to file provisions of the AIA. A terminal

disclaimer must be signed in compliance with 37 CFR 1.321(b).

        The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit

www.uspto.gov/patent/patents-forms. The filing date of the application in which the form is filed

determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A

web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal

Disclaimer that meets all requirements is auto-processed and approved immediately upon submission.

Application/Control Number: 15/476,855                                    Page 3
Art Unit: 3749

For more information about eTerminal Disclaimers, refer to

www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

3.      Claims 1-19 are rejected on the ground of nonstatutory double patenting as being unpatentable

over claims 1-23 of U.S. Patent No. 9,765,988. Although the claims at issue are not identical, they are not

patentably distinct from each other because they include the same subject matter and claim language

with the exception of the mounting holes which would be an obvious matter of design choice to include

since the flange can hold the grill by use of plaster in the flange grooves.


### Allowable Subject Matter

Claims 1-19 would be allowable once the Double Patenting rejection is overcome.


### Conclusion

        Any inquiry concerning this communication or earlier communications from the examiner should

be directed to JONATHAN COTOV whose telephone number is (571)272-2355.  The examiner can

normally be reached on Monday-Thursday 7:30-4:30.

        Examiner interviews are available via telephone, in-person, and video conferencing using a

USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use

the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Steve McAllister can be reached on 571-272-6785.  The fax phone number for the organization where

this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 15/476,855                                    Page 4
Art Unit: 3749

      Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system.  Status information for published applications may be obtained from

either Private PAIR or Public PAIR.  Status information for unpublished applications is available through

Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC)

at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative

or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-

1000.


/JONATHAN COTOV/
Examiner, Art Unit 3749

/STEVEN B. MCALLISTER/
Supervisory Patent Examiner, Art Unit 3749

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 15/476,855 | BRUHNKE ET AL. |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | JONATHAN COTOV | 3749 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-943,298 A | 12-1909 | Name not available | F24F13/08 | 454/332 |
| * | B | US-2,752,844 A | 07-1956 | SIMBLEST ALLEN L | F24F13/08 | 454/277 |
| * | C | US-5,144,099 A | 09-1992 | Cardy; Ronald | E04F19/08 | 174/66 |
| * | D | US-5,863,310 A | 01-1999 | Brown; Barbara L. | B01D46/0005 | 454/284 |
| * | E | US-5,928,078 A | 07-1999 | Moore; Michael A. | F24F13/068 | 285/341 |
| * | F | US-5,950,384 A | 09-1999 | Aarness; James C. | F24F13/075 | 454/277 |
| * | G | US-6,234,894 B1 | 05-2001 | Goracke; Mark A. | F24F13/082 | 454/290 |
| * | H | US-2004/0058638 A1 | 03-2004 | Achen, John J. | F24F13/082 | 454/277 |
| * | I | US-6,908,115 B2 | 06-2005 | Synder; Darryl L. | F24F13/084 | 285/189 |
| * | J | US-7,140,960 B2 | 11-2006 | Pilger; Allan | F24F13/06 | 454/292 |
| * | K | US-2007/0232217 A1 | 10-2007 | Davis; Michael C. | F24F13/082 | 454/330 |
| * | L | US-7,771,259 B2 | 08-2010 | Pettit; Michael | F24F13/084 | 454/289 |
| * | M | US-9,024,186 B1 | 05-2015 | Gonzalez; Brian | H02G3/14 | 174/66 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)          **Notice of References Cited**          Part of Paper No. 20170926

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 1060 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:45 |
| S2 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 06:46 |
| S3 | 66 | ("0465561" \| "0943298" \| "1690948" \| "2654451" \| "2679796" \| "3238860" \| "3323437" \| "3522724" \| "3636340" \| "3645044" \| "3788206" \| "3888013" \| "3955483" \| "3985158" \| "4026082" \| "4122762" \| "4258784" \| "4319520" \| "4372763" \| "4377107" \| "4558582" \| "4566724" \| "4760981" \| "4815364" \| "5100445" \| "5129690" \| "5303488" \| "5338255" \| "5338256" \| "5472380" \| "5476183" \| "5505419" \| "5716270" \| "5741030" \| "5792230" \| "5928078" \| "5950384" \| "5983496" \| "6007422" \| "6192640" \| "6234894" \| "6261174" \| "6290597" \| "6302784" \| "6494780" \| "6652375" \| "6908115" \| "D268282" \| "D453042" \| "D454949" \| "D456071" \| "D456072" \| "D475131" \| "RE37086").PN. OR ("7140960" \| "7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2015/11/30 06:47 |
| S4 | 40 | S1 and (plaster mud compound) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:53 |
| S5 | 166 | S1 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 07:12 |
| S6 | 2 | (lynne near2 bruhnke).in. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 07:14 |
| S7 | 5 | (roeper near2 daniel).in. | US-PGPUB; USPAT; USOCR; | OR | ON | 2015/11/30 07:15 |

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 61 of 297 PageID #: 728

| | | | EPO; JPO; DERWENT | | | |
|---|---|---|---|---|---|---|
| S8 | 6 | (("20040058638") or ("5928078") or ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 07:31 |
| S9 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 07:34 |
| S10 | 2479 | flush and wall and access near3 panel and screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 09:58 |
| S11 | 10 | flush with wall with access near3 panel same screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 09:59 |
| S12 | 151 | "454".clas. and (dry adj wall drywall) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:01 |
| S13 | 46 | S12 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:01 |
| S14 | 12 | ("2654451" \| "4026082" \| "4319520" \| "4566724" \| "5100445" \| "5303488" \| "5472380" \| "5928078" \| "5950384" \| "6234894" \| "6908115").PN. OR ("7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 10:03 |
| S15 | 70 | ("0124663" \| "0674991" \| "0703409" \| "1274996" \| "1336210" \| "1429811" \| "1488694" \| "1911851" \| "2080726" \| "2104208" \| "2216420" \| "2229388" \| "2587633" \| "2743660" \| "3232205" \| "3236171" \| "3528359" \| "3559560" \| "3589265" \| "4502368" \| "4566724" \| "4773197" \| "4773308" \| "4829886" \| "5163871" \| "5180331" \| "5266091" \| "5275405" \| "5472380" \| "5503181" \| "5542223" \| "5551915" \| "5597392" \| "5720660" \| "5792230" \| "5928078" \| "5947815" \| "6019677" \| "6066044" \| "6461235" \| "D284996" \| "D338060" \| "D362059").PN. OR ("5928078" \| "6234894" \| "6908115").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 10:05 |
| S16 | 45 | (dry adj wall drywall) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:12 |

| S17 | 2 | (dry adj wall drywall) with flush with vent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S18 | 8 | (dry adj wall drywall) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S19 | 0 | (wallboard) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S20 | 31 | (wallboard) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S21 | 5 | (("5020293") or ("5144099") or ("20090034241") or ("7607793") or ("20110283632")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2016/06/07 10:18 |
| S22 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 15:27 |
| S23 | 5 | S22 and weld$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 15:27 |
| S24 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 10:41 |
| S25 | 1157 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:42 |
| S26 | 1 | S25 and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:49 |
| S27 | 24 | S25 and (indent indentations) | US-PGPUB; | OR | ON | 2017/01/11 10:50 |

| | | | USPAT; USOCR; EPO; JPO; DERWENT | | | |
|---|---|---|---|---|---|---|
| S28 | 173 | S25 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:51 |
| S29 | 12 | ("2654451" \| "4026082" \| "4319520" \| "4566724" \| "5100445" \| "5303488" \| "5472380" \| "5928078" \| "5950384" \| "6234894" \| "6908115").PN. OR ("7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 10:58 |
| S30 | 10 | ("943298").URPN. | USPAT | OR | ON | 2017/01/11 10:58 |
| S31 | 63 | ("0032897" \| "0254688" \| "0588133" \| "0791381" \| "0892080" \| "0943298" \| "1035480" \| "1336210" \| "1455464" \| "1726867" \| "20040231808" \| "20070056229" \| "20080188175" \| "2008965" \| "2010680" \| "20130200636" \| "2140935" \| "2571726" \| "2575499" \| "2738953" \| "2754747" \| "3201161" \| "3341971" \| "3920347" \| "3921350" \| "4244768" \| "4845907" \| "4864078" \| "5123776" \| "5172520" \| "5465462" \| "5586837" \| "5586934" \| "5720660" \| "5864990" \| "7293937" \| "7303669" \| "7328478" \| "7549260" \| "7566263" \| "7581655" \| "7779587" \| "D428999" \| "D636099").PN. OR ("9347679").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 10:59 |
| S32 | 5 | flush with (frame register) same skim | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:00 |
| S33 | 4584 | flush with (frame register) with wall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:01 |
| S34 | 31 | S33 and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:01 |
| S35 | 0 | ("2007/0232217").URPN. | USPAT | OR | ON | 2017/01/11 11:02 |
| S36 | 6 | (("20040058638") or ("5928078") or ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/11 11:03 |
| S37 | 34 | ("0674991" \| "1274996" \| "1429811" \| "1488694" \| "1911851" \| "2080726" \| "2229388" \| "2743660" \| "3232205" \| | US-PGPUB; USPAT; | OR | | 2017/01/11 11:05 |

EAST Search History

| | | | | | | |
|---|---|---|---|---|---|---|
| | | "3589265" \| "4502368" \| "4773197" \| "4773308" \| "4829886" \| "5180331" \| "5266091" \| "5503181" \| "5542223" \| "5597392" \| "5720660" \| "5947815" \| "6066044" \| "6461235").PN. OR ("6908115").URPN. | USOCR | | | |
| S38 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/11 11:14 |
| S39 | 203 | flush with mount$4 with drywall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:20 |
| S40 | 3 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 11:24 |
| S41 | 121 | flush with mount$4 same (wall drywall) and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:31 |
| S46 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/05/17 06:57 |
| S47 | 27 | ("4296280" \| "4640381").PN. OR ("5082083").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 06:57 |
| S48 | 988 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 09:58 |
| S51 | 1 | ("9765988").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 11:19 |
| S52 | 1321 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 11:34 |
| S53 | 753 | S52 and wall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 12:05 |
| S54 | 4 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/09/25 13:40 |
| S55 | 16 | ("0943298" \| "20040058638" \| "20070232217" \| "2752844" \| "5082083" \| | US-PGPUB; | OR | ON | 2017/09/25 13:43 |

| | | "5144099" \| "5863310" \| "5928078" \| "5950384" \| "6234894" \| "6908115" \| "7140960" \| "7771259" \| "9024186").PN. OR ("9765988").URPN. | USPAT; USOCR | | | |
| S56 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 13:43 |

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S42 | 779 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:34 |
| S43 | 12 | S42 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:35 |
| S44 | 1 | S42 and ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S45 | 11 | ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S49 | 793 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |
| S50 | 12 | S49 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |

9/26/2017 9:49:02 AM
C:\Users\jcotov\Documents\EAST\Workspaces\15476855.wsp

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | **Examiner** | **Art Unit** |
| | JONATHAN COTOV | 3749 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**    ☐ CPA  ☐ T.D.  ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/26/2017 | | | | | | | |
| | 1 | ✓ | | | | | | | |
| | 2 | ✓ | | | | | | | |
| | 3 | ✓ | | | | | | | |
| | 4 | ✓ | | | | | | | |
| | 5 | ✓ | | | | | | | |
| | 6 | ✓ | | | | | | | |
| | 7 | ✓ | | | | | | | |
| | 8 | ✓ | | | | | | | |
| | 9 | ✓ | | | | | | | |
| | 10 | ✓ | | | | | | | |
| | 11 | ✓ | | | | | | | |
| | 12 | ✓ | | | | | | | |
| | 13 | ✓ | | | | | | | |
| | 14 | ✓ | | | | | | | |
| | 15 | ✓ | | | | | | | |
| | 16 | ✓ | | | | | | | |
| | 17 | ✓ | | | | | | | |
| | 18 | ✓ | | | | | | | |
| | 19 | ✓ | | | | | | | |

U.S. Patent and Trademark Office

Part of Paper No. : 20170926

| ***Search Notes*** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | **Examiner** | **Art Unit** |
| | JONATHAN COTOV | 3749 |

| CPC- SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| F24F13/082, 084 | 9/26/2017 | JC |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| SEARCH NOTES | | |
|---|---|---|
| Search Notes | Date | Examiner |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
| | | | |

| /JONATHAN COTOV/ Examiner.Art Unit 3749 | |
|---|---|
| | |

U.S. Patent and Trademark Office

Part of Paper No. : 20170926

PTO/SB/08A (07-05)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

**Complete if Known**

| Application Number | |
| Filing Date | |
| First Named Inventor | L. Bruhnke et al. |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.1 | Document Number Number-Kind Code2 (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 5,082,083 | 01-21-1992 | Draffen | |
| | | US- 7,140,960 | 11-28-2006 | Pilger | |
| | | US- 7,771,259 | 08-10-2010 | Pettit | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.1 | Foreign Patent Document Country Code3 Number4 Kind Code5 (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /JONATHAN J COTOV/ | Date Considered | 09/26/2017 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

Docket: P/332-15

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of: L. Bruhnke et al.          Serial No.:      15/476,855

Filed:          March 31, 2017                          Group Art Unit: 3749

For:          DRY WALL EXTRUSION GRILLE                 Examiner: J. Cotov

                                                        Dated: October 15, 2017

Commissioner for Patents
P.O. Box 1450
Washington, D.C.  22313                                 Conf. No. 9670

## RESPONSE

The following is in response to the Office Action mailed October 4, 2017.

**Remarks** begin on page 2 of this paper.

## REMARKS

In response to the Office Action dated October 4, 2017, applicant files herewith a Terminal Disclaimer to overcome the double patenting rejection over Claims 1-23 of U.S. Patent No. 9,765,988.

Applicant believes the application is now in condition for allowance.

Respectfully submitted,

/philipmweiss/

Philip M. Weiss
Reg. No. 34,751
Attorney for Applicant
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY  11753
(516) 739-1500

2

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30658898 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho                NY            11753<br>US          516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 15-OCT-2017 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 19:09:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | 33215RESPONSE.pdf | 39070 | no | 2 |
| | | | 4f967b675ec0c1c872823669570ff5aa71f2a82 | | |

| Warnings: |
|---|

| Information: |
|---|

| | Total Files Size (in bytes): | 39070 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590        12/28/2017

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| COTOV, JONATHAN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3749 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/28/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 15/476,855 | Applicant(s) BRUHNKE ET AL. | |
|---|---|---|---|
| | Examiner JONATHAN COTOV | Art Unit 3749 | AIA (First Inventor to File) Status Yes |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>*10/15/2017*</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☒ This action is **FINAL**.   2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *1-19* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) *1-19* is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 15/476,855                                   Page 2
Art Unit: 3749

1.      The present application, filed on or after March 16, 2013, is being examined under the first
inventor to file provisions of the AIA.

## DETAILED ACTION

### Response to Arguments

2.      Applicant's arguments filed 10/15/2017 have been fully considered but they are not persuasive.
Applicant claims a Terminal Disclaimer is filed to overcome the double patenting rejection, however no
Terminal Disclaimer is filed.

### Double Patenting

3.      The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in
public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise
extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple
assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not
identical, but at least one examined application claim is not patentably distinct from the reference claim(s)
because the examined application claim is either anticipated by, or would have been obvious over, the
reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re
Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645
(Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d
438, 164 USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

        A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to
overcome an actual or provisional rejection based on nonstatutory double patenting provided the
reference application or patent either is shown to be commonly owned with the examined application, or
claims an invention made as a result of activities undertaken within the scope of a joint research
agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file
provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for
applications not subject to examination under the first inventor to file provisions of the AIA. A terminal
disclaimer must be signed in compliance with 37 CFR 1.321(b).

Application/Control Number: 15/476,855                                    Page 3
Art Unit: 3749

     The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission. For more information about eTerminal Disclaimers, refer to www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

4.     Claims 1-19 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-23 of U.S. Patent No. 9,765,988. Although the claims at issue are not identical, they are not patentably distinct from each other because they include the same subject matter and claim language with the exception of the mounting holes which would be an obvious matter of design choice to include since the flange can hold the grill by use of plaster in the flange grooves.

### Allowable Subject Matter

5.     Claims 1-19 would be allowable once the Double Patenting rejection is overcome.

### Conclusion

6.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

     A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 15/476,855                                      Page 4
Art Unit: 3749

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JONATHAN COTOV whose telephone number is (571)272-2355. The examiner can normally be reached on Monday-Thursday 7:30-4:30.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Steve McAllister can be reached on 571-272-6785. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JONATHAN COTOV/
Examiner, Art Unit 3749

/STEVEN B. MCALLISTER/
Supervisory Patent Examiner, Art Unit 3749

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | Examiner | Art Unit |
| | JONATHAN COTOV | 3749 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/26/2017 | 12/21/2017 | | | | | | | |
| | 1 | ✓ | ✓ | | | | | | | |
| | 2 | ✓ | ✓ | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | |
| | 4 | ✓ | ✓ | | | | | | | |
| | 5 | ✓ | ✓ | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | |
| | 7 | ✓ | ✓ | | | | | | | |
| | 8 | ✓ | ✓ | | | | | | | |
| | 9 | ✓ | ✓ | | | | | | | |
| | 10 | ✓ | ✓ | | | | | | | |
| | 11 | ✓ | ✓ | | | | | | | |
| | 12 | ✓ | ✓ | | | | | | | |
| | 13 | ✓ | ✓ | | | | | | | |
| | 14 | ✓ | ✓ | | | | | | | |
| | 15 | ✓ | ✓ | | | | | | | |
| | 16 | ✓ | ✓ | | | | | | | |
| | 17 | ✓ | ✓ | | | | | | | |
| | 18 | ✓ | ✓ | | | | | | | |
| | 19 | ✓ | ✓ | | | | | | | |

Part of Paper No. : 20171221

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1362 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/12/21 07:49 |
| S1 | 1060 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:45 |
| S2 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 06:46 |
| S3 | 66 | ("0465561" \| "0943298" \| "1690948" \| "2654451" \| "2679796" \| "3238860" \| "3323437" \| "3522724" \| "3636340" \| "3645044" \| "3788206" \| "3888013" \| "3955483" \| "3985158" \| "4026082" \| "4122762" \| "4258784" \| "4319520" \| "4372763" \| "4377107" \| "4558582" \| "4566724" \| "4760981" \| "4815364" \| "5100445" \| "5129690" \| "5303488" \| "5338255" \| "5338256" \| "5472380" \| "5476183" \| "5505419" \| "5716270" \| "5741030" \| "5792230" \| "5928078" \| "5950384" \| "5983496" \| "6007422" \| "6192640" \| "6234894" \| "6261174" \| "6290597" \| "6302784" \| "6494780" \| "6652375" \| "6908115" \| "D268282" \| "D453042" \| "D454949" \| "D456071" \| "D456072" \| "D475131" \| "RE37086").PN. OR ("7140960" \| "7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2015/11/30 06:47 |
| S4 | 40 | S1 and (plaster mud compound) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:53 |
| S5 | 166 | S1 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 07:12 |
| S6 | 2 | (lynne near2 bruhnke).in. | US-PGPUB; USPAT; USOCR; | OR | ON | 2015/11/30 07:14 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | EPO; JPO; DERWENT | | | | |
| S7 | 5 | (roeper near2 daniel).in. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | | 2015/11/30 07:15 |
| S8 | 6 | (("20040058638") or ("5928078") or ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | | 2015/11/30 07:31 |
| S9 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | | 2015/11/30 07:34 |
| S10 | 2479 | flush and wall and access near3 panel and screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | | 2016/06/07 09:58 |
| S11 | 10 | flush with wall with access near3 panel same screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | | 2016/06/07 09:59 |
| S12 | 151 | "454".clas. and (dry adj wall drywall) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | | 2016/06/07 10:01 |
| S13 | 46 | S12 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | | 2016/06/07 10:01 |
| S14 | 12 | ("2654451" \| "4026082" \| "4319520" \| "4566724" \| "5100445" \| "5303488" \| "5472380" \| "5928078" \| "5950384" \| "6234894" \| "6908115").PN. OR ("7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | | 2016/06/07 10:03 |
| S15 | 70 | ("0124663" \| "0674991" \| "0703409" \| "1274996" \| "1336210" \| "1429811" \| "1488694" \| "1911851" \| "2080726" \| "2104208" \| "2216420" \| "2229388" \| "2587633" \| "2743660" \| "3232205" \| "3236171" \| "3528359" \| "3559560" \| "3589265" \| "4502368" \| "4566724" \| "4773197" \| "4773308" \| "4829886" \| "5163871" \| "5180331" \| "5266091" \| "5275405" \| "5472380" \| "5503181" \| "5542223" \| "5551915" \| "5597392" \| "5720660" \| "5792230" \| "5928078" \| "5947815" \| "6019677" \| "6066044" \| "6461235" \| "D284996" \| "D338060" \| "D362059").PN. OR ("5928078" \| "6234894" \| "6908115").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | | 2016/06/07 10:05 |

| S16 | 45 | (dry adj wall drywall) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:12 |
| S17 | 2 | (dry adj wall drywall) with flush with vent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S18 | 8 | (dry adj wall drywall) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S19 | 0 | (wallboard) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S20 | 31 | (wallboard) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S21 | 5 | (("5020293") or ("5144099") or ("20090034241") or ("7607793") or ("20110283632")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2016/06/07 10:18 |
| S22 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 15:27 |
| S23 | 5 | S22 and weld$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 15:27 |
| S24 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 10:41 |
| S25 | 1157 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:42 |
| S26 | 1 | S25 and skim$4 | US-PGPUB; | OR | ON | 2017/01/11 10:49 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | | | |
| S27 | 24 | S25 and (indent indentations) | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>10:50 |
| S28 | 173 | S25 and flush | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>10:51 |
| S29 | 12 | ("2654451" \| "4026082" \| "4319520" \|<br>"4566724" \| "5100445" \| "5303488" \|<br>"5472380" \| "5928078" \| "5950384" \|<br>"6234894" \| "6908115").PN. OR<br>("7771259").URPN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/11<br>10:58 |
| S30 | 10 | ("943298").URPN. | USPAT | OR | ON | 2017/01/11<br>10:58 |
| S31 | 63 | ("0032897" \| "0254688" \| "0588133" \|<br>"0791381" \| "0892080" \| "0943298" \|<br>"1035480" \| "1336210" \| "1455464" \|<br>"1726867" \| "20040231808" \|<br>"20070056229" \| "20080188175" \|<br>"2008965" \| "2010680" \| "20130200636" \|<br>"2140935" \| "2571726" \| "2575499" \|<br>"2738953" \| "2754747" \| "3201161" \|<br>"3341971" \| "3920347" \| "3921350" \|<br>"4244768" \| "4845907" \| "4864078" \|<br>"5123776" \| "5172520" \| "5465462" \|<br>"5586837" \| "5586934" \| "5720660" \|<br>"5864990" \| "7293937" \| "7303669" \|<br>"7328478" \| "7549260" \| "7566263" \|<br>"7581655" \| "7779587" \| "D428999" \|<br>"D636099").PN. OR ("9347679").URPN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/11<br>10:59 |
| S32 | 5 | flush with (frame register) same skim | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:00 |
| S33 | 4584 | flush with (frame register) with wall | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:01 |
| S34 | 31 | S33 and skim$4 | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:01 |
| S35 | 0 | ("2007/0232217").URPN. | USPAT | OR | ON | 2017/01/11<br>11:02 |
| S36 | 6 | ((("20040058638") or ("5928078") or | US- | | OFF | 2017/01/11 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-PGPUB; USPAT; USOCR | | | 11:03 |
| S37 | 34 | ("0674991" \| "1274996" \| "1429811" \| "1488694" \| "1911851" \| "2080726" \| "2229388" \| "2743660" \| "3232205" \| "3589265" \| "4502368" \| "4773197" \| "4773308" \| "4829886" \| "5180331" \| "5266091" \| "5503181" \| "5542223" \| "5597392" \| "5720660" \| "5947815" \| "6066044" \| "6461235").PN. OR ("6908115").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 11:05 |
| S38 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/11 11:14 |
| S39 | 203 | flush with mount$4 with drywall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:20 |
| S40 | 3 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 11:24 |
| S41 | 121 | flush with mount$4 same (wall drywall) and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:31 |
| S46 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/05/17 06:57 |
| S47 | 27 | ("4296280" \| "4640381").PN. OR ("5082083").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 06:57 |
| S48 | 988 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 09:58 |
| S51 | 1 | ("9765988").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 11:19 |
| S52 | 1321 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 11:34 |
| S53 | 753 | S52 and wall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 12:05 |

| S54 | 4 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/09/25 13:40 |
| S55 | 16 | ("0943298" \| "20040058638" \| "20070232217" \| "2752844" \| "5082083" \| "5144099" \| "5863310" \| "5928078" \| "5950384" \| "6234894" \| "6908115" \| "7140960" \| "7771259" \| "9024186").PN. OR ("9765988").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/09/25 13:43 |
| S56 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 13:43 |

## EAST Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S42 | 779 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:34 |
| S43 | 12 | S42 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:35 |
| S44 | 1 | S42 and ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S45 | 11 | ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S49 | 793 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |
| S50 | 12 | S49 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |

**12/21/2017 7:50:03 AM**
**C:\Users\jcotov\Documents\EAST\Workspaces\15476855.wsp**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | **Examiner** | **Art Unit** |
| | JONATHAN COTOV | 3749 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |

### INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /JONATHAN COTOV/ Examiner.Art Unit 3749 | |
|---|---|
| | |

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | 15/470,855 |
| Filing Date | 3/31/17 |
| First Named Inventor | Daniel Roeper |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Daniel Roeper | Registration Number | |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 15/476,855 | 3/31/17 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[ ] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

OR

[✓] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[ ] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:

OR

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss | | | | |
|---|---|---|---|---|---|
| Address | 410 Jericho Turnpike, Suite 105 | | | | |
| City | Jericho | State | NY | Zip | 11753 |
| Country | US | | | | |
| Telephone | 516-789-1500 | Email | | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

[✓] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[ ] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Daniel Reaper | | |
| Title | | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B):

| Name | Registration Number |
|---|---|
| Philip M. Weiss | 34751 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA/82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | 15/476,855 |
| Filing Date | 3/31/17 |
| First Named Inventor | Lynn Bruhnke |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Lynne Bruhnke | Registration Number | |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 13/476,855 | 3/31/17 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[ ] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:

OR

[✓] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:

[ ] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:

OR

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss | | | |
|---|---|---|---|---|
| Address | 410 Jericho Turnpike, Suite 105 | | | |
| City | Jericho | State | NY | Zip | 11753 |
| Country | US | | | |
| Telephone | 516-739-1500 | Email | | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

[✓] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[ ] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Lynne Brunake | | |
| Title | | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.33, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B).

| Name | Registration Number |
|---|---|
| Philip M. Weiss | 34751 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31497434 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho          NY       11753<br>US     516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 14-JAN-2018 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 10:19:00 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | roeperpoa.pdf | 405559<br><br>06b268a5a5ca15f3010967ab88eddc6e9a876b51 | no | 3 |

| Warnings: |
|---|

| Information: |
|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Power of Attorney | bruhnkepoa.pdf | 385762<br><br>cea133589b83ae6289cfd58b1c3b7bf7db226c6c | no | 3 |

| Warnings: |
|---|

| Information: |
|---|

| | Total Files Size (in bytes): | 791321 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**POA ACCEPTANCE LETTER**

*OC000000096731688*

Date Mailed: 01/17/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 01/14/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the requirements it sets forth should be directed to the Office of Data Management, Application Assistance Unit, at **(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/ttran/

_____

PTO/SB/30 (11-17)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Request for Continued Examination (RCE) Transmittal

Address to:
Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

| | |
|---|---|
| Application Number | 15/476,855 |
| Filing Date | March 31, 2017 |
| First Named Inventor | L. Bruhnke |
| Art Unit | 3749 |
| Examiner Name | J. cotov |
| Attorney Docket Number | P/332-15 |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**

Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. ☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. ☐ Other _____

   b. ☑ Enclosed

      i. ☑ Amendment/Reply          iii. ☐ Information Disclosure Statement (IDS)

      ii. ☐ Affidavit(s)/ Declaration(s)     iv. ☐ Other _____

2. **Miscellaneous**

   a. ☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. ☐ Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. ☐ The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____

      i. ☑ RCE fee required under 37 CFR 1.17(e)

      ii. ☐ Extension of time fee (37 CFR 1.136 and 1.17)

      iii. ☐ Other _____

   b. ☐ Check in the amount of $ _____ enclosed

   c. ☐ Payment by credit card (Form PTO-2038 enclosed)   d. ☒ Payment by EFS-Web

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

| | | | |
|---|---|---|---|
| Signature | /Philip M. Weiss/ | Date | January 23, 2018 |
| Name (Print/Type) | Philip M. Weiss | Registration No. | 34751 |

### CERTIFICATE OF MAILING OR TRANSMISSION

I hereby certify that this correspondence is being EFS-Web transmitted to the United States Patent and Trademark Office (USPTO), deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the USPTO on the date shown below.

| | |
|---|---|
| Signature | |
| Name (Print/Type) | Date |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15476855 |
| **Filing Date:** | 31-Mar-2017 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

**Filing Fees for  Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| RCE- 1st Request | 2801 | 1 | 650 | 650 |
| **Total in USD ($)** | | | | **650** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31585578 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho                NY              11753<br>US          516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 23-JAN-2018 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 19:00:18 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $650 |

| RAM confirmation Number | 012418INTEFSW19015600 |
|---|---|
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 33215response2.pdf | 39992 <br> e8bd199bcf855390fdef836424489ad51b3a31fc | yes | 2 |

| | Multipart Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | Document Description | Start | | End |
| | Amendment Submitted/Entered with Filing of CPA/RCE | 1 | | 1 |
| | Claims | 2 | | 2 |

**Warnings:**

**Information:**

| 2 | Request for Continued Examination (RCE) | 33215rce3.pdf | 105109 <br> ba3460c4c4cbba99d4c6683152fcc6b4801f618d | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

This is not a USPTO supplied RCE SB30 form.

**Information:**

| 3 | Fee Worksheet (SB06) | fee-info.pdf | 30475 <br> 59d56cde4b0b6550d56a4199c7bb52d0b3cd1c53 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 175576 | | |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Docket: P/332-15

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of: L. Bruhnke et al.

Serial No.:      15/476,855

Filed:          March 31, 2017

Group Art Unit: 3749

For:            DRY WALL EXTRUSION GRILLE

Examiner: J. Cotov

Dated: January 23, 2018

Commissioner for Patents
P.O. Box 1450
Washington, D.C.  22313

*Conf. No. 9670*

## RESPONSE

The following is in response to the Office Action mailed December 28, 2017.

**Remarks** begin on page 2 of this paper.

## REMARKS

In response to the Office Action dated December 28, 2017, applicant files herewith a

Terminal Disclaimer to overcome the double patenting rejection over Claims 1-23 of U.S. Patent

No. 9,765,988.

Applicant believes the application is now in condition for allowance.

Respectfully submitted,

/philipmweiss/

Philip M. Weiss
Reg. No. 34,751
Attorney for Applicant
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753
(516) 739-1500

Doc Code: PA.
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA/82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| Application Number | 15/451,555 |
| Filing Date | 3/3/17 |
| First Named Inventor | Daniel Roeper |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## SIGNATURE of Applicant or Patent Practitioner

| Signature | *[signature]* | Date (Optional) | |
| Name | Daniel Roeper | Registration Number | |
| Title (If Applicant is a juristic entity) | | | |
| Applicant Name (If Applicant is a juristic entity) | | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐   *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 15/476,855 | 3/31/17 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[X] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: `100940`

OR

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[ ] The address associated with the above-mentioned Customer Number

OR

[ ] The address associated with Customer Number:

OR

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss | | |
|---|---|---|---|
| Address | 410 Jericho Turnpike, Suite 105 | | |
| City | Jericho | State | NY | Zip | 11753 |
| Country | US | | |
| Telephone | 516-209-1900 | Email | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

[X] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[ ] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Daniel Reape | | |
| Title | | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[ ] *Total of _____ forms are submitted.*

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B).

| Name | Registration Number |
|---|---|
| Philip M. Weiss | 34751 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**POA ACCEPTANCE LETTER**

OC000000096731688

Date Mailed: 01/17/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 01/14/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/ttran/

page 1 of 1

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA/82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | 15/476,855 |
| Filing Date | 3/31/17 |
| First Named Inventor | Lynn Bruhnke |
| Title | DRY WALL EXTRUSION GRILLE |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | P/332-15 |

## SIGNATURE of Applicant or Patent Practitioner

| | | | |
|---|---|---|---|
| Signature | | Date (Optional) | |
| Name | Lynne Bruhnke | Registration Number | |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

NOTE: This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ *Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in either the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 15/476,855 | 3/31/17 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

☒ I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above.

| 100440 |
|---|

OR

☐ I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:

☐ The address associated with the above-mentioned Customer Number

OR

☐ The address associated with Customer Number:

OR

| Firm or Individual Name | Philip M. Weiss, Weiss & Weiss |
|---|---|
| Address | 410 Jericho Turnpike, Suite 105 |
| City | Jericho | State | NY | Zip | 11763 |
| Country | US | | | | |
| Telephone | 516-739-1500 | Email | |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

☒ Inventor or Joint Inventor (title not required below)

☐ Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

☐ Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

☐ Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

## SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | | Date (Optional) | |
|---|---|---|---|
| Name | Lynn Shumake | | |
| Title | | | |

NOTE: Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

☐ Total of _____ forms are submitted.

The collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/AIA/82C (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

No more than ten (10) patent practitioners total may be appointed as set forth below by name and registration number. This page need not be submitted if appointing the Patent Practitioner(s) associated with a Customer Number (see form PTO/AIA/82B).

| Name | Registration Number |
|------|---------------------|
| Philip M. Weiss | 24751 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31772887 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho                    NY            11753<br>US            516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 13-FEB-2018 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 10:24:09 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | roeperpoa2.pdf | 489151 <br><br> a1ae18c82cfd09a63c962091ca126711a8908302 | no | 4 |

| Warnings: |
|---|

| Information: |
|---|

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 2 | Power of Attorney | bruhnkepoa2.pdf | 435349 <br><br> 70b70afb35be7627d83daeabb47dd6a16e7f9038 | no | 3 |

| Warnings: |
|---|

| Information: |
|---|

| | Total Files Size (in bytes): | 924500 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**POA ACCEPTANCE LETTER**

*OC000000097455401*

Date Mailed: 02/15/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 02/13/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/zabraha/

_____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 |

**CONFIRMATION NO. 9670**

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

**POWER OF ATTORNEY NOTICE**


*OC000000097455310*

Date Mailed: 02/15/2018

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 02/13/2018.

- The Power of Attorney to you in this application has been revoked by the applicant. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/zabraha/

_____

page 1 of 1

PTO/SB/26

**Doc Code: DIST.E.FILE**
**Document Description: Electronic Terminal Disclaimer - Filed**

U.S. Patent and Trademark Office
Department of Commerce

| | |
|---|---|
| Electronic Petition Request | **TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A "PRIOR" PATENT** |
| Application Number | 15476855 |
| Filing Date | 31-Mar-2017 |
| First Named Inventor | Lynne Bruhnke |
| Attorney Docket Number | P/332-15 |
| Title of Invention | DRY WALL EXTRUSION GRILLE |

☒ Filing of terminal disclaimer does not obviate requirement for response under 37 CFR 1.111 to outstanding Office Action

☒ This electronic Terminal Disclaimer is not being used for a Joint Research Agreement.

| Owner | Percent Interest |
|---|---|
| OEMETRIX, L.L.C. | 100% |

The owner(s) with percent interest listed above in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of prior patent number(s)

9765988

as the term of said prior patent is presently shortened by any terminal disclaimer. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of the term of any patent granted on the instant application that would extend to the expiration date of the full statutory term of the prior patent, "as the term of said prior patent is presently shortened by any terminal disclaimer," in the event that said prior patent later:
- expires for failure to pay a maintenance fee;
- is held unenforceable;
- is found invalid by a court of competent jurisdiction;
- is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321;
- has all claims canceled by a reexamination certificate;
- is reissued; or
- is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

⦿ Terminal disclaimer fee under 37 CFR 1.20(d) is included with Electronic Terminal Disclaimer request.

○ I certify, in accordance with 37 CFR 1.4(d)(4), that the terminal disclaimer fee under 37 CFR 1.20(d) required for this terminal disclaimer has already been paid in the above-identified application.

Applicant claims the following fee status:

◉ Small Entity

○ Micro Entity

○ Regular Undiscounted

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

THIS PORTION MUST BE COMPLETED BY THE SIGNATORY OR SIGNATORIES

I certify, in accordance with 37 CFR 1.4(d)(4) that I am:

◉ An attorney or agent registered to practice before the Patent and Trademark Office who is of record in this application

   Registration Number   34751

○ A sole inventor

○ A joint inventor; I certify that I am authorized to sign this submission on behalf of all of the inventors as evidenced by the power of attorney in the application

○ A joint inventor; all of whom are signing this request

| Signature | /Philip M. Weiss/ |
|---|---|
| Name | Philip M. Weiss |

*Statement under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee (owner).
Form PTO/SB/96 may be used for making this certification. See MPEP § 324.

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15476855 |
| **Filing Date:** | 31-Mar-2017 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

Filing Fees for   Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| STATUTORY OR TERMINAL DISCLAIMER | 2814 | 1 | 160 | 160 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **160** |

Doc Code: DISQ.E.FILE
Document Description: Electronic Terminal Disclaimer – Approved


Application No.:  15476855

Filing Date:          31-Mar-2017

Applicant/Patent under Reexamination:       Bruhnke


Electronic Terminal Disclaimer filed on    February 18, 2018


☒   APPROVED

       **This patent is subject to a terminal disclaimer**


☐   DISAPPROVED


Approved/Disapproved by:  Electronic Terminal Disclaimer automatically approved by EFS-Web


U.S. Patent and Trademark Office

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 31816715 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho        NY        11753<br>-     -<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 18-FEB-2018 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 17:59:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $160 |

Page 118 of 296

| RAM confirmation Number | 022018INTEFSW17592600 |
|---|---|
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Terminal Disclaimer-Filed (Electronic) | eTerminal-Disclaimer.pdf | 33525 <br><br> 6a2d462d764147e6b5b4abdf9973b61118 7ba175 | no | 2 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30405 <br><br> 98713698ed16f4f5d0eea855b6bd847c293 12ac3 | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 63930 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590   02/22/2018

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| COTOV, JONATHAN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3749 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/22/2018 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.**<br>15/476,855 | **Applicant(s)**<br>BRUHNKE ET AL. | |
|---|---|---|---|
| | **Examiner**<br>JONATHAN COTOV | **Art Unit**<br>3749 | **AIA (First Inventor to File) Status**<br>Yes |

| *-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --* |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *1/23/2018*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**      2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *1-19* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) *1-19* is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on *3/31/2017* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All  b) ☐ Some**  c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

Application/Control Number: 15/476,855                                                  Page 2

Art Unit: 3749

1)   The present application, filed on or after March 16, 2013, is being examined under the first inventor to

    file provisions of the AIA.

**DETAILED ACTION**

***Claim Rejections - 35 USC § 112***

1.       The following is a quotation of 35 U.S.C. 112(b):
(b)  CONCLUSION.—The specification shall conclude with one or more claims particularly
pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
regards as the invention.


The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.


2.       Claims 9 and 11 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second

paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter

which the inventor or a joint inventor, or for pre-AIA the applicant regards as the invention.

3.       Regarding claim 9, it is unclear how the grille is "used with a…core" and what constitutes a "core"

as the specification does not provide any further information about the core. The claim has been

examined as best understood to mean the louver area.

4.       Regarding claim 11, it is unclear what is meant by "the frame being extended". The claim has

been examined as best understood to mean the frame extends in a direction.

5.       Claims 12 and 13 are also rejected for their incorporation of claim 11.


***Claim Rejections - 35 USC § 103***

6.       The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections

set forth in this Office action:

A patent for a claimed invention may not be obtained, notwithstanding that the claimed
invention is not identically disclosed as set forth in section 102, if the differences between the
claimed invention and the prior art are such that the claimed invention as a whole would have
been obvious before the effective filing date of the claimed invention to a person having
ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
negated by the manner in which the invention was made.

Application/Control Number: 15/476,855                                                      Page 3

Art Unit: 3749

7.      Claims 1-2, 8-12 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest (US

2,956,496) in view of Larson (US 6,705,052) and further in view of Davis (US 2007/0232217).

8.      Regarding claim 1, Simblest teaches a dry wall extrusion grill comprising:

a frame (10, figures 1-2);

a linear bar grille (11, figures 1-2) located in said frame comprised of vanes (11, figures 1-2) that direct a

flow of air;

a flexible (aluminum; col 1 lines 15-17) mounting flange (12, figures 1-2) located between a top and

bottom edge of the frame (as seen in figure 2) extending outwardly from said frame;

Simblest does not teach indented slots which are defined as small recesses in said flexible mounting

flange that receive plaster, joint compound or mud.

Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with indented slots (30, figure

2) in a mounting flange (24, figure 2) for receiving plaster, joint compound, or mud (column 2 lines 17-22).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the

claimed invention to have modified the mounting flange as taught by Simblest by including the indented

slots as taught by Larson in order to provide additional high surface area to which finishing materials can

adhere (column 2 lines 20-23).

Simblest also does not teach that the linear bar grille comprises cross members.

Davis teaches a grille comprising vanes (horizontal members not numbered figure 5) and cross members

(34, figure 5).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the

claimed invention to have modified the grille as taught by Simblest by including the cross members as

taught by Davis in order to provide vane support over long openings so the openings retain their designed

shape over the length of the opening (paragraph 0022).

9.      Regarding claim 2, the combination of Simblest, Larson, and Davis teach the limitations of claim 1

above.

Simblest further teaches that the mounting flange is fastened to a wall or ceiling with pre-perforated

through holes (holes seen in flange in figure 1) (wall mounting column 2 lines 13-16).

Application/Control Number: 15/476,855

Page 4

Art Unit: 3749

10.    Regarding claim 8, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above.

Simblest is silent as to the dimension of the grille extending into an opening.

Larson further teaches extending a vent about 3/4" deep (column 2 lines 40-51) into an opening so that the vent is installed in a wall board ranging from about 1/4" to about 3/4" thick.

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the depth of the grille as taught by Simblest to be about 3/4" deep as taught by Larson in order to be installed in most applications without contacting supports (column 2 lines 40-51).

11.    Regarding claim 9, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above.

Simblest further teaches that the grille uses a fixed core (as understood by 112 rejection above, the louvers are fixed at 11b, figure 2).

12.    Regarding claim 10, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above.

The combination further teaches that the grille is mounted, so that the entire frame and grille are flush to a wall providing a seamless installation (as taught by Simblest figure 2 and when using the compound as taught by Larson).

13.    Regarding claim 11, Simblest teaches a dry wall extrusion grill comprising:

a frame (10, figures 1-2);

a linear bar grille (11, figures 1-2) located in said frame comprised of vanes (11, figures 1-2) that direct a flow of air;

through holes (not numbered, holes seen in figures 1-2 where 20 extend through) located in a flexible (aluminum; col 1 lines 15-17) mounting flange (12, figures 1-2);

said flexible mounting flange located between a top and bottom edge of the frame (as seen in figure 2) extending outwardly from said frame;

said frame being extending (extends in a depth direction as seen in figure 2).

Application/Control Number: 15/476,855                                    Page 5
Art Unit: 3749

Simblest does not teach indented slots which are defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud.

Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with indented slots (30, figure 2) in a mounting flange (24, figure 2) for receiving plaster, joint compound, or mud (column 2 lines 17-22). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the mounting flange as taught by Simblest by including the indented slots as taught by Larson in order to provide additional high surface area to which finishing materials can adhere (column 2 lines 20-23).

Simblest also does not teach that the linear bar grille comprises cross members.

Davis teaches a grille comprising vanes (horizontal members not numbered figure 5) and cross members (34, figure 5).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the grille as taught by Simblest by including the cross members as taught by Davis in order to provide vane support over long openings so the openings retain their designed shape over the length of the opening (paragraph 0022).

14.     Regarding claim 12, the combination of Simblest, Larson, and Davis teach the limitations of claim 11 above. Simblest is silent as to the depth to which the frame extends being 3/4".

However, it would have been an obvious matter of design choice to modify the extension of the frame to be 3/4" since the present application does not show that the extension solves a particular problem or is for any specific purpose and because it appears that the extension length of Simblest would function equally well in either configuration.


15.     Claims 3 and 6 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, and Davis as applied to claim 1 above, and further in view of Goracke (US 6,234,894).

16.     Regarding claim 3, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above. Simblest does not teach using sheet rock screws (although does teach nails or other suitable fasteners 20, column 2 lines 58-61).

Application/Control Number: 15/476,855                                                Page 6

Art Unit: 3749

Goaracke teaches a vent comprising a frame (12, figure 1) with a flange (8, figure 1) with holes (7, figure 1) which are attached with screws or nails (column 3 lines 15-18).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the fastener type as taught by Simblest by using screws as taught by Goracke as it is the use of a known fastener to provide easy attachment and removal if desired.

17.     Regarding claim 6, the combination of Simblest, Larson, Davis, and Goracke teach the limitations of claim 3 above.

The combination teaches that the frame is installed with the sheet rocks screws before plaster or a joint compound is applied (as Larson teaches using the compound as a finishing technique after using fasteners column 2 lines 10-23).


18.     Claims 4-5, 7 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, and Davis as applied to claim 1 above, and further in view of Koval (US 3,645,195).

19.     Regarding claims 4-5, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above. Simblest does not teach that the frame is constructed of mitered pieces and welded together.

Koval teaches a ventilation louver comprising a frame (2, figure 1) which is constructed of mitered pieces and welded together (column 1 lines 60-62).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame construction method as taught by Simblest by using mitered pieces which are welded together as it is the use of a known technique to attach metal pieces together to a form a frame which has a high structural integrity.

20.     Regarding claim 7, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above. Simblest does not teach that the grill is constructed by welding.

Koval teaches a ventilation louver comprising a frame (2, figure 1) which is constructed of pieces welded together (column 1 lines 60-62).

Application/Control Number: 15/476,855                                    Page 7

Art Unit: 3749

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame construction method as taught by Simblest by welding the pieces together as it is the use of a known technique to attach metal pieces together to a form a ventilation unit which has a high structural integrity.


21.     Claim 13 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, and Davis as applied to claim 11 above, and further in view of Orendorff (US 6,227,962).

Regarding claim 13, the combination of Simblest, Larson, and Davis teach the limitations of claim 11 above. Simblest does not teach that the frame has attached filter clips.

Orendorff teaches a vent grille comprising a frame which has filter clips (140, 142) for attaching a filter (120).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame as taught by Simblest by including the filter clips as taught by Orendorff in order to attach a filter for removing contaminants from the air.


22.     Claims 14, 16-19 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest (US 2,956,496) in view of Larson (US 6,705,052) and further in view of Davis (US 2007/0232217) and further in view of Pettit (US 7,771,259).

23.     Regarding claim 14, Simblest teaches a dry wall extrusion grill comprising:

a frame (10, figures 1-2);

a linear bar grille (11, figures 1-2) located in said frame comprised of vanes (11, figures 1-2) that direct a flow of air;

through holes (not numbered, holes seen in figures 1-2 where 20 extend through) located in a flexible (aluminum; col 1 lines 15-17) mounting flange (12, figures 1-2);

said flexible mounting flange located between a top and bottom edge of the frame (as seen in figure 2) extending outwardly from said frame.

Application/Control Number: 15/476,855                                          Page 8

Art Unit: 3749

Simblest does not teach indented slots which are defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud.

Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with indented slots (30, figure 2) in a mounting flange (24, figure 2) for receiving plaster, joint compound, or mud (column 2 lines 17-22). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the mounting flange as taught by Simblest by including the indented slots as taught by Larson in order to provide additional high surface area to which finishing materials can adhere (column 2 lines 20-23).

Simblest also does not teach that the linear bar grille comprises cross members.

Davis teaches a grille comprising vanes (horizontal members not numbered figure 5) and cross members (34, figure 5).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the grille as taught by Simblest by including the cross members as taught by Davis in order to provide vane support over long openings so the openings retain their designed shape over the length of the opening (paragraph 0022).

Simblest also does not teach mounting strips attached to a bottom of said frame.

Pettit teaches a flush mount register comprising a frame (generally 12 or 14 in figure 4, 70 in figures 5-6) with mounting strips (60, figures 5-6) attached to the bottom of the frame.

It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame as taught by Simblest by including the mounting strips as taught by Pettit in order to allow for easy removal of the grille for access to the aperture in the wall and easy reinstallation of the grill.

24.     Regarding claim 16 the combination of Simblest, Larson, Davis, and Pettit teach the limitations of claim 14 above. The combination further teaches that the mounting strips are made as an integral part of the frame in a one piece extrusion (as shown in figures 5-6 of Pettit and abstract of Pettit).

25.     Regarding claims 17-18 the combination of Simblest, Larson, Davis, and Pettit teach the limitations of claim 14 above.

Application/Control Number: 15/476,855

Page 9

Art Unit: 3749

The combination further teaches that an attachment device (5 and 7, figure 6 Pettit) for attaching said

linear bar grille (20, figures 5-6 in Pettit for reference) wherein the device includes mechanical fasteners

(5, figures 5-6 Pettit) and threated inserts (7, figure 6 Pettit) in said mounting strips to be used with

mechanical fasteners (figure 6 Pettit).

26.     Regarding claim 19 the combination of Simblest, Larson, Davis, and Pettit teach the limitations of

claim 14 above. Larson further teaches various style and depth angled edges to capture plaster or joint

compound (as seen in Larson figure 2).


27.     Claim 15 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, Davis,

and Pettit as applied to claim 14 above, and further in view of Koval (US 3,645,195).

28.     Regarding claim 15, the combination of Simblest, Larson, Davis, and Pettit teach the limitations of

claim 14 above. Simblest does not teach that the grill is constructed by welding and therefore welding the

mounting strips.

Koval teaches a ventilation louver comprising a frame (2, figure 1) which is constructed of pieces welded

together (column 1 lines 60-62).

It would have been obvious to one having ordinary skill in the art before the effective filing date of the

claimed invention to have modified the frame construction method as taught by Simblest by welding the

pieces together as it is the use of a known technique to attach metal pieces together to a form a

ventilation unit which has a high structural integrity.


### Response to Arguments

1.     Applicant's arguments filed 1/23/2018 have been fully considered but they are not persuasive.

Applicant claims a Terminal Disclaimer is filed to overcome the double patenting rejection, however no

Terminal Disclaimer is filed.

### Double Patenting

2.     The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in

public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise

Application/Control Number: 15/476,855                                    Page 10

Art Unit: 3749

extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple

assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not

identical, but at least one examined application claim is not patentably distinct from the reference claim(s)

because the examined application claim is either anticipated by, or would have been obvious over, the

reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re*

*Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645

(Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d

438, 164 USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to

overcome an actual or provisional rejection based on nonstatutory double patenting provided the

reference application or patent either is shown to be commonly owned with the examined application, or

claims an invention made as a result of activities undertaken within the scope of a joint research

agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for

applications not subject to examination under the first inventor to file provisions of the AIA. A terminal

disclaimer must be signed in compliance with 37 CFR 1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit

www.uspto.gov/patent/patents-forms. The filing date of the application in which the form is filed

determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A

web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal

Disclaimer that meets all requirements is auto-processed and approved immediately upon submission.

For more information about eTerminal Disclaimers, refer to

www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

Claims 1-19 are rejected on the ground of nonstatutory double patenting as being unpatentable over

claims 1-23 of U.S. Patent No. 9,765,988. Although the claims at issue are not identical, they are not

patentably distinct from each other because they include the same subject matter and claim language

Application/Control Number: 15/476,855                                        Page 11
Art Unit: 3749

with the exception of the mounting holes which would be an obvious matter of design choice to include since the flange can hold the grill by use of plaster in the flange grooves.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JONATHAN COTOV whose telephone number is (571)272-2355.  The examiner can normally be reached on Monday-Thursday 7:30-4:30.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Steve McAllister can be reached on 571-272-6785.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JONATHAN COTOV/
Examiner, Art Unit 3749

/STEVEN B. MCALLISTER/
Supervisory Patent Examiner, Art Unit 3749

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 15/476,855 | BRUHNKE ET AL. |
| | | Examiner | Art Unit | Page 1 of 2 |
| | | JONATHAN COTOV | 3749 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-943,298 A | 12-1909 | Name not available | F24F13/08 | 454/332 |
| * | B | US-2,464,442 A | 03-1949 | DE ROO WILLIAM C | F24F13/08 | 454/331 |
| * | C | US-2,752,844 A | 07-1956 | SIMBLEST ALLEN L | F24F13/08 | 454/277 |
| * | D | US-2,956,496 A | 10-1960 | SIMBLEST ALLEN L | F24F13/08 | 454/283 |
| * | E | US-3,645,195 A | 02-1972 | Koval; Robert J. | F24F13/08 | 454/277 |
| * | F | US-5,144,099 A | 09-1992 | Cardy; Ronald | E04F19/08 | 174/66 |
| * | G | US-5,863,310 A | 01-1999 | Brown; Barbara L. | B01D46/0005 | 454/284 |
| * | H | US-5,928,078 A | 07-1999 | Moore; Michael A. | F24F13/068 | 285/341 |
| * | I | US-5,950,384 A | 09-1999 | Aarness; James C. | F24F13/075 | 454/277 |
| * | J | US-6,234,894 B1 | 05-2001 | Goracke; Mark A. | F24F13/082 | 454/290 |
| * | K | US-6,234,893 B1 | 05-2001 | Meredith; Jerry R. | F24F13/085 | 454/289 |
| * | L | US-6,227,962 B1 | 05-2001 | Orendorff; Gary R. | F24F13/082 | 454/289 |
| * | M | US-2004/0058638 A1 | 03-2004 | Achen, John J. | F24F13/082 | 454/277 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20180213

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 15/476,855 | BRUHNKE ET AL. |
| | | Examiner | Art Unit | |
| | | JONATHAN COTOV | 3749 | Page 2 of 2 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-6,705,052 B1 | 03-2004 | Larson; John A. | E04D13/178 | 52/302.1 |
| * | B | US-6,908,115 B2 | 06-2005 | Synder; Darryl L. | F24F13/084 | 285/189 |
| * | C | US-7,140,960 B2 | 11-2006 | Pilger; Allan | F24F13/06 | 454/331 |
| * | D | US-2007/0232217 A1 | 10-2007 | Davis; Michael C. | F24F13/082 | 454/330 |
| * | E | US-7,510,153 B2 | 03-2009 | Hendricks; Robert | E04F17/04 | 248/222.41 |
| * | F | US-7,640,710 B1 | 01-2010 | McAtee; Joseph P. | F24F13/084 | 454/277 |
| * | G | US-7,771,259 B2 | 08-2010 | Pettit; Michael | F24F13/084 | 454/289 |
| * | H | US-9,024,186 B1 | 05-2015 | Gonzalez; Brian | H02G3/14 | 174/66 |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20180213

| ***Search Notes*** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | **Examiner** | **Art Unit** |
| | JONATHAN COTOV | 3749 |

| **CPC- SEARCHED** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |
| F24F13/082, 084 | 2/13/2018 | JC |

| **CPC COMBINATION SETS  - SEARCHED** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US CLASSIFICATION SEARCHED** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **SEARCH NOTES** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |
| updated class search | 2/13/2018 | JC |

| **INTERFERENCE SEARCH** | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

| /JONATHAN COTOV/ Examiner.Art Unit 3749 | |
|---|---|
| | |

U.S. Patent and Trademark Office

Part of Paper No. : 20180213

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15476855 | BRUHNKE ET AL. |
| | **Examiner** | **Art Unit** |
| | JONATHAN COTOV | 3749 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/26/2017 | 12/21/2017 | 02/13/2018 | | | | | |
| | 1 | ✓ | ✓ | ✓ | | | | | |
| | 2 | ✓ | ✓ | ✓ | | | | | |
| | 3 | ✓ | ✓ | ✓ | | | | | |
| | 4 | ✓ | ✓ | ✓ | | | | | |
| | 5 | ✓ | ✓ | ✓ | | | | | |
| | 6 | ✓ | ✓ | ✓ | | | | | |
| | 7 | ✓ | ✓ | ✓ | | | | | |
| | 8 | ✓ | ✓ | ✓ | | | | | |
| | 9 | ✓ | ✓ | ✓ | | | | | |
| | 10 | ✓ | ✓ | ✓ | | | | | |
| | 11 | ✓ | ✓ | ✓ | | | | | |
| | 12 | ✓ | ✓ | ✓ | | | | | |
| | 13 | ✓ | ✓ | ✓ | | | | | |
| | 14 | ✓ | ✓ | ✓ | | | | | |
| | 15 | ✓ | ✓ | ✓ | | | | | |
| | 16 | ✓ | ✓ | ✓ | | | | | |
| | 17 | ✓ | ✓ | ✓ | | | | | |
| | 18 | ✓ | ✓ | ✓ | | | | | |
| | 19 | ✓ | ✓ | ✓ | | | | | |

U.S. Patent and Trademark Office                                                 Part of Paper No. : 20180213

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 500 | "454".clas. and flush with (mount mounted mounting) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 07:22 |
| L2 | 14 | ("2654451" \| "4026082" \| "4319520" \| "4566724" \| "5100445" \| "5303488" \| "5472380" \| "5928078" \| "5950384" \| "6234894" \| "6908115").PN. OR ("7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:26 |
| L3 | 23 | ("2575499" \| "3930797" \| "5141707" \| "5176570" \| "5616076" \| "5674124" \| "5792230" \| "5947815").PN. OR ("6234893").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:33 |
| L4 | 24 | ("5733191" \| "6234893" \| "6506113" \| "8142265" \| "8419515" \| "D298053" \| "D298276" \| "D298853" \| "D338713" \| "D362059" \| "D382049" \| "D393708" \| "D394901" \| "D402356" \| "D449880" \| "D494265" \| "D494669" \| "D496992" \| "D609800" \| "D618779").PN. OR ("D736366").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:33 |
| L5 | 21 | ("1652128" \| "1657625" \| "2382075" \| "2956496" \| "3021778" \| "3086442" \| "3580160" \| "D122696" \| "D201933").PN. OR ("D298053").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:35 |
| L6 | 9 | ("2956496").URPN. | USPAT | OR | ON | 2018/02/13 07:35 |
| L7 | 315 | F24F13/084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 07:48 |
| L8 | 1199 | F24F7/00.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 07:48 |
| L9 | 118 | (7 8) and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 07:48 |
| L10 | 2 | (("6705052") or ("7510153")).PN. | US-PGPUB; USPAT; | OR | OFF | 2018/02/13 07:50 |

| L11 | 2 | ((("9765988") or ("9347679")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2018/02/13 07:53 |
|-----|-----|-----|-----|-----|-----|-----|
| L12 | 65 | ("0032897" \| "0254688" \| "0588133" \| "0791381" \| "0892080" \| "0943298" \| "1035480" \| "1336210" \| "1455464" \| "1726867" \| "20040231808" \| "20070056229" \| "20080188175" \| "2008965" \| "2010680" \| "20130200636" \| "2140935" \| "2571726" \| "2575499" \| "2738953" \| "2754747" \| "3201161" \| "3341971" \| "3920347" \| "3921350" \| "4244768" \| "4845907" \| "4864078" \| "5123776" \| "5172520" \| "5465462" \| "5586837" \| "5586934" \| "5720660" \| "5864990" \| "7293937" \| "7303669" \| "7328478" \| "7549260" \| "7566263" \| "7581655" \| "7779587" \| "D428999" \| "D636099").PN. OR ("9347679").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:53 |
| L13 | 2 | "20130130612" | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 07:58 |
| L14 | 28 | ("3204374" \| "3777649" \| "4007672" \| "4195455" \| "5195283" \| "5243793" \| "5414965" \| "5797220" \| "5799446" \| "5881502" \| "5937592" \| "5950375" \| "6354045").PN. OR ("6705052").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 07:59 |
| L15 | 1129 | F24F13/082.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 09:13 |
| L16 | 93 | F24F2013/088.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 09:13 |
| L17 | 58 | 15 and linear | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 09:14 |
| L18 | 22 | ("2464442" \| "2879706").PN. OR ("3589265").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 09:15 |
| L19 | 184 | 15 and aluminum | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 09:32 |

| L25 | 283 | 15 and screws | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 10:08 |
|-----|-----|---------------|------|----|----|------|
| L26 | 4 | 15 and screws with (sheet adj rock sheetrock) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 10:08 |
| L27 | 6 | 15 and miter$4 and weld$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 11:10 |
| L28 | 179 | 15 and weld$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 11:15 |
| L29 | 3 | 15 and (entirely fully) near5 weld$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 11:18 |
| L30 | 25 | "454".clas. and (entirely fully) near5 weld$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 11:18 |
| L31 | 20 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$ or US-9024186-$ or US-6234893-$ or US-2956496-$ or US-6705052-$ or US-7510153-$ or US-7640710-$ or US-2464442-$ or US-3645195-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/13 11:22 |
| L32 | 7 | 31 and inches | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 11:22 |
| L33 | 1 | 31 and filter and clip | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 12:04 |
| L34 | 3 | 31 and filter | US-PGPUB; USPAT; | OR | ON | 2018/02/13 12:04 |

| | | | USOCR; EPO; JPO; DERWENT | | | |
|---|---|---|---|---|---|---|
| L35 | 19 | 15 and filter and clip | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2018/02/13 12:05 |
| S1 | 1060 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:45 |
| S2 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 06:46 |
| S3 | 66 | ("0465561" \| "0943298" \| "1690948" \| "2654451" \| "2679796" \| "3238860" \| "3323437" \| "3522724" \| "3636340" \| "3645044" \| "3788206" \| "3888013" \| "3955483" \| "3985158" \| "4026082" \| "4122762" \| "4258784" \| "4319520" \| "4372763" \| "4377107" \| "4558582" \| "4566724" \| "4760981" \| "4815364" \| "5100445" \| "5129690" \| "5303488" \| "5338255" \| "5338256" \| "5472380" \| "5476183" \| "5505419" \| "5716270" \| "5741030" \| "5792230" \| "5928078" \| "5950384" \| "5983496" \| "6007422" \| "6192640" \| "6234894" \| "6261174" \| "6290597" \| "6302784" \| "6494780" \| "6652375" \| "6908115" \| "D268282" \| "D453042" \| "D454949" \| "D456071" \| "D456072" \| "D475131" \| "RE37086").PN. OR ("7140960" \| "7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2015/11/30 06:47 |
| S4 | 40 | S1 and (plaster mud compound) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 06:53 |
| S5 | 166 | S1 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 07:12 |
| S6 | 2 | (lynne near2 bruhnke).in. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2015/11/30 07:14 |
| S7 | 5 | (roeper near2 daniel).in. | US-PGPUB; USPAT; USOCR; EPO; JPO; | OR | ON | 2015/11/30 07:15 |

| S8 | 6 | (("20040058638") or ("5928078") or ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 07:31 |
|---|---|---|---|---|---|---|
| S9 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2015/11/30 07:34 |
| S10 | 2479 | flush and wall and access near3 panel and screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 09:58 |
| S11 | 10 | flush with wall with access near3 panel same screw | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 09:59 |
| S12 | 151 | "454".clas. and (dry adj wall drywall) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:01 |
| S13 | 46 | S12 and flush | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:01 |
| S14 | 12 | ("2654451" | "4026082" | "4319520" | "4566724" | "5100445" | "5303488" | "5472380" | "5928078" | "5950384" | "6234894" | "6908115").PN. OR ("7771259").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 10:03 |
| S15 | 70 | ("0124663" | "0674991" | "0703409" | "1274996" | "1336210" | "1429811" | "1488694" | "1911851" | "2080726" | "2104208" | "2216420" | "2229388" | "2587633" | "2743660" | "3232205" | "3236171" | "3528359" | "3559560" | "3589265" | "4502368" | "4566724" | "4773197" | "4773308" | "4829886" | "5163871" | "5180331" | "5266091" | "5275405" | "5472380" | "5503181" | "5542223" | "5551915" | "5597392" | "5720660" | "5792230" | "5928078" | "5947815" | "6019677" | "6066044" | "6461235" | "D284996" | "D338060" | "D362059").PN. OR ("5928078" | "6234894" | "6908115").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 10:05 |
| S16 | 45 | (dry adj wall drywall) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:12 |

| S17 | 2 | (dry adj wall drywall) with flush with vent | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S18 | 8 | (dry adj wall drywall) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:13 |
| S19 | 0 | (wallboard) with flush with (register grill) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S20 | 31 | (wallboard) with flush with frame | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 10:17 |
| S21 | 5 | (("5020293") or ("5144099") or ("20090034241") or ("7607793") or ("20110283632")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2016/06/07 10:18 |
| S22 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2016/06/07 15:27 |
| S23 | 5 | S22 and weld$3 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2016/06/07 15:27 |
| S24 | 12 | (US-20070232217-$ or US-20040058638-$).did. or (US-7771259-$ or US-7140960-$ or US-0943298-$ or US-5950384-$ or US-6908115-$ or US-6234894-$ or US-5928078-$ or US-5863310-$ or US-5144099-$).did. or (US-2752844-$).did. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 10:41 |
| S25 | 1157 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:42 |
| S26 | 1 | S25 and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 10:49 |
| S27 | 24 | S25 and (indent indentations) | US-PGPUB; | OR | ON | 2017/01/11 10:50 |

| | | | USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | | | |
|------|------|------|------|------|------|------|
| S28 | 173 | S25 and flush | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>10:51 |
| S29 | 12 | ("2654451" \| "4026082" \| "4319520" \| "4566724" \| "5100445" \| "5303488" \| "5472380" \| "5928078" \| "5950384" \| "6234894" \| "6908115").PN. OR ("7771259").URPN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/11<br>10:58 |
| S30 | 10 | ("943298").URPN. | USPAT | OR | ON | 2017/01/11<br>10:58 |
| S31 | 63 | ("0032897" \| "0254688" \| "0588133" \| "0791381" \| "0892080" \| "0943298" \| "1035480" \| "1336210" \| "1455464" \| "1726867" \| "20040231808" \| "20070056229" \| "20080188175" \| "2008965" \| "2010680" \| "20130200636" \| "2140935" \| "2571726" \| "2575499" \| "2738953" \| "2754747" \| "3201161" \| "3341971" \| "3920347" \| "3921350" \| "4244768" \| "4845907" \| "4864078" \| "5123776" \| "5172520" \| "5465462" \| "5586837" \| "5586934" \| "5720660" \| "5864990" \| "7293937" \| "7303669" \| "7328478" \| "7549260" \| "7566263" \| "7581655" \| "7779587" \| "D428999" \| "D636099").PN. OR ("9347679").URPN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/11<br>10:59 |
| S32 | 5 | flush with (frame register) same skim | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:00 |
| S33 | 4584 | flush with (frame register) with wall | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:01 |
| S34 | 31 | S33 and skim$4 | US-<br>PGPUB;<br>USPAT;<br>USOCR;<br>EPO; JPO;<br>DERWENT | OR | ON | 2017/01/11<br>11:01 |
| S35 | 0 | ("2007/0232217").URPN. | USPAT | OR | ON | 2017/01/11<br>11:02 |
| S36 | 6 | ((("20040058638") or ("5928078") or ("5487701") or ("5472380") or ("4274330") or ("4026082")).PN. | US-<br>PGPUB;<br>USPAT;<br>USOCR | OR | OFF | 2017/01/11<br>11:03 |
| S37 | 34 | ("0674991" \| "1274996" \| "1429811" \| "1488694" \| "1911851" \| "2080726" \| "2229388" \| "2743660" \| "3232205" \| | US-<br>PGPUB;<br>USPAT; | OR | | 2017/01/11<br>11:05 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | "3589265" \| "4502368" \| "4773197" \| "4773308" \| "4829886" \| "5180331" \| "5266091" \| "5503181" \| "5542223" \| "5597392" \| "5720660" \| "5947815" \| "6066044" \| "6461235").PN. OR ("6908115").URPN. | USOCR | | | |
| S38 | 13 | (("1761250") or ("1855294") or ("2752844") or ("3249038") or ("3847175") or ("4567816") or ("5476183") or ("6604994") or ("6875102")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/01/11 11:14 |
| S39 | 203 | flush with mount$4 with drywall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:20 |
| S40 | 3 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/11 11:24 |
| S41 | 121 | flush with mount$4 same (wall drywall) and skim$4 | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/01/11 11:31 |
| S46 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/05/17 06:57 |
| S47 | 27 | ("4296280" \| "4640381").PN. OR ("5082083").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 06:57 |
| S48 | 988 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/05/17 09:58 |
| S51 | 1 | ("9765988").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 11:19 |
| S52 | 1321 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 11:34 |
| S53 | 753 | S52 and wall | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/09/25 12:05 |
| S54 | 4 | ("4835343" \| "5456373" \| "6768055").PN. OR ("9024186").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/09/25 13:40 |
| S55 | 16 | ("0943298" \| "20040058638" \| "20070232217" \| "2752844" \| "5082083" \| | US-PGPUB; | OR | ON | 2017/09/25 13:43 |

| | | "5144099" \| "5863310" \| "5928078" \| "5950384" \| "6234894" \| "6908115" \| "7140960" \| "7771259" \| "9024186").PN. OR ("9765988").URPN. | USPAT; USOCR | | | |
|---|---|---|---|---|---|---|
| S56 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2017/09/25 13:43 |
| S57 | 1362 | F24F13/082,084.cpc. | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT | OR | ON | 2017/12/21 07:49 |

## EAST Search History (Interference)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S42 | 779 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:34 |
| S43 | 12 | S42 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:35 |
| S44 | 1 | S42 and ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S45 | 11 | ((grill grille) and (bar vane) and slot and flush).clm. | US-PGPUB; USPAT | OR | ON | 2017/01/25 10:36 |
| S49 | 793 | F24F13/082,084.cpc. | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |
| S50 | 12 | S49 and (grill grille) and (bar vane) and slot and flush | US-PGPUB; USPAT | OR | ON | 2017/05/17 09:58 |

**2/13/2018 12:38:19 PM**
**C:\ Users\ jcotov\ Documents\ EAST\ Workspaces\ 15476855.wsp**

Ⓤ Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590   03/19/2018

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| COTOV, JONATHAN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3749 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/19/2018 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 15/476,855 | BRUHNKE ET AL. |
| | Examiner | Art Unit | |
| | JONATHAN COTOV | 3749 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _JONATHAN COTOV_.  (3) _____.

(2) _PHILLIP WEISS_.  (4) _____.

Date of Interview: _06 March 2018_.

Type: ☒ Telephonic ☐ Video Conference
☐ Personal [copy given to: ☐ applicant ☐ applicant's representative]

Exhibit shown or demonstration conducted: ☐ Yes ☒ No.
If Yes, brief description: _____.

Issues Discussed ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _1,11 and 14_.

Identification of prior art discussed: _Parent application_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Discussion on how the Terminal Disclaimer is now approved and on record._
_Discussion on how to mirror the claims after the patented parent application while adding the new CIP material to the claims_.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /HELENA KOSANOVIC/<br>Primary Examiner, Art Unit 3749 | /JONATHAN COTOV/<br>Examiner, Art Unit 3749 |
|---|---|

# Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**

A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**

Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.

All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

---

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

## Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

Docket: P/332-15 CIP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of: L. Bruhnke et al.          Serial No.:     15/476,855

Filed:          March 31, 2017                          Group Art Unit: 3749

For:          DRY WALL EXTRUSION GRILLE                 Examiner: J. Cotov

                                                        Dated: April 8, 2018

Commissioner for Patents
P.O. Box 1450
Washington, D.C. 22313                                  *Conf. No. 9670*

### RESPONSE

The following is in response to the Office Action mailed February 22, 2018.

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

This listing of claim will replace all prior versions, and listing of claims in the application.

## IN THE CLAIMS

1. (Currently Amended)  A dry wall extrusion grille comprising:

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

indented slots;

through holes;

a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

wherein said extrusion grille is used with a fixed core, a core welded directly to said frame, or a removable core for access to controls or filtration behind said grille.

2. (Original)  The extrusion grille of claim 1 wherein said flexible mounting flange is fastened to a wall or ceiling with said pre-perforated through holes.

3. (Original)  The extrusion grille of claim 2 further comprising sheet rock screws.

4. (Original)  The extrusion grille of claim 1 wherein said frame is constructed of mitered pieces.

5. (Original)  The extrusion grille of claim 4 wherein said mitered pieces are welded together.

2

6. (Original)  The extrusion grille of claim 3 wherein said frame is installed with said sheet rock screws before plaster or a joint compound is applied.

7. (Original)  The extrusion grille of claim 1 wherein said extrusion grille is a fully welded construction.

8. (Original)  The extrusion grille of claim 1 wherein inside of said extrusion grille frame extends about 3/4" deep into opening so that said extrusion grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick.

9. (Cancelled).

10. (Original)  The extrusion grille of claim 1 wherein said extrusion grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation

11. (Original)  A dry wall extrusion grille comprising:

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said  flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

3

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

said frame being extended.

12. (Original)  The extrusion grille of claim 11 wherein said frame is extended to at least ¾".

13. (Original)  The extrusion grille of claim 11 wherein said extended frame has attached to it dampers or filter clips.

14.  (Original)  A dry wall extrusion grille comprising;

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

mounting strips attached to bottom of said frame.

15. (Original)  The extrusion grille of claim 14 wherein said mounting strips are attached to said frame via welding.

4

16. (Original)  The extrusion grille of claim 14 wherein said mounting strips are made as an integral part of said frame in one piece extrusion.

17.    (Original)  The extrusion grille of claim 14 further comprising an attachment device for attaching said linear bar grille to said frame.

18.    (Original)  The extrusion grille of claim 17 wherein said attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips.

19. (Original)  The extrusion grille of claim 14 further comprising various style and depth angled edges to capture plaster or joint compound.

5

## REMARKS

Applicant had an interview with the Examiner on March 19, 2018.  Applicant discussed putting elements back in the claim with regards to the patented parent application while adding elements from a pending claim in the current application into claim 1.  The Examiner stated that since the claims would then potentially mirror the issued patent, they would be allowable over the prior art.

Applicant has amended claim 1 and cancelled claim 9, adding the elements of claim 9 to claim 1.  Applicant believes that based on the amendment, that the claims are now allowable over the prior art.

Respectfully submitted,

/philipmweiss/

Philip M. Weiss
Reg. No. 34,751
Attorney for Applicant
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY  11753
(516) 739-1500

6

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32274767 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br><br>-<br><br>Weiss & Weiss<br><br>410 Jericho Turnpike, Suite 105<br><br>Jericho                     NY              11753<br><br>US             516-739-1500<br><br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 08-APR-2018 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 13:25:50 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 33215CIPRESPONSEFILED.pdf | 175800 <br><br> 0b93476c9ee9e1ee0c96e6a5f3e0d1cd4f61d5d7 | yes | 6 |

| Multipart Description/PDF files in .zip description | | |
|---|---|---|
| **Document Description** | **Start** | **End** |
| Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 |
| Claims | 2 | 5 |
| Applicant Arguments/Remarks Made in an Amendment | 6 | 6 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 175800 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 15/476,855 | Filing Date 03/31/2017 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☒ SMALL   ☐ MICRO

## APPLICATION AS FILED – PART I

|  | (Column 1) | (Column 2) |  |  |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

|  | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | **04/08/2018** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 18 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $230 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

|  | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

SLIE
NICHELE PETERSON

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590      03/20/2019

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/20/2019 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No.<br>15/476,855 | Applicant(s)<br>Bruhnke et al. | |
|---|---|---|---|
| | Examiner<br>PHILLIP DECKER | Art Unit<br>3762 | AIA (FITF) Status<br>Yes |

All participants (applicant, applicants representative, PTO personnel):

(1) <u>Examiner PHILLIP DECKER</u>.               (3) _____.

(2) <u>Agent Philip Weiss</u>.                        (4) _____.

Date of Interview: <u>18 March 2019</u>.

Type:   ☑ Telephonic   ☐ Video Conference
        ☐ Personal [copy given to:   ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☑ No.
     If Yes, brief description: _____.

Issues Discussed   ☐ 101   ☐ 112   ☐ 102   ☐ 103   ☑ Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _____.

Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

<u>Agent Weiss filed a response after a non-final rejection, filed a terminal disclaimer, and had an interview with the previous examiner Jonathan Cotov and was concerned that it has taken 11 months so far to have the amendment examined. Examiner Decker apologized on behalf of the Office for taking so long to review the amendment. The present application is a CIP and adds more elements in the claims.</u>

<u>Weiss said that Examiner Cotov had said the claims would be allowable after the amendment, but Examiner Cotov is no longer with the Office. Examiner Decker said he would review the amendment as soon as possible. No agreement was reached on the allowability of any claims at this time.</u>.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | /KENNETH RINEHART/<br>Supervisory Patent Examiner, Art Unit 3762 |
|---|---|

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

---

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiners responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicants correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
-  An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable. Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,-
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4)  an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7)  if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicants record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiners version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, Interview Record OK on the paper recording the substance of the interview along with the date and the examiners initials.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590        05/01/2019

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/01/2019 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | PHILLIP DECKER | 3762 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>8 April 2018</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☑ This action is **FINAL.**   2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-8 and 10-19</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) <u>1-8 and 10-19</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some**   c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-13)                     Office Action Summary                     Part of Paper No./Mail Date 20190426

Application/Control Number: 15/476,855                                                    Page 2
Art Unit: 3762

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA. This action is in response to

Applicant's amendment of 4/8/18, which is entered.

### *Claim Rejections - 35 USC § 112*

2.      The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly
> pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
> regards as the invention.

> The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

3.      Claims 1 – 8 and 10 – 13 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112

(pre-AIA), second paragraph, as being indefinite for failing to particularly point out and

distinctly claim the subject matter which the inventor or a joint inventor, or for pre-AIA

the applicant regards as the invention.

4.      In claim 1 as amended it is unclear how the grille is "used with a ... core" and

what constitutes a "core" as the specification does not provide any further information

about the core. The claim has been examined as best understood to mean the louver

area. Claims 2 – 8 and 10 are rejected for depending from a rejected claim.

Application/Control Number: 15/476,855                                        Page 3
Art Unit: 3762

5.      Regarding claim 11, it is unclear what is meant by "the frame being extended".

The claim has been examined as best understood to mean the frame extends in a

direction. Claims 12 and 13 are rejected as depending from a rejected claim.


### Claim Rejections - 35 USC § 103

6.      In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any

correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

7.      This application currently names joint inventors. In considering patentability of the

claims the examiner presumes that the subject matter of the various claims was

commonly owned as of the effective filing date of the claimed invention(s) absent any

evidence to the contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to

point out the inventor and effective filing dates of each claim that was not commonly

owned as of the effective filing date of the later invention in order for the examiner to

consider the applicability of 35 U.S.C. 102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2)

prior art against the later invention.

8.      The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

9.       Claims 1 - 2, 8, and 10 - 12 are rejected under 35 U.S.C. 103 as being

unpatentable over Simblest (US 2,956,496) in view of Larson (US 6,705,052 B1) and

further in view of Davis (US 2007/0232217 A1). Each of the references are in the

Applicant's field of endeavor, a vent or vent grille. These three references, when

considered together, teach all of the elements recited in claims 1 - 2, 8, and 10 - 12 of

this application.

10.      Regarding claim 1, Simblest discloses a dry wall extrusion grille comprising: a

frame (10, figures 1-2); a linear bar grille (11, figures 1 - 2) located in said frame

comprised of vanes (11, figures 1 -2) that direct a flow of air; through holes

(unnumbered holes in the flange 12 in Figs. 1 and 2 having nails 20); a flexible

(aluminum; col 1 lines 15-17) mounting flange (12, figures 1 -  2) located between a top

and bottom edge of the frame (as seen in figure 2) extending outwardly from said frame;

wherein said extrusion grille is used with a fixed core, a core welded directly to said

frame, or a removable core for access to controls or filtration behind said grille (Simblest

further teaches that the grille uses a fixed core (as understood by 112 rejection above,

the louvers are fixed at 11 b, figure 2). Simblest does not disclose indented slots; said

indented slots defined as small recesses in said flexible mounting flange that receive

plaster, joint compound or mud.

11.      Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with

indented slots (30, figure 2) in a mounting flange (24, figure 2) for receiving plaster, joint

compound, or mud (column 2 lines 17-22). It would have been obvious to one having

ordinary skill in the art before the effective filing date of the claimed invention to have

modified the mounting flange as taught by Simblest by including the indented slots as

taught by Larson in order to provide additional high surface area to which finishing

materials can adhere (column 2 lines 20-23).

12.     Simblest also does not teach that the linear bar grille comprises cross members.

13.     Davis teaches a grille comprising vanes (horizontal members not numbered

figure 5) and cross members (34, figure 5). It would have been obvious to one having

ordinary skill in the art before the effective filing date of the claimed invention to have

modified the grille as taught by Simblest by including the cross members as taught by

Davis in order to provide vane support over long openings so the openings retain their

designed shape over the length of the opening (paragraph 0022).

14.     Regarding claim 2, the combination of Simblest, Larson, and Davis teach the

limitations of claim 1 above.

15.     Simblest further teaches that the mounting flange is fastened to a wall or ceiling

with pre-perforated through holes (holes seen in flange in figure 1) (wall mounting

column 2 lines 13-16).

16.     Regarding claim 8, the combination of Simblest, Larson, and Davis teach the

limitations of claim 1 above.

17.     Simblest is silent as to the dimension of the grille extending into an opening.

18.     Larson further teaches extending a vent about 3/4" deep (column 2 lines 40-51)

into an opening so that the vent is installed in a wall board ranging from about 1/4" to

about 3/4" thick. It would have been obvious to one having ordinary skill in the art before

the effective filing date of the claimed invention to have modified the depth of the grille

as taught by Simblest to be about 3/4" deep as taught by Larson in order to be installed

in most applications without contacting supports (column 2 lines 40-51).

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 167 of 297 PageID #: 834

19.      Regarding claim 10, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above.

20.      The combination further teaches that the grille is mounted, so that the entire frame and grille are flush to a wall providing a seamless installation (as taught by Simblest figure 2 and when using the compound as taught by Larson).

21.      Regarding claim 11, Simblest teaches a dry wall extrusion grill comprising: a frame (10, figures 1-2); a linear bar grille (11, figures 1 -2) located in said frame comprised of vanes (11, figures 1 -2) that direct a flow of air; through holes (not numbered, holes seen in figures 1-2 where 20 extend through) located in a flexible (aluminum; col 1 lines 15-17) mounting flange (12, figures 1-2); said flexible mounting flange located between a top and bottom edge of the frame (as seen in figure 2) extending outwardly from said frame; said frame being extending (extends in a depth direction as seen in figure 2).

22.      Simblest does not teach indented slots which are defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud.

23.      Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with indented slots (30, figure 2) in a mounting flange (24, figure 2) for receiving plaster, joint compound, or mud (column 2 lines 17-22). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the mounting flange as taught by Simblest by including the indented slots as taught by Larson in order to provide additional high surface area to which finishing materials can adhere (column 2 lines 20-23).

24.      Simblest also does not teach that the linear bar grille comprises cross members.

25.     Davis teaches a grille comprising vanes (horizontal members not numbered figure 5) and cross members (34, figure 5). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the grille as taught by Simblest by including the cross members as taught by Davis in order to provide vane support over long openings so the openings retain their designed shape over the length of the opening (paragraph 0022).

26.     Regarding claim 12, the combination of Simblest, Larson, and Davis teach the limitations of claim 11 above. Simblest is silent as to the depth to which the frame extends being 3/4".

27.     However, it would have been an obvious matter of design choice to modify the extension of the frame to be 3/4" since the present application does not show that the extension solves a particular problem or is for any specific purpose and because it appears that the extension length of Simblest would function equally well in either configuration.


28.     Claims 3 and 6 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, and Davis as applied to claim 1 above, and further in view of Goracke (US 6,234,894 B1). Goracke is also in the Applicant's field of endeavor, a vent.

29.     Regarding claim 3, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above. Simblest does not teach using sheet rock screws (although does teach nails or other suitable fasteners 20, column 2 lines 58-61).

30.     Goracke teaches a vent comprising a frame (12, figure 1) with a flange (8, figure 1) with holes (7, figure 1) which are attached with screws or nails (column 3 lines 15-18). It would have been obvious to one having ordinary skill in the art before the

effective filing date of the claimed invention to have modified the fastener type as taught

by Simblest by using screws as taught by Goracke as it is the use of a known fastener

to provide easy attachment and removal if desired.

31.     Regarding claim 6, the combination of Simblest, Larson, Davis, and Goracke

teach the limitations of claim 3 above.

32.     The combination teaches that the frame is installed with the sheet rocks screws

before plaster or a joint compound is applied (as Larson teaches using the compound

as a finishing technique after using fasteners column 2 lines 10-23).


33.     Claims 4 – 5 and 7 are rejected under 35 U.S.C. 103 as being unpatentable over

Simblest, Larson, and Davis as applied to claim 1 above, and further in view of Koval

(US 3,645,195). Koval is also in the Applicant's field of endeavor, a vent.

34.     Regarding claims 4 - 5, the combination of Simblest, Larson, and Davis teach the

limitations of claim 1 above. Simblest does not teach that the frame is constructed of

mitered pieces and welded together.

35.     Koval teaches a ventilation louver comprising a frame (2, figure 1) which is

constructed of mitered pieces and welded together (column 1 lines 60-62). It would

have been obvious to one having ordinary skill in the art before the effective filing date

of the claimed invention to have modified the frame construction method as taught by

Simblest by using mitered pieces which are welded together as it is the use of a known

technique to attach metal pieces together to a form a frame which has a high structural

integrity.

36.     Regarding claim 7, the combination of Simblest, Larson, and Davis teach the limitations of claim 1 above. Simblest does not teach that the grill is constructed by welding.

37.     Koval teaches a ventilation louver comprising a frame (2, figure 1) which is constructed of pieces welded together (column 1 lines 60-62). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame construction method as taught by Simblest by welding the pieces together as it is the use of a known technique to attach metal pieces together to a form a ventilation unit which has a high structural integrity.

38.     Claim 13 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, and Davis as applied to claim 11 above, and further in view of Orendorff (US 6,227,962 B1).Orendorff is also in the Applicant's field of endeavor, a vent.

39.     Regarding claim 13, the combination of Simblest, Larson, and Davis teach the limitations of claim 11 above. Simblest does not teach that the frame has attached filter clips.

40.     Orendorff teaches a vent grille comprising a frame which has filter clips (140, 142) for attaching a filter (120). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame as taught by Simblest by including the filter clips as taught by Orendorff in order to attach a filter for removing contaminants from the air.

41.     Claims 14 and 16 - 19 are rejected under 35 U.S.C. 103 as being unpatentable over Simblest (US 2,956,496) in view of Larson (US 6,705,052) and further in view of

Davis (US 2007/0232217) and further in view of Pettit (US 7,771,259). Pettit is also in

the Applicant's field of endeavor, a vent having a grill.

42.    Regarding claim 14, Simblest teaches a dry wall extrusion grill comprising: a

frame (10, figures 1-2); a linear bar grille (11, figures 1 -2) located in said frame

comprised of vanes (11, figures 1 -2) that direct a flow of air; through holes (not

numbered, holes seen in figures 1-2 where 20 extend through) located in a flexible

(aluminum; col 1 lines 15-17) mounting flange (12, figures 1-2); said flexible mounting

flange located between a top and bottom edge of the frame (as seen in figure 2)

extending outwardly from said frame.

43.    Simblest does not teach indented slots which are defined as small recesses in

said flexible mounting flange that receive plaster, joint compound or mud.

44.    Larson teaches a dry wall extrusion grille comprising a frame (16, figure 2) with

indented slots (30, figure 2) in a mounting flange (24, figure 2) for receiving plaster, joint

compound, or mud (column 2 lines 17-22). It would have been obvious to one having

ordinary skill in the art before the effective filing date of the claimed invention to have

modified the mounting flange as taught by Simblest by including the indented slots as

taught by Larson in order to provide additional high surface area to which finishing

materials can adhere (column 2 lines 20-23).

45.    Simblest also does not teach that the linear bar grille comprises cross members.

46.    Davis teaches a grille comprising vanes (horizontal members not numbered

figure 5) and cross members (34, figure 5).

47.    It would have been obvious to one having ordinary skill in the art before the

effective filing date of the claimed invention to have modified the grille as taught by

Simblest by including the cross members as taught by Davis in order to provide vane

support over long openings so the openings retain their designed shape over the length

of the opening (paragraph 0022).

48.     Simblest also does not teach mounting strips attached to a bottom of said frame.

49.     Pettit teaches a flush mount register comprising a frame (generally 12 or 14 in

figure 4, 70 in figures 5-6) with mounting strips (60, figures 5-6) attached to the bottom

of the frame. It would have been obvious to one having ordinary skill in the art before

the effective filling date of the claimed invention to have modified the frame as taught by

Simblest by including the mounting strips as taught by Pettit in order to allow for easy

removal of the grille for access to the aperture in the wall and easy reinstallation of the

grill.

50.     Regarding claim 16 the combination of Simblest, Larson, Davis, and Pettit teach

the limitations of claim 14 above. The combination further teaches that the mounting

strips are made as an integral part of the frame in a one piece extrusion (as shown in

figures 5 - 6 of Pettit and abstract of Pettit).

51.     Regarding claims 17 - 18 the combination of Simblest, Larson, Davis, and Pettit

teach the limitations of claim 14 above.

52.     The combination further teaches that an attachment device (5 and 7, figure 6

Pettit) for attaching said linear bar grille (20, figures 5-6 in Pettit for reference) wherein

the device includes mechanical fasteners (5, figures 5-6 Pettit) and threated inserts (7,

figure 6 Pettit) in said mounting strips to be used with mechanical fasteners (figure 6

Pettit).

53.     Regarding claim 19 the combination of Simblest, Larson, Davis, and Pettit teach the limitations of claim 14 above. Larson further teaches various style and depth angled edges to capture plaster or joint compound (as seen in Larson figure 2).


54.     Claim 15 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Larson, Davis, and Pettit as applied to claim 14 above, and further in view of Koval (US 3,645,195).

55.     Regarding claim 15, the combination of Simblest, Larson, Davis, and Pettit teach the limitations of claim 14 above. Simblest does not teach that the grill is constructed by welding and therefore welding the mounting strips.

56.     Koval teaches a ventilation louver comprising a frame (2, figure 1) which is constructed of pieces welded together (column 1 lines 60-62). It would have been obvious to one having ordinary skill in the art before the effective filing date of the claimed invention to have modified the frame construction method as taught by Simblest by welding the pieces together as it is the use of a known technique to attach metal pieces together to a form a ventilation unit which has a high structural integrity.


### *Response to Arguments*

57.     Applicant's arguments filed 4/8/18 have been fully considered but they are not persuasive. Applicant argues in the Remarks that the previous Examiner stated that putting elements back in the claim with regard to the patented parent application would potentially mirror the issued patent and would be allowable. The Office cannot find any previous statement by the previous Examiner indicating allowability of the present application contingent on some action, and notes that examination of the application

must be performed in writing and conclusions based on the written record. Accordingly,

the Office has once again rejected the claims of the present application over the cited

prior art. The Applicant has not pointed out any supposed errors in the Examiner's

action, and therefore has not overcome the previous prima facie case of obviousness.

## *Conclusion*

58.   **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

59.   Any inquiry concerning this communication or earlier communications from the

examiner should be directed to PHILLIP DECKER whose telephone number is

(571)270-3088.  The examiner can normally be reached on Monday - Friday 8:30 - 5:00.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 175 of 297 PageID #: 842

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Kenneth Rinehart can be reached on 571-272-4881.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/PHILLIP DECKER/
Examiner, Art Unit 3762

/KENNETH RINEHART/
Supervisory Patent Examiner, Art Unit 3762

| | | Application/Control No. 15/476,855 | | Applicant(s)/Patent Under Reexamination Bruhnke et al. | |
|---|---|---|---|---|---|
| ***Notice of References Cited*** | | Examiner PHILLIP DECKER | | Art Unit 3762 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20160273797-A1 | 09-2016 | Bruhnke; Lynne | F24F13/084 | 1/1 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20190426

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |
| F24F13/082, 084 | 2/13/2018 | JC |
| F24F13/084 | 04/26/2019 | PED |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 454 | 330 | 04/26/2019 | PED |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |
| updated class search | 2/13/2018 | JC |
| EAST keyword search | 04/26/2019 | PED |
| Derwent search found only the present application | 04/26/2019 | PED |
| CCD search did not find other applications | 04/26/2019 | PED |
| Global Dossier search found the parent application | 04/26/2019 | PED |

| /PED/<br>Examiner, Art Unit 3762 | |
|---|---|
| | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| | | | |

| /PED/ Examiner, Art Unit 3762 | |
|---|---|
| | |

| *Index of Claims* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/26/2017 | 12/21/2017 | 02/13/2018 | 04/26/2019 | | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 9 | ✓ | ✓ | ✓ | - | | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | | | | |

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 180 of 297 PageID #: 847

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L1 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:43 |
| L2 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:47 |
| L3 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:48 |
| L4 | 247 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 10:53 |
| L5 | 626 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2019/04/26 11:21 |
| L6 | 366 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:31 |
| L7 | 0 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/04/26 12:31 |
| L8 | 1 | l6 and l4 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:35 |
| L9 | 4 | (drywall (dry adj wall)) near10 extru$4 near10 grill$1 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:52 |
| S1 | 1 | "20170205110" | DERWENT | OR | ON | 2019/04/26 07:41 |
| S2 | 1 | 2017-49536A.NRAN. | DERWENT | OR | ON | 2019/04/26 07:58 |
| S3 | 8 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:00 |
| S4 | 11 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:01 |
| S5 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:02 |

**EAST Search History (Interference)**

< This search history is empty>

**4/26/2019 12:54:34 PM**
**C:\ Users\ pdecker\ Documents\ EAST\ Workspaces\ 15476855.wsp**

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 181 of 297 PageID #: 848

PTO/SB/30 (11-17)
Approved for use through 11/30/2020. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Request for Continued Examination (RCE) Transmittal | Application Number | 15/476,855 |
|---|---|---|
| | Filing Date | 3/31/17 |
| | First Named Inventor | L. Bruhnke et al. |
| Address to: Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Art Unit | 3762 |
| | Examiner Name | P. Decker |
| | Attorney Docket Number | P/332-15 CIP |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 CFR 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

   a. [ ] Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

      i. [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

      ii. [ ] Other _____

   b. [✓] Enclosed

      i. [✓] Amendment/Reply          iii. [ ] Information Disclosure Statement (IDS)

      ii. [ ] Affidavit(s)/ Declaration(s)    iv. [ ] Other _____

2. **Miscellaneous**

   a. [ ] Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of _____ months. (Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

   b. [ ] Other _____

3. **Fees** The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.

   a. [ ] The Director is hereby authorized to charge the following fees, any underpayment of fees, or credit any overpayments, to Deposit Account No. _____

      i. [✓] RCE fee required under 37 CFR 1.17(e)

      ii. [✓] Extension of time fee (37 CFR 1.136 and 1.17)

      iii. [ ] Other _____

   b. [ ] Check in the amount of $ _____ enclosed

   c. [ ] Payment by credit card (Form PTO-2038 enclosed)   d. [▓] Payment by EFS-Web

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

**SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED**

| Signature | /Philip M. Weiss/ | Date | 11/1/19 |
|---|---|---|---|
| Name (Print/Type) | Philip M. Weiss | Registration No. | 34751 |

**CERTIFICATE OF MAILING OR TRANSMISSION**

I hereby certify that this correspondence is being EFS-Web transmitted to the United States Patent and Trademark Office (USPTO), deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450 or facsimile transmitted to the USPTO on the date shown below.

| Signature | /Philip M. Weiss/ | | |
|---|---|---|---|
| Name (Print/Type) | Philip M. Weiss | Date | 11/1/19 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15476855 |
| **Filing Date:** | 31-Mar-2017 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 3 months with $0 paid | 2253 | 1 | 700 | 700 |
| **Miscellaneous:** | | | | |
| RCE- 2ND AND SUBSEQUENT REQUEST | 2820 | 1 | 950 | 950 |
| **Total in USD ($)** | | | | **1650** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 37635330 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho                              NY              11753<br>US            516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 01-NOV-2019 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 15:58:36 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $1650 |

| RAM confirmation Number | E2019A1G00329731 |
| --- | --- |
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
| --- | --- | --- | --- | --- | --- |
| 1 | Amendment Submitted/Entered with Filing of CPA/RCE | drywallextresp.pdf | 336515 c2966313d57e863d8af7f755358fd4237d18eeb1 | no | 10 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Request for Continued Examination (RCE) | drywallextrce.pdf | 102763 8457222c9ce05c6aebdd6d03d81584c1908419c5 | no | 1 |
| Warnings: | | | | | |
| This is not a USPTO supplied RCE SB30 form. | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 32600 e4bd932e95cac4a27c5dddeb0d19746f841ca31e | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | Total Files Size (in bytes): | 471878 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Docket: P/332-15 CIP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of:  L. Bruhnke et al.          Serial No.:     15/476,855

Filed:          March 31, 2017                          Group Art Unit:  3762

For:          DRY WALL EXTRUSION GRILLE                 Examiner:  P. Decker

                                                        Dated:  November 1, 2019

Commissioner for Patents
P.O. Box 1450
Washington, D.C.  22313                                 *Conf.  No. 9670*

### RESPONSE

The following is in response to the Office Action mailed May 1, 2019.

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

This listing of claim will replace all prior versions, and listing of claims in the application.

## IN THE CLAIMS

1.  (Previously Presented)  A dry wall extrusion grille comprising:

    a frame;

    a linear bar grille located in said frame comprised of vanes and cross members that direct

    a flow of air;

    indented slots;

    through holes;

    a flexible mounting flange located between a top and bottom edge of the frame extending

    outwardly from said frame;

    said indented slots defined as small recesses in said flexible mounting flange that receive

    plaster, joint compound or mud;

    wherein said extrusion grille is used with a fixed core, a core welded directly to said

    frame, or a removable core for access to controls or filtration behind said grille.


2. (Original)  The extrusion grille of claim 1 wherein said flexible mounting flange is

    fastened to a wall or ceiling with said pre-perforated through holes.


3. (Original)  The extrusion grille of claim 2 further comprising sheet rock screws.


4. (Original)  The extrusion grille of claim 1 wherein said frame is constructed of mitered

    pieces.


5. (Original)  The extrusion grille of claim 4 wherein said mitered pieces are welded

    together.

2

6. (Original)  The extrusion grille of claim 3 wherein said frame is installed with said sheet rock screws before plaster or a joint compound is applied.

7. (Original)  The extrusion grille of claim 1 wherein said extrusion grille is a fully welded construction.

8. (Original)  The extrusion grille of claim 1 wherein inside of said extrusion grille frame extends about 3/4" deep into opening so that said extrusion grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick.

9. (Cancelled).

10. (Original)  The extrusion grille of claim 1 wherein said extrusion grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation

11. (Original)  A dry wall extrusion grille comprising:
a frame;
a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;
through holes located in a flexible mounting flange;
indented slots;
said  flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

3

said indented slots defined as small recesses in said flexible mounting flange that receive

plaster, joint compound or mud;

said frame being extended.

12. (Original)  The extrusion grille of claim 11 wherein said frame is extended to at least ¾".

13. (Original)  The extrusion grille of claim 11 wherein said extended frame has attached to it dampers or filter clips.

14.  (Original)  A dry wall extrusion grille comprising;

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

mounting strips attached to bottom of said frame.

15. (Original)  The extrusion grille of claim 14 wherein said mounting strips are attached to said frame via welding.

4

16. (Original)  The extrusion grille of claim 14 wherein said mounting strips are made as an integral part of said frame in one piece extrusion.

17.      (Original)  The extrusion grille of claim 14 further comprising an attachment device for attaching said linear bar grille to said frame.

18.      (Original)  The extrusion grille of claim 17 wherein said attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips.

19. (Original)  The extrusion grille of claim 14 further comprising various style and depth angled edges to capture plaster or joint compound.

## REMARKS

Claim 1 has been rejected as being indefinite as it is unclear how grille is used with a core and what constitutes a core.

The portion of the claim that the Examiner is citing to comes from original claim 9.

Claim 11 has been rejected as being indefinite as what is meant by "frame being extended".

The Examiner has rejected claims 1-2, 8 and 10-12 as being obvious over Simblest in view of Larson and Davis.  References each in field of endeavor, a vent or vent grille.

Simblest does not teach a dry wall extrusion grille having a frame.  Simblest does not teach a linear bar grille.  The accompanying pages show the design of a louver, which is not a linear bag grille.  Simblest does not teach vanes that direct the flow of air. A lover is made of sheets of metal as shown.   Simblest does not etach that the mounting flange is flexible.  And further as stated by the Examiner, Simblest does not disclose indented slots as small recesses in flexible mounting flange that receive plaster, joint compound or mud.  Larson does not provide the missing structures of Simblest, nor does Larson teach a louver, but teaches a soffit vent which cannot be combined with Simblest.  The Examiner states that Simblest does not teach cross members.  Cross members cannot be used on a lover.  Louvers are made of sheet metal and would not use cross members.  If Simblest had a cross member it would not function.  Therefore the combination with Davis would make Simblest non operable.

Therefore, claims 1, 2, 8 and 10 are not obvious over the prior art.

Regarding claim 11, Simblest does not teach indented slots defined as small recesses in flexible mounting flange, does not teach linear bar grille and does not teach cross members.  As stated above, Larson and Davis which are not a louver would not make sense to combine the features of Larson and Davis.

6

With regards to claims 11 and 12 for the reasons stated above, the combination of the prior art does not make obvious claims 11 and 12claims

The Examiner has rejected claims 3 and 6 as being obvious over Simblest, Larson and Davis and further in view of Goracke.

With regards to claim 3 and 6 for the reasons stated above, claims 3 and 6 are not obvious over the prior art.

The Examiner has rejected claims 4-5 and 7 as being obvious over Simblest, Larson and Davis in view of Koval.

With regards to claims 4-5 and 7 for the reasons stated above, the combination of the prior art does not make obvious the claims.

Examiner rejected claim 13 as being obvious over Simblest, Larson and Davis and further in view of Orendorff.

With regards to claim 13, for the reasons stated above, the claims are not obvious over the prior art.

Examiner rejected claims 14 and 16-19 as obvious over Simblest in view of Larson, Davis and Petit.

Regarding claim 14 and 16-19, for the reasons stated above, the claims are not obvious over the prior art.  Further there is no reason to add the mounting strips of Pettit for a flush mount register to the louver of Simblest.

The Examiner has rejected claim 15 as being obvious over Simblest , Larson, Davis and Pettit in view of Koval.

7

For the reasons stated above, claim 19 is not obvious over the prior art.

Respectfully submitted,

/philipmweiss/

Philip M. Weiss
Reg. No. 34,751
Attorney for Applicant
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY  11753
(516) 739-1500



**Weiss and Weiss** <hello@weissandweisspc.com>

## louver
1 message

dan@oemetrix.com <dan@oemetrix.com>                                   Fri, Nov 1, 2019 at 3:03 PM
To: Weiss and Weiss <hello@weissandweisspc.com>



Oemetrix, LLC

149 Denton Ave.

New Hyde Park, NY  11040

Tel: 516-488-0621

Fax: 516-488-0728

Email: dan@oemetrix.com

Web: www.oemetrix.com

The information in this e-mail and any attachment is strictly confidential and is intended solely for the individual or company to whom it is addressed. If you receive this communication by error, please notify the sender immediately. Thank you.



**image001.jpg**
671K

Weiss and Weiss Mail - louver                                  https://mail.google.com/mail/u/0?ik=4f1e9a...&view=pt&sear...



Weiss and Weiss <hello@weissandweisspc.com>

---

**louver**
1 message

---

**dan@oemetrix.com** <dan@oemetrix.com>                                    Fri, Nov 1, 2019 at 3:04 PM
To: Weiss and Weiss <hello@weissandweisspc.com>

---



Oemetrix, LLC

149 Denton Ave.

New Hyde Park, NY  11040

Tel: 516-488-0621

Fax: 516-488-0728

Email: dan@oemetrix.com

Web: www.oemetrix.com

---

The information in this e-mail and any attachment is strictly confidential and is intended solely for the individual or company to whom it is addressed. If you receive this communication by error, please notify the sender immediately. Thank you.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/476,855 | Filing Date<br>03/31/2017 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE   ☑ SMALL   ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $40 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $210 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | 11/01/2019 | | | | | | |
| | Total<br>(37 CFR 1.16(i)) | * 18 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $230 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /LASHAWN R MORGAN/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590   01/27/2020

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/27/2020 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 15/476,855 | Applicant(s) Bruhnke et al. | |
|---|---|---|---|
| | Examiner PHILLIP DECKER | Art Unit 3762 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on 01 November 2019.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**   2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s)   1-8 and 10-19   is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 1-8 and 10-19 is/are rejected.

8) ☑ Claim(s) 8,10 and 14 is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☑ The specification is objected to by the Examiner.

11) ☑ The drawing(s) filed on 31 March 2017 is/are:  a)☐ accepted or  b)☑ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All   b)☐ Some**   c)☐ None of the:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☑ Other: non-patent literature.

Application/Control Number: 15/476,855                                          Page 2
Art Unit: 3762

**DETAILED ACTION**

**_Notice of Pre-AIA or AIA Status_**

1.      The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

**_Continued Examination Under 37 CFR 1.114_**

2.      A request for continued examination under 37 CFR 1.114, including the fee set

forth in 37 CFR 1.17(e), was filed in this application after final rejection.  Since this

application is eligible for continued examination under 37 CFR 1.114, and the fee set

forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action

has been withdrawn pursuant to 37 CFR 1.114.  Applicant's submission filed on 11/1/19

has been entered.

**_Drawings_**

3.      The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5)

because they include the following reference character(s) not mentioned in the

description: **36**, shown in Fig. 3; and **48**, shown in Fig. 5.

4.      The drawings are objected to under 37 CFR 1.83(a).  The drawings must show

every feature of the invention specified in the claims.  Therefore, the "core," "controls,"

and "filtration" of claim 1; "dampers," and "filter clips" of claim 13; "projection on the

frame" and "spring steel clips" of claim 18; and "various style and depth angled edges"

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 202 of 297 PageID #: 869

of claim 19 must be shown or the feature(s) canceled from the claim(s).  No new matter should be entered.

5.      Corrected drawing sheets in compliance with 37 CFR 1.121(d), or amendment to the specification to add the reference character(s) in the description in compliance with 37 CFR 1.121(b) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.


### *Specification*

6.      The use of the terms SHEETROCK and SHEET ROCK, which are a trade names or marks used in commerce, has been noted in this application starting on page 1 line 13. They should be capitalized wherever they appear and be accompanied by the generic terminology.

        Although the use of trade names and marks used in commerce (i.e., trademarks, service marks, certification marks, and collective marks) are permissible in patent applications, the proprietary nature of the marks should be respected and every effort made to prevent their use in any manner which might adversely affect their validity as commercial marks.

7.      The disclosure is objected to because of the following informalities: reference number **34** is described as both "an aluminum profile" *and* "a flexible edge" and a reference number should only be applied to one item.

Appropriate correction is required.

### Claim Objections

8.      Claim 8 is objected to because of the following informalities: the term "wherein inside" in line 1 is missing an article and does not make grammatical sense, and should be amended to "wherein <u>an</u> inside;" and the term "into opening" in line 2 is missing an article and does not make grammatical sense, and should be amended to "into <u>an</u> opening".  Appropriate correction is required.

9.      Claim 10 does not end in a period as required by MPEP 608.01(m).

10.     Claim 14 is objected to because of the following informalities:  the term "to bottom" in line 11 is missing and article and does not make grammatical sense, and should be amended to "to <u>a</u> bottom".  Appropriate correction is required.

### Claim Interpretation

11.     The following is a quotation of 35 U.S.C. 112(f):

(f) Element in Claim for a Combination. – An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

The following is a quotation of pre-AIA 35 U.S.C. 112, sixth paragraph:

An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and

such claim shall be construed to cover the corresponding structure, material, or acts
described in the specification and equivalents thereof.

12.     The claims in this application are given their broadest reasonable interpretation

using the plain meaning of the claim language in light of the specification as it would be

understood by one of ordinary skill in the art.  The broadest reasonable interpretation of

a claim element (also commonly referred to as a claim limitation) is limited by the

description in the specification when 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth

paragraph, is invoked.

        As explained in MPEP § 2181, subsection I, claim limitations that meet the

following three-prong test will be interpreted under 35 U.S.C. 112(f) or pre-AIA 35

U.S.C. 112, sixth paragraph:

(A)     the claim limitation uses the term "means" or "step" or a term used as a substitute

        for "means" that is a generic placeholder (also called a nonce term or a non-

        structural term having no specific structural meaning) for performing the claimed

        function;

(B)     the term "means" or "step" or the generic placeholder is modified by functional

        language, typically, but not always linked by the transition word "for" (e.g.,

        "means for") or another linking word or phrase, such as "configured to" or "so

        that"; and

(C)     the term "means" or "step" or the generic placeholder is not modified by sufficient

        structure, material, or acts for performing the claimed function.

        Use of the word "means" (or "step") in a claim with functional language creates a

rebuttable presumption that the claim limitation is to be treated in accordance with 35

U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 205 of 297 PageID #: 872

limitation is interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth

paragraph, is rebutted when the claim limitation recites sufficient structure, material, or

acts to entirely perform the recited function.

   Absence of the word "means" (or "step") in a claim creates a rebuttable

presumption that the claim limitation is not to be treated in accordance with 35 U.S.C.

112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph. The presumption that the claim

limitation is not interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth

paragraph, is rebutted when the claim limitation recites function without reciting

sufficient structure, material or acts to entirely perform the recited function.

   Claim limitations in this application that use the word "means" (or "step") are

being interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph,

except as otherwise indicated in an Office action. Conversely, claim limitations in this

application that do not use the word "means" (or "step") are not being interpreted under

35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, except as otherwise

indicated in an Office action.

13.    This application includes one or more claim limitations that do not use the word

"means," but are nonetheless being interpreted under 35 U.S.C. 112(f) or pre-AIA 35

U.S.C. 112, sixth paragraph, because the claim limitation(s) uses a generic placeholder

that is coupled with functional language without reciting sufficient structure to perform

the recited function and the generic placeholder is not preceded by a structural modifier.

Such claim limitation(s) is/are: "attachment device" in claim 17. Structure disclosed in

the specification that can perform the recited functions include reference number 150,

including mechanical fasteners, a projection on the frame 146 or mounting strip 148 for

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 206 of 297 PageID #: 873

use with spring steel clips, as described on page 8 lines 9 – 12. Only claim 17 is

construed under 112f because dependent claim 18 recites these structures.

Because this/these claim limitation(s) is/are being interpreted under 35 U.S.C.

112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, it/they is/are being interpreted to

cover the corresponding structure described in the specification as performing the

claimed function, and equivalents thereof.

If applicant does not intend to have this/these limitation(s) interpreted under 35

U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph, applicant may:  (1) amend the

claim limitation(s) to avoid it/them being interpreted under 35 U.S.C. 112(f) or pre-AIA

35 U.S.C. 112, sixth paragraph (e.g., by reciting sufficient structure to perform the

claimed function); or (2) present a sufficient showing that the claim limitation(s) recite(s)

sufficient structure to perform the claimed function so as to avoid it/them being

interpreted under 35 U.S.C. 112(f) or pre-AIA 35 U.S.C. 112, sixth paragraph.

### *Claim Rejections - 35 USC § 112(b)*

14.     The following is a quotation of 35 U.S.C. 112(b):
        (b)  CONCLUSION.—The specification shall conclude with one or more claims particularly
        pointing out and distinctly claiming the subject matter which the inventor or a joint inventor
        regards as the invention.

        The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
        The specification shall conclude with one or more claims particularly pointing out and distinctly
        claiming the subject matter which the applicant regards as his invention.

15.     Claims 1 – 8 and 10 – 19 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112

(pre-AIA), second paragraph, as being indefinite for failing to particularly point out and

distinctly claim the subject matter which the inventor or a joint inventor, or for pre-AIA

the applicant regards as the invention.

16.     The preambles of each of the claims 1 – 8 and 10 – 19 include the term "dry wall

*extrusion* grille," which is indefinite because it is ambiguous, is not a recognized term of

art, and its meaning cannot be ascertained with certainty. The Office notes that the grille

assembly shown in the drawings cannot be made by *extruding* because a shape made

by extruding must have a *constant cross-section*, which is not present in the drawings.

The term could mean a grille that is used in the process of extrusion such that the

shape having a constant cross-section uses the openings of the grille as a die, but this

interpretation is not supported by the specification since the grille has structure that

directs a flow of air. The term could also mean a grille assembly that has at least one

component formed by the process of extrusion, but that is not how the preambles are

worded. For the purpose of examination, the term "extrusion grille" is construed as

"grille assembly comprising at least one extruded component."

17.     The term "small" in claims 1, 11, and 14 is a relative term which renders the

claim indefinite.  The term "small" is not defined by the claims, the specification does not

provide a standard for ascertaining the requisite degree, and one of ordinary skill in the

art would not be reasonably apprised of the scope of the invention.  The scope of the

term "recesses" is rendered indefinite thereby.

18.     The term "core" in claim 1 is indefinite because its meaning in the context of the

invention cannot be understood, it is not identified in the drawings, and it is not a

recognized term of art in the ventilation field. For the purpose of examination, the term is

construed as a "grille or register."

19.     Claim 2 recites the limitation "said pre-perforated through holes" in line 2.  There

is insufficient antecedent basis for this limitation in the claim. The rejection could be

obviated by deleting "pre-perforated."

20.     Claim 3 is indefinite because the term SHEET ROCK is a trademark used to

identify a particular material or product. MPEP 2173.05(u).

21.     In claim 11, the term "the frame being *extended*" is indefinite because its

meaning cannot be ascertained. Under the plain meaning of the words, it describes the

result of the frame being *extended*, or stretched out, from a gathered condition that is

not described or found in the claims or specification. Please refer to the Oxford English

Dictionary definition of "extended" that has been attached as evidence of the plain

meaning of this term. Figure 7 and page 7 line 19 describe the frame 106 being

extended by the length 110, which does not cure the indefiniteness.

22.     In claim 19, the term "various style and depth angled edges" is indefinite because

the metes and bounds of the term cannot be ascertained.

23.     Claims 4 – 6, 8, 9, 10, 12, and 15 – 18 are rejected for depending from rejected

claims.


### *Claim Rejections - 35 USC § 103*

24.     In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any

correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

25.     The following is a quotation of 35 U.S.C. 103 which forms the basis for all

obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed
> invention is not identically disclosed as set forth in section 102, if the differences between the
> claimed invention and the prior art are such that the claimed invention as a whole would have
> been obvious before the effective filing date of the claimed invention to a person having
> ordinary skill in the art to which the claimed invention pertains. Patentability shall not be
> negated by the manner in which the invention was made.

26.     This application currently names joint inventors. In considering patentability of the

claims the examiner presumes that the subject matter of the various claims was

commonly owned as of the effective filing date of the claimed invention(s) absent any

evidence to the contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to

point out the inventor and effective filing dates of each claim that was not commonly

owned as of the effective filing date of the later invention in order for the examiner to

consider the applicability of 35 U.S.C. 102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2)

prior art against the later invention.

27.     Claims 1, 2, 4, 8, and 10 are rejected under 35 U.S.C. 103 as being unpatentable

over Pettit (US 7,771,259) (B2) (hereinafter "Pettit") in view of Young (US 2,096,271)

(hereinafter "Young"), further in view of Larson (US 6,705,052 B1) (hereinafter

"Larson"), and further in view of Aggson. (US 3,220,079) (hereinafter "Aggson"). Each of

the references are in the Applicant's field of endeavor, ventilation grilles or vents. These

four references, when considered together, teach all of the elements recited in claims 1,

2, 4, 8, and 10 of this application.

28.     Regarding claim 1, as far as the claim can be understood given the 112 rejection

above, Pettit discloses a dry wall (100) extrusion (frame sections 12 and 14 are made

by an extrusion process, col. 1 lines 62 – 66) grille (the assembly shown together in

Figs. 1 – 3) comprising: a frame (10 having frame sections 12 and 14); through holes (52, Figs. 5 and 6); a mounting flange (50) located between a top and bottom edge of the frame extending outwardly from said frame (Figs. 4 – 6); wherein said extrusion grille is used with a fixed core, a core welded directly to said frame, or a removable core (20, Fig. 3 showing 20 removed) for access to controls or filtration behind said grille (the limitation starting with "used with" indicating functional language describing intended use, which Pettit is capable of performing). Pettit does not explicitly disclose a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air; indented slots; said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud; the mounting flange is a *flexible* mounting flange.

29.      Young teaches a linear bar grille located in said frame (15) comprised of vanes (10) and cross members (11, Figs. 1 – 3) that direct a flow of air (functional limitation that Young performs). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Pettit by adding the linear bar grille as taught by Young in order to direct airflow to where it is desired instead of diffusing it to an area, that the pattern of Pettit register 20 would do. Young does not explicitly teach indented slots; said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud; the mounting flange is a *flexible* mounting flange.

30.      Larson teaches indented slots (30, Fig. 2); said indented slots defined as small recesses in said mounting flange (24) that receive plaster, joint compound or mud (col. 2 lines 17 – 22). It would have been obvious to a person having ordinary skill in the art

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 211 of 297 PageID #: 878

at the effective filing date of the application to modify the apparatus of Pettit by adding

the indented slots as taught by Larson in order to provide a high surface area to which

over applied finishing materials can adhere (Larson, col. 2 lines 20 – 23). Larson does

not explicitly disclose the mounting flange is a *flexible* mounting flange.

31.     Aggson teaches mounting flange is a *flexible* mounting flange (resilient flange 30,

col. 2 lines 41 – 51). It would have been obvious to a person having ordinary skill in the

art at the effective filing date of the application to modify the apparatus of Pettit by

adding the mounting flange is flexible as taught by Aggson in order to provide effective

mounting surfaces even if there is a misalignment with the surfaces to which the frame

is mounted without leaving a gap that air, debris, or insects could enter.

32.     Regarding claim 2, Pettit further discloses said flexible mounting flange (50) is

fastened to a wall or ceiling (wall 100) with said pre-perforated through holes (52, Figs.

5 and 6).

33.     Regarding claim 4, Pettit further discloses said frame (10 with sections 12 and

14) is constructed of mitered pieces (shown in Fig. 4 and described at col. 3 line 66 –

col. 4 line 2, which is also construed as a product-by-process claim under MPEP 2113).

34.     Regarding claim 8, Pettit as modified by Young, Larson, and Aggson shows all

elements of the claim except that inside of said extrusion grille frame extends about 3/4"

deep into opening so that said extrusion grille is installed in a wall board or plaster

ranging from about 1/4" thru about 3/4" thick. However, it would have been an obvious

matter of design choice to modify the apparatus of Pettit to have inside of said extrusion

grille frame extends about 3/4" deep into opening so that said extrusion grille is installed

in a wall board or plaster ranging from about 1/4" thru about 3/4" thick since the present

application does not show that the particular dimensions solve a particular problem or is

for any specific purpose and because it appears that the apparatus would function

equally well in other configurations.

35.     Regarding claim 10, Pettit modified by Young, Larson, and Aggson further

discloses said extrusion grille is mounted so that said entire frame (Pettit 10) and grille

(Pettit register 20 representing the Young grille 10, 11) are flush to a wall (Pettit 100)

providing a seamless installation (Pettit Figs. 1, 5, and 6, the claim being a functional

limitation describing intended use that is also disclosed by Pettit in the title, abstract,

and col. 3 lines 42 – 46).


36.     Claims 3 and 6 are rejected under 35 U.S.C. 103 as being unpatentable over

Pettit, Young, Larson, and Aggson as applied to claim 2 above, and further in view of

Akehurst (US 5,338,255) (hereinafter "Akehurst"). Akehurst is reasonably pertinent to a

problem faced by the inventor by teaching details of attaching a vent frame to a wall or

ceiling. These five references, when considered together, teach all of the elements

recited in claims 3 and 6 of this application.

37.     Regarding claim 3, Pettit as modified by Young, Larson, and Aggson as

described above teaches all the elements of claim 2 upon which this claim depends.

However, claim 3 of this application further discloses sheet rock screws. Pettit as

modified by Young, Larson, and Aggson does not explicitly contain this additional

limitation.

38.     Akehurst teaches sheet rock screws (screws 28 installed in a SHEET ROCK

ceiling 22 are implicitly SHEET ROCK screws, Fig. 1, col. 3 lines 25 – 29). It would have

been obvious to a person having ordinary skill in the art at the effective filing date of the

application to modify the apparatus of Pettit by adding sheet rock screws as taught by

Akehurst in order to utilize a fastener in the wall or ceiling that is suitable for securing

the frame.


39.      Regarding claim 6, Pettit as modified by Young, Larson, Aggson, and Akehurst

as described above teaches all the elements of claim 3 upon which this claim depends.

However, claim 6 of this application further discloses said frame is installed with said

sheet rock screws before plaster or a joint compound is applied.

40.      Pettit further discloses said frame (10, 12, and 14) is installed with said *fasteners*

(5, col. 5 lines 36 - 44) before plaster or a joint compound is applied (35, col. 5 lines 48

– 53, which is also a functional limitation describing intended use and not structure), but

does not explicitly disclose the *fasteners* are *sheet rock screws*.

41.      Akehurst teaches the *fasteners* are *sheet rock screws* (28, see claim 3 above). It

would have been obvious to a person having ordinary skill in the art at the effective filing

date of the application to modify the apparatus of Pettit by replacing the generic

fasteners with specific sheet rock screw fasteners as taught by Akehurst in order to

utilize a fastener that is less expensive than a nut and bolt combination, easier to install

than a nut and bolt combination, and holds better than a nail.


42.      Claims 5 and 7 are rejected under 35 U.S.C. 103 as being unpatentable over

Pettit as modified by Young, Larson, and Aggson as applied to claims 4 and 1

respectively above, and further in view of Koval (US 3,645,195) (hereinafter "Koval").

Koval is reasonably pertinent to a problem faced by the inventor by teaching

construction details of a vent frame that can be secured to a wall. These five references,

when considered together, teach all of the elements recited in claims 5 and 7 of this application.

43.     Regarding claim 5, Pettit as modified by Young, Larson, and Aggson as described above teaches all the elements of claim 4 upon which this claim depends. However, claim 5 of this application further discloses said mitered pieces are welded together. Pettit as modified by Young, Larson, and Aggson does not explicitly contain this additional limitation.

44.     Koval teaches said mitered pieces (2a, 2a', 2b, and 2b') are welded together (col. 1 lines 57 – 62, which is also construed as a product-by-process claim under MPEP 2113). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Petting by adding that the mitered frame pieces are welded together as taught by Koval in order to use a known technique to attach metal pieces together to form a frame that has a high structural integrity.


45.     Regarding claim 7, Pettit as modified by Young, Larson, and Aggson as described above teaches all the elements of claim 1 upon which this claim depends. However, claim 7 of this application further discloses said extrusion grille is a fully welded construction. Pettit as modified by Young, Larson, and Aggson does not explicitly contain this additional limitation.

46.     Koval teaches said extrusion grille is a fully welded construction (col. 1 lines 57 – 62, which is construed as a product-by-process claim under MPEP 2113). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Petting by adding the welded construction as

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 215 of 297 PageID #: 882

taught by Koval in order to use a known technique to attach metal pieces together to
form a frame that has a high structural integrity.


47.     Claims 11, 12, 14, and 16 – 19 are rejected under 35 U.S.C. 103 as being
unpatentable over Simblest (US 2,956,496) (hereinafter "Simblest") in view of Young,
further in view of Larson, and further in view of Aggson. Simblest is also in the
Applicant's field of endeavor, ventilation grilles or vents.

48.     Regarding claim 11, Simblest discloses a frame (10); through holes located in a
mounting flange (unnumbered holes seen in flange 12 in Figs. 1 and 2); said mounting
flange (12) located between a top and bottom edge of the frame (10) extending
outwardly from said frame (left and right in Figs. 1 and 2); said frame being extended
(frame extends in a depth direction to the right as seen in Fig. 2). Simblest does not
explicitly disclose a linear bar grille located in said frame comprised of vanes and cross
members that direct a flow of air; indented slots; said indented slots defined as small
recesses in said flexible mounting flange that receive plaster, joint compound or mud;
the mounting flange is a *flexible* mounting flange.

49.     Young teaches a linear bar grille located in said frame (15) comprised of vanes
(10) and cross members (11, Figs. 1 – 3) that direct a flow of air (functional limitation
that Young performs). It would have been obvious to a person having ordinary skill in
the art at the effective filing date of the application to modify the apparatus of Simblest
by adding the linear bar grille as taught by Young in order to make a grille that is
stronger than that of Simblest because of the cross members so that the grille is less
susceptible to vibration that would cause unpleasant noise. Young does not explicitly
teach indented slots; said indented slots defined as small recesses in said flexible

mounting flange that receive plaster, joint compound or mud; the mounting flange is a *flexible* mounting flange.

50.     Larson teaches indented slots (30, Fig. 2); said indented slots defined as small recesses in said mounting flange (24) that receive plaster, joint compound or mud (col. 2 lines 17 – 22). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Simblest by adding the indented slots as taught by Larson in order to provide a high surface area to which over applied finishing materials can adhere (Larson, col. 2 lines 20 – 23). Larson does not explicitly disclose the mounting flange is a *flexible* mounting flange.

51.     Aggson teaches mounting flange is a *flexible* mounting flange (resilient flange 30, col. 2 lines 41 – 51). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Simblest by adding the mounting flange is flexible as taught by Aggson in order to provide effective mounting surfaces even if there is a misalignment with the surfaces to which the frame is mounted without leaving a gap that air, debris, or insects could enter.

52.     Regarding claim 12, Simblest as modified by Young, Larson, and Aggson shows all elements of the claim except that said frame is extended to at least ¾". However, it would have been an obvious matter of design choice to modify the apparatus of Simblest to have said frame is extended to at least ¾" since the present application does not show that the particular length of the extension solves a particular problem or is for any specific purpose and because it appears that the apparatus would function equally well in other configurations.

53.     Regarding claim 14, Simblest discloses a frame (10); through holes located in a

mounting flange (unnumbered holes seen in flange 12 in Figs. 1 and 2); said mounting

flange (12) located between a top and bottom edge of the frame (10) extending

outwardly from said frame (left and right in Figs. 1 and 2); mounting strips (13) attached

to bottom of said frame (seen best in Figs. 4 and 5). Simblest does not explicitly

disclose a linear bar grille located in said frame comprised of vanes and cross members

that direct a flow of air; indented slots; said indented slots defined as small recesses in

said flexible mounting flange that receive plaster, joint compound or mud; the mounting

flange is a *flexible* mounting flange.

54.     Young teaches a linear bar grille located in said frame (15) comprised of vanes

(10) and cross members (11, Figs. 1 – 3) that direct a flow of air (functional limitation

that Young performs). It would have been obvious to a person having ordinary skill in

the art at the effective filing date of the application to modify the apparatus of Simblest

by adding the linear bar grille as taught by Young in order to make a grille that is

stronger than that of Simblest because of the cross members so that the grille is less

susceptible to vibration that would cause unpleasant noise. Young does not explicitly

teach indented slots; said indented slots defined as small recesses in said flexible

mounting flange that receive plaster, joint compound or mud; the mounting flange is a

*flexible* mounting flange.

55.     Larson teaches indented slots (30, Fig. 2); said indented slots defined as small

recesses in said mounting flange (24) that receive plaster, joint compound or mud (col.

2 lines 17 – 22). It would have been obvious to a person having ordinary skill in the art

at the effective filing date of the application to modify the apparatus of Simblest by

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 218 of 297 PageID #: 885

adding the indented slots as taught by Larson in order to provide a high surface area to

which over applied finishing materials can adhere (Larson, col. 2 lines 20 – 23). Larson

does not explicitly disclose the mounting flange is a *flexible* mounting flange.

56.     Aggson teaches mounting flange is a *flexible* mounting flange (resilient flange 30,

col. 2 lines 41 – 51). It would have been obvious to a person having ordinary skill in the

art at the effective filing date of the application to modify the apparatus of Simblest by

adding the mounting flange is flexible as taught by Aggson in order to provide effective

mounting surfaces even if there is a misalignment with the surfaces to which the frame

is mounted without leaving a gap that air, debris, or insects could enter.

57.     Regarding claim 16, Simblest further discloses said mounting strips (13) are

made as an integral part of said frame (10) in one piece extrusion (Fig. 4 showing the

strips 13 are integral to the frame 10, the claim being construed as a product-by-

process claim, MPEP 2113).

58.     Regarding claim 17, Simblest as modified by Young, Larson, and Aggson as

described above teaches all the elements of claim 14 upon which this claim depends.

However, claim 17 of this application further discloses an attachment device for

attaching said linear bar grille to said frame. Simblest as modified by Larson and

Aggson does not explicitly disclose this further limitation.

59.     Young further teaches an attachment device (bolts 53) for attaching said linear

bar grille (10, 11) to said frame (15, Fig. 12). It would have been obvious to a person

having ordinary skill in the art to modify the apparatus of Simblest by adding the

attachment device as taught by Young in order to firmly secure the grille to the frame so

that it does not fall out if the grille frame is mounted to a wall.

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 219 of 297 PageID #: 886

60.     Regarding claim 18, Young further teaches said attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips (mechanical fasteners are the bolts 53 as taught in claim 17 above).

61.     Regarding claim 19, Simblest as modified by Young, Larson, and Aggson as described above teaches all the elements of claim 14 upon which this claim depends. However, claim 19 of this application further discloses various style and depth angled edges to capture plaster or joint compound. Simblest as modified by Young and Aggson does not explicitly disclose this additional limitation.

62.     Larson further teaches various style and depth angled edges to capture plaster or joint compound (Fig. 2 shows small v-shaped grooves, a large v-shaped groove, and a square edge). It would have been obvious to a person having ordinary skill in the art at the effective filing date of the application to modify the apparatus of Simblest by adding the angled edges as taught by Larson in order to capture and hold different amounts of joint compound in order to make a smooth outer surface when finished.


63.     Claim 13 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest, Young, Larson, and Aggson as applied to claim 11 above, and further in view of Orendorff (US 6,227,962 B1). Orendorff is also in the Applicant's field of endeavor, a vent. These five references, when considered together, teach all of the elements recited in claims of this application. Simblest as modified by Young, Larson, and Aggson as described above teaches all the elements of claim 11 upon which this claim depends. However, claim 13 of this application further discloses said extended frame has

attached to it dampers or filter clips. Simblest as modified by Young, Larson, and

Aggson does not explicitly contain this additional limitation.

64.      Orendorff teaches said extended frame (50, 52) has attached to it dampers or

filter clips (clip 142 for attaching filter 120, Fig. 1). It would have been obvious to one

having ordinary skill in the art before the effective filing date of the claimed invention to

have modified the frame as taught by Simblest by including the filter clips as taught by

Orendorff in order to attach a filter for removing contaminants from the air.


65.      Claim 15 is rejected under 35 U.S.C. 103 as being unpatentable over Simblest,

Young, Larson, and Aggson as applied to claim 14 above, and further in view of Koval.

These five references, when considered together, teach all of the elements recited in

claims of this application. Simblest as modified by Young, Larson, and Aggson as

described above teaches all the elements of claim 14 upon which this claim depends.

However, claim 15 of this application further discloses said mounting strips are attached

to said frame via welding. Simblest as modified by Young, Larson, and Aggson does not

explicitly contain this additional limitation.

66.      Koval teaches said mounting strips are attached to said frame via welding

(teaching right angle structures welded together, this claim also being construed as a

product-by-process claim under MEPE 2113). It would have been obvious to a person

having ordinary skill in the art at the effective filing date of the application to modify the

apparatus of Simblest by adding the strips are attached to the frame by welding as

taught by Koval in order to use a known technique to attach metal pieces together to

form a ventilation unit that has high structural integrity.

Case 2:21-cv-05107-GRB-ST Document 32-4 Filed 10/31/22 Page 221 of 297 PageID #: 888

## *Response to Arguments*

67.     Applicant's arguments filed 11/1/19 have been fully considered but they are not persuasive. On page 6 of the Remarks, Applicant argues that Simblest does not teach a "dry wall extension grille having a frame." In response, the Office notes that the term "dry wall extension grille" is indefinite and was rejected under 35 USC 112(b), above. As far as the claim can be understood, this term is disclosed by the Pettit reference which is now used in the rejection of claim 1, above. This phrase is also in the preamble to independent claims 11 and 14. However, the preambles in claims 11 and 14 are not limiting because they are not necessary to give life, meaning, and vitality to the claims, and the body of those claims recite complete embodiments without reference to the preambles. MPEP 2111.02.

68.     Then on page 6, Applicant argues that Simblest does not teach a linear bar grille that directs a flow of air. In response, the argument is moot because the limitation is taught by the Young reference as set forth more fully above for claims 1, 11, and 14.

69.     Applicant then argues that Simblest does not disclose indented slots as small recesses that receive plaster, joint compound or mud. In response, the argument is moot because the Office found that this reference is taught by Larson. Please see the rejections above based on Larson.

70.     Then Application argues on page 6 that the combination of Simblest and Davis would make Simblest non-operable. In response, this argument is also moot because Davis is no longer applied as a reference in any of the rejections.

71.     Regarding claim 11, Applicant argues on page 6 that Simblest does not teach indented slots defined as small recesses in a flexible mounting flange. The Office notes that the indented slots are taught by Larson, and "flexible" mounting flange is taught by Aggson. The Office also notes that the small recesses 30 in Fig. 2 of Larson are on the mounting flange 24, and that any flange as a physical structure is at least flexible to a small degree.

72.     Applicant then argues that Simblest does not teach a linear bar grille or cross members. The Office notes they are found in the Young reference as set forth more fully above.

73.     Applicant argues at the end of page 6 that it would not make sense to combine the features of Larson and Davis. In response, the Davis reference is not applied to any rejections in this action.

74.     On page 7, related to claim 14, Applicant argues there is no reason to add the mounting strips of Pettit for a flush mount register to the louver of Simblest. In response, "flush mount register" is not found in claim 14, and the mounting strips in this rejection were found in Simblest, reference number 13.

75.     As to all other claims in this application, because Applicant has relied upon its assertions regarding the independent claims as the basis for patentability, there are no specific grounds regarding the rejections of these claims that need to be addressed.

### *Conclusion*

76.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to PHILLIP DECKER whose telephone number is (571)270-3088.  The examiner can normally be reached on Monday - Friday 8:30 - 5:00.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Edelmira Bosques can be reached on 571-270-5614.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see https://ppair-my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 15/476,855                                    Page 25
Art Unit: 3762


/PHILLIP DECKER/
Examiner, Art Unit 3762

/EDELMIRA BOSQUES/
Supervisory Patent Examiner, Art Unit 3762

| *Notice of References Cited* | Application/Control No. 15/476,855 | | Applicant(s)/Patent Under Reexamination Bruhnke et al. | |
|---|---|---|---|---|
| | Examiner PHILLIP DECKER | | Art Unit 3762 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5863310-A | 01-1999 | Brown; Barbara L. | B01D46/0005 | 454/284 |
| * | B | US-5274976-A | 01-1994 | Burkhart; E. Wayne | E06B3/685 | 52/314 |
| * | C | US-2083785-A | 06-1937 | HARRISON JR GEORGE | B60R19/52 | 52/799.14 |
| * | D | US-2245908-A | 06-1941 | FORREST DRAKE GEORGE | E06B7/082 | 52/667 |
| * | E | US-2096271-A | 10-1937 | YOUNG FRED M | F24F13/075 | 454/309 |
| * | F | US-5494244-A | 02-1996 | Walton; Edward J. | F24F13/06 | 137/360 |
| * | G | US-3220079-A | 11-1965 | AGGSON ROBERT E | E04B1/7076 | 52/302.3 |
| * | H | US-5338255-A | 08-1994 | Akehurst; Kenneth S. | F24F13/06 | 248/27.1 |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | Definition of "Extended," Oxford English Dictionary, Oxford University Press, 2020 (Year: 2020) |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20200116

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |
| F24F13/082, 084 | 2/13/2018 | JC |
| F24F13/084 | 04/26/2019 | PED |
| F24F13/084 | 01/15/2020 | PED |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 454 | 330 | 04/26/2019 | PED |
| 454 | 330 | 01/15/2020 | PED |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| /PED/ Examiner, Art Unit 3762 | |
|---|---|
| | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |
| updated class search | 2/13/2018 | JC |
| EAST keyword search | 04/26/2019 | PED |
| Derwent search found only the present application | 04/26/2019 | PED |
| CCD search did not find other applications | 04/26/2019 | PED |
| Global Dossier search found the parent application | 04/26/2019 | PED |
| EAST keyword search | 01/15/2020 | PED |
| Searched the Wayback Machine on the assignee at http://oemetrix.com and did not find prior art. | 01/15/2020 | PED |
| IP.com search | 01/15/2020 | PED |
| Google keyword search | 01/15/2020 | PED |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| | | | |

/PED/
Examiner, Art Unit 3762

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

| CLAIMS | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 | |

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/26/2017 | 12/21/2017 | 02/13/2018 | 04/26/2019 | 01/16/2020 | | | |
| | 1 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 2 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 3 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 4 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 5 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 6 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 7 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 8 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 9 | ✓ | ✓ | ✓ | - | - | | | |
| | 10 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 11 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 12 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 13 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 14 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 15 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 16 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 17 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 18 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| | 19 | ✓ | ✓ | ✓ | ✓ | ✓ | | | |

## EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S1 | 1 | "20170205110" | DERWENT | OR | ON | 2019/04/26 07:41 |
| S2 | 1 | 2017-49536A.NRAN. | DERWENT | OR | ON | 2019/04/26 07:58 |
| S3 | 8 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:00 |
| S4 | 11 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:01 |
| S5 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:02 |
| S6 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:43 |
| S7 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:47 |
| S8 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:48 |
| S9 | 247 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 10:53 |
| S10 | 626 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2019/04/26 11:21 |
| S11 | 366 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:31 |
| S12 | 0 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/04/26 12:31 |
| S13 | 1 | S11 and S9 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:35 |
| S14 | 4 | (drywall (dry adj wall)) near10 extru$4 near10 grill$1 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:52 |
| S15 | 1 | ("9765988").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 15:50 |
| S16 | 1 | (US-20160273797-$).did. | US-PGPUB | OR | ON | 2020/01/15 09:00 |
| S17 | 1 | "20170205110" | DERWENT | OR | ON | 2020/01/15 09:00 |
| S18 | 1 | 2017-49536A.NRAN. | DERWENT | OR | ON | 2020/01/15 |

Page 228 of 296

file:///C:/Users/pdecker/Documents/e-Red%20Folder/15476855/EASTSearchHistory.15476855_AccessibleVersion.htm[1/16/2020 1:28:30 PM]

| | | | | | | 10:39 |
|---|---|---|---|---|---|---|
| S20 | 9 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:40 |
| S21 | 12 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:41 |
| S22 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:41 |
| S23 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 10:41 |
| S24 | 266 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 10:41 |
| S25 | 714 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2020/01/15 10:47 |
| S26 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 11:17 |
| S27 | 3 | S26 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:17 |
| S28 | 1 | S26 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:18 |
| S29 | 5 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) near50 grill$2 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:23 |
| S30 | 2 | "53494870".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | ON | 2020/01/15 11:24 |
| S31 | 16 | ("0943298" | "20040058638" | "20070232217" | "2752844" | "5082083" | "5144099" | "5863310" | "5928078" | "5950384" | "6234894" | "6908115" | "7140960" | "7771259" | "9024186").PN. OR ("9765988").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:25 |
| S32 | 3 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) near50 grill$2 | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 11:28 |
| S33 | 6 | extrusion near grill$2 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 12:14 |
| S34 | 10 | extrusion near grill$2 | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 12:15 |
| S35 | 7 | (price near2 industries).as. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:28 |
| S36 | 0 | (price near2 industries).as. | FPRS; DERWENT | OR | ON | 2020/01/15 13:29 |
| S37 | 32 | bar near20 grill$2 near20 (extrusion extrud$3) | US-PGPUB; USPAT; | OR | ON | 2020/01/15 13:30 |

| S38 | 7 | bar near20 grill$2 near50 (extrusion extrud$3) and core | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:30 |
| S39 | 12 | bar near20 grill$2 near20 (extrusion extrud$3) | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:32 |
| S40 | 0 | bar near20 grill$2 near50 (extrusion extrud$3) and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:37 |
| S41 | 357 | bar near20 grill$2 and core | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:40 |
| S42 | 41 | bar near20 grill$2 and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:55 |
| S43 | 2 | ("2096271").URPN. | USPAT | OR | ON | 2020/01/15 14:12 |
| S44 | 6 | ("2245908").URPN. | USPAT | OR | ON | 2020/01/15 14:13 |
| S45 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 17:08 |
| S46 | 266 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:08 |
| S47 | 1 | (US-20160273797-$).did. | US-PGPUB | OR | ON | 2020/01/15 17:08 |
| S48 | 432 | S47 S45 S46 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:08 |
| S49 | 14 | S48 and (flex$3 flexib$2 resilient$2 bend$3) near2 flange | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:09 |
| S50 | 2912 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) near5 screw | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:29 |
| S51 | 7 | S50 and S48 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:30 |

**EAST Search History (Interference)**

< This search history is empty>

**1/16/2020 1:28:27 PM**
**C:\Users\pdecker\Documents\EAST\Workspaces\15476855.wsp**

Page 230 of 296

file:///C:/Users/pdecker/Documents/e-Red%20Folder/15476855/EASTSearchHistory.15476855_AccessibleVersion.htm[1/16/2020 1:28:30 PM]

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15476855 |
| **Filing Date:** | 31-Mar-2017 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 3 months with $0 paid | 2253 | 1 | 700 | 700 |
| **Miscellaneous:** | | | | |
| | | **Total in USD ($)** | | **700** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 40118068 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br><br>-<br><br>Weiss & Weiss<br><br>410 Jericho Turnpike, Suite 105<br><br>Jericho                                  NY                  11753<br><br>US              516-739-1500<br><br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 27-JUL-2020 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 20:08:42 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $700 |

| RAM confirmation Number | E20207QK11150901 |
| --- | --- |
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
| --- | --- | --- | --- | --- | --- |
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | drywallrespon.pdf | 448070 08f67cb0af5619dd44b0f5ff86f0129cf730ac8b | no | 13 |

Warnings:

Information:

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30672 543d196667025391205a5500f0d1b8f823ed2510 | no | 2 |

Warnings:

Information:

| | | Total Files Size (in bytes): | 478742 | | |
| --- | --- | --- | --- | --- | --- |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

Docket:  P/332-15 CIP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of:  L. Bruhnke et al.          Serial No.:      15/476,855

Filed:           March 31, 2017                                    Group Art Unit: 3762

For:            DRY WALL EXTRUSION GRILLE              Examiner:  P. Decker

                                                                               Dated:  July 27, 2020

Commissioner for Patents
P.O. Box 1450
Washington, D.C.  22313                                    *Conf. No. 9670*

## RESPONSE

The following is in response to the Office Action mailed January 27, 2020.

**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** begin on page 3 of this paper.

**Remarks** begin on page 7 of this paper.

<u>Amendments to the Specification</u>

Please replace paragraphs 2 and 4 on page 7 of the specification with the following paragraphs respectively:

Figure 3 and 4 show the extrusion grille 30, which comprises a linear bar grille 32.  The extrusion grille 30 has an aluminum profile 34, a flexible edge <u>36</u> ~~34~~, that is used for fastening to a wall or ceiling with perforated through holes 40.  The extrusion grille 30 further comprises indented slots 38 used to capture joint compound or plaster 42.

Figure 5 shows the extrusion grille 30 having the linear bar grille, a standard sheet rock screw 46, and pre-perforated mounting through holes <u>48</u> that provide many mounting options to address multiple field conditions.

2

This listing of claim will replace all prior versions, and listing of claims in the application.

## IN THE CLAIMS

1.  (Currently Amended)  A dry wall extrusion grille comprising:

    a frame;

    a linear bar grille located in said frame comprised of vanes and cross members that direct

    a flow of air;

    indented slots;

    through holes;

    a flexible mounting flange located between a top and bottom edge of the frame extending

    outwardly from said frame;

    said indented slots defined as small recesses in said flexible mounting flange that receive

    plaster, joint compound or mud;

    wherein said extrusion grille is used with a fixed core, a core welded directly to said

    frame, or a removable core ~~for access to controls or filtration behind said grille~~.


2. (Currently Amended)  The extrusion grille of claim 1 wherein said flexible mounting

   flange is fastened to a wall or ceiling with said ~~pre-perforated~~ through holes <u>being pre-</u>

   <u>perforated</u>.


3. (Original)  The extrusion grille of claim 2 further comprising sheet rock screws.


4. (Original)  The extrusion grille of claim 1 wherein said frame is constructed of mitered

   pieces.


5. (Original)  The extrusion grille of claim 4 wherein said mitered pieces are welded

3

together.

6. (Original)  The extrusion grille of claim 3 wherein said frame is installed with said sheet rock screws before plaster or a joint compound is applied.

7. (Original)  The extrusion grille of claim 1 wherein said extrusion grille is a fully welded construction.

8. (Currently Amended)  The extrusion grille of claim 1 wherein an inside of said extrusion grille frame extends about 3/4" deep into an opening so that said extrusion grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick.

9. (Cancelled).

10. (Currently Amended)  The extrusion grille of claim 1 wherein said extrusion grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation.

11. (Currently Amended)  A dry wall extrusion grille comprising:
a frame;
a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;
through holes located in a flexible mounting flange;
indented slots;
said  flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;

4

said indented slots defined as small recesses in said flexible mounting flange that receive

plaster, joint compound or mud;

said frame being extended to at least ¾".


12. (Cancelled)


13. (Cancelled)


14.  (Currently Amended)  A dry wall extrusion grille comprising;

a frame;

a linear bar grille located in said frame comprised of vanes and cross members that direct

a flow of air;

through holes located in a flexible mounting flange;

indented slots;

said flexible mounting flange located between a top and bottom edge of the frame

extending outwardly from said frame;

said indented slots defined as small recesses in said flexible mounting flange that receive

plaster, joint compound or mud;

mounting strips attached to a bottom of said frame.


15. (Original)  The extrusion grille of claim 14 wherein said mounting strips are attached

to said frame via welding.

16. (Original)  The extrusion grille of claim 14 wherein said mounting strips are made as an integral part of said frame in one piece extrusion.

17.     (Original)  The extrusion grille of claim 14 further comprising an attachment device for attaching said linear bar grille to said frame.

18.     (Original)  The extrusion grille of claim 17 wherein said attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips.

19. (Currently Amended)  The extrusion grille of claim 14 further comprising ~~various style and depth~~ angled edges to capture plaster or joint compound.

6

<u>REMARKS</u>

The Examiner has objected to the drawings because they include following reference characters not mentioned in the description: 35, fig. 3; 48, fig.5.

Applicant has amended the specification.

The drawings must show core, controls and filtration of claim 1, dampers and filter clips of claim 13, projection on the frame and spring steel clips of claim 18 and various style and depth angled edges of claim 19.

Applicant has amended claims 1 and 19 and cancelled claim 13.

Specification: use of terms SHEETROCK and SHEET ROCK in application should be capitalized when appear and accompanied by generic terminology.

We are not using Sheet Rock but Sheet Rock screws, do not believe need to capitalize.

Examiner states in specification that reference number 34 is described as both "an aluminum profile and a flexible edge.

Applicant has amended the specification.

Claim objections:  Claim 8 is objected to.  Amend claim 8 from "wherein inside" to "wherein an inside".  Amend "into opening" to "into an opening".

Applicant has amended the claim.

Claim 10 needs to end in a period.

Applicant has amended the claim.

Claim 14 amend "to bottom" to "to a bottom".

Applicant has amended the claim.

Examiner has rejected claims 17 under 35 USC 112f for means plus function.

Applicant does not believe that the term attachment device in claim 17 fits within the definition of means plus function.  One of skill in the art would understand the structure presented by the term along with how it is defined in the specification.

7

The Examiner has rejected claims 1-8 and 10-19 as being indefinite.

One of skill in the art would understand the term "dry wall extrusion grille". The term does not necessarily mean that all parts are formed by a process of extrusion. Applicant would agree with the Examiner interpretation..

Term "small" in claims 1, 11 and 14 is used to define the recesses which are also shown in the drawings and would be understood by one of skill in the art.

The term "core" in claim 1 is indefinite cause not identified in drawings, and not recognized term of art in ventilation field. For purposes of examination, term construed as a "grille or register".

With regards to claim 2 "said pre-perforated through holes" in line 2 lacks antecedent bases. Delete "pre-perforated".

Applicant has amended the claim.

Claim 3 is indefinite since SHEET ROCK is a trademark.

Discussed above.

Claim 11, term extended is indefinite.

Applicant has amended the claim.

Claim 19 the term "various style and depth angled edges" is indefinite.

Applicant has amended the claim.

Examiner rejected claims 1, 2, 4, 8 and 10 as obvious over Petit in view of Young, Larson and Aggson. Each of these references are in the filed of ventilation grilles or vents.

The Examiner is incorrect with regards to the cites made with regards to Pettit. Pettit does not disclose an extrusion section. The Examiner cites to 1:62-66 which points to the prior art and specifically 4,566,724. 52 points to a screw and not a through hole, which is not defined in Pettit. Element 50 is described as a planar element and not a mounting flange. Further Pettit

8

specifically teaches and discloses a Register as it is stated in the title of the invention and shown and described in all of the drawings.

Under 2143 of the MPEP, the proposed modification cannot render the prior art modification unsatisfactory for its intended purpose. If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984) (Claimed device was a blood filter assembly for use during medical procedures wherein both the inlet and outlet for the blood were located at the bottom end of the filter assembly, and wherein a gas vent was present at the top of the filter assembly. The prior art reference taught a liquid strainer for removing dirt and water from gasoline and other light oils wherein the inlet and outlet were at the top of the device, and wherein a pet-cock (stopcock) was located at the bottom of the device for periodically removing the collected dirt and water. The reference further taught that the separation is assisted by gravity. The Board concluded the claims were *prima facie* obvious, reasoning that it would have been obvious to turn the reference device upside down. The court reversed, finding that if the prior art device were turned upside down it would be inoperable for its intended purpose because the gasoline to be filtered would be trapped at the top, the water and heavier oils sought to be separated would flow out of the outlet instead of the purified gasoline, and the screen would become clogged.).

Further the MPEP holds that the proposed modification cannot change the principle of operation of a reference. If the proposed modification or combination of the prior art would change the principle of operation of the prior art invention being modified, then the teachings of the references are not sufficient to render the claims *prima facie* obvious. *In re Ratti,* 270 F.2d 810, 813, 123 USPQ 349, 352 (CCPA 1959) (Claims were directed to an oil seal comprising a bore engaging portion with outwardly biased resilient spring fingers inserted in a resilient sealing member. The primary reference relied upon in a rejection based on a combination of references

9

disclosed an oil seal wherein the bore engaging portion was reinforced by a cylindrical sheet metal casing. The seal construction taught in the primary reference required rigidity for operation, whereas the seal in the claimed invention required resiliency. The court reversed the rejection holding the "suggested combination of references would require a substantial reconstruction and redesign of the elements shown in [the primary reference] as well as a change in the basic principle under which the [primary reference] construction was designed to operate.").

Here, Petitt specifically teaches a register and does not disclose a linear bar grille located in frame with vanes and cross members that direct flow of air. By adding the modifications of the other prior art references, Pettit no longer teaches a register, which is the disclosure taught in the '259 patent. Therefore, according the MPEP, the Examiner cannot change the principle of operation of a Pettit by adding the elements of the other prior art references.

Therefore, the Examiner cannot combine the grille of Young with the register of Pettit.

Larson teaches a soffit vent again which is substantially different then the grille of Young. Further there is nothing taught in Pettit which would require the indented slots. There is no problem in Pettit that is solved by adding this feature. Further, there is no reason to provide a mounting flange with Pettit from Aggson.

With regards to claim 2, 4 and 8, for the reasons stated above, claims 2, 4 and 8 are not obvious over the prior art.

As stated above, claim 10 cannot be modified to be an extrusion grille. For this reason and the reasons stated above for claim 10, claim 10 is not obvious over the prior art.

Examiner has rejected claims 3 and 6 as being obvious over Pettit, Young, Larson and Aggson in view of Akehurst.

With regards to claim 3 and 6, for the reasons stated above claims 3 and 6 are not obvious over the prior art.

10

Examiner has rejected claims 5 and 7 as being obvious over Pettit as modified by Young, Larson and Aggson and further in view of Koval.

Koval teaches a louver, which is not a register or a grille.  1:57-62 does not teach that the mitered pieces are welded together.  For this reason and the reasons stated above, claims 5 and 7 are not obvious over the prior art.

The Examiner has rejected claims 11, 12, 14 and 16-19 as obvious over Simblest in view of Young, Larson and Aggson.

Simblest does not teach a dry wall extrusion grille having a frame.  Simblest does not teach a linear bar grille.  Simblest teaches a louver, which is not a linear bag grille.  Simblest could not use vanes and cross members or it would not function as a louver.  A lover is made of sheets of metal and would not use cross members.  If Simblest used a cross member it would not function.

Under 2143 of the MPEP, the proposed modification cannot render the prior art modification unsatisfactory for its intended purpose.  If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.  *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984) (Claimed device was a blood filter assembly for use during medical procedures wherein both the inlet and outlet for the blood were located at the bottom end of the filter assembly, and wherein a gas vent was present at the top of the filter assembly. The prior art reference taught a liquid strainer for removing dirt and water from gasoline and other light oils wherein the inlet and outlet were at the top of the device, and wherein a pet-cock (stopcock) was located at the bottom of the device for periodically removing the collected dirt and water. The reference further taught that the separation is assisted by gravity. The Board concluded the claims were *prima facie* obvious, reasoning that it would have been obvious to turn the reference device upside down. The court reversed, finding that if the prior art device were turned upside

11

down it would be inoperable for its intended purpose because the gasoline to be filtered would be trapped at the top, the water and heavier oils sought to be separated would flow out of the outlet instead of the purified gasoline, and the screen would become clogged.).

Further the MPEP holds that the proposed modification cannot change the principle of operation of a reference. If the proposed modification or combination of the prior art would change the principle of operation of the prior art invention being modified, then the teachings of the references are not sufficient to render the claims *prima facie* obvious. *In re Ratti,* 270 F.2d 810, 813, 123 USPQ 349, 352 (CCPA 1959) (Claims were directed to an oil seal comprising a bore engaging portion with outwardly biased resilient spring fingers inserted in a resilient sealing member. The primary reference relied upon in a rejection based on a combination of references disclosed an oil seal wherein the bore engaging portion was reinforced by a cylindrical sheet metal casing. The seal construction taught in the primary reference required rigidity for operation, whereas the seal in the claimed invention required resiliency. The court reversed the rejection holding the "suggested combination of references would require a substantial reconstruction and redesign of the elements shown in [the primary reference] as well as a change in the basic principle under which the [primary reference] construction was designed to operate.").

Therefore, the above claims are not obvious over the prior art.

The vanes and cross members of Young cannot be used to modify Simblest. Further, the combination with Larson and Aggson do not solve the above issues.

With regards to claim 14, and 16-19, for the reasons stated above the claims are not obvious over the prior art.

Respectfully submitted,

/philipmweiss/

Philip M. Weiss
Reg. No. 34,751
Attorney for Applicant
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY  11753
(516) 739-1500

13

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>15/476,855 | Filing Date<br>03/31/2017 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:** ☐ LARGE  ☑ SMALL  ☐ MICRO

## APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | RATE ($) | FEE ($) |
|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | x $40 = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | x $210 = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

## APPLICATION AS AMENDED - PART II

| AMENDMENT | 07/27/2020 | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * 16 | Minus | ** 20 | = 0 | x $50 = | 0 |
| | Independent<br>(37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | x $230 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | 0 |

| AMENDMENT | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|
| | Total<br>(37 CFR 1.16(i)) | * | Minus | ** | = | x $0 = | |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus | *** | = | x $0 = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | |
| | | | | | | TOTAL ADD'L FEE | |

| * If the entry in column 1 is less than the entry in column 2, write "0" in column 3. | LIE |
|---|---|
| ** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20". | /POLIN ANG/ |
| *** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3". | |
| The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1. | |

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Docket:  P/332-15 CIP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Patent Application of:  L. Bruhnke et al.              Serial No.:      15/476,855

Filed:            March 31, 2017                            Group Art Unit: 3762

For:          DRY WALL EXTRUSION GRILLE                     Examiner:  P. Decker

                                                            Dated:  September 4, 2020

Commissioner for Patents
P.O. Box 1450
Washington, D.C.  22313                                     *Conf.  No. 9670*

### EXHIBIT FOR INTERVIEW

Linear Bar Grille



With fixed **bars** parallel to the long dimension, **linear bar grilles** are a popular choice for continuous or perimeter applications. **Linear bar grilles** are suitable for all supply or return ceiling, sidewall, floor and sill applications.

Grilles are permanent, unmovable fixtures that may serve an air supply or return function. Grilles are found in residential ceilings and walls, but a company may install them in floors in certain cases. Depending on the system setup, a home may have one larger return grille or several small ones throughout the home. The air return is a grille that serves one purpose – to pull air back into the central heating and air system for reuse. Wikipedia



**Louver**

A louver or louvre is a window blind or shutter with horizontal slats that are angled to admit light and air, but to keep out rain and direct sunshine. The angle of the slats may be adjustable, usually in blinds and windows, or fixed. Wikipedia

**Registers**

   

Air registers have slatted openings in the floor, wall, or ceiling that a user can control using an adjustable damper. Typically, a rolling guide or a lever on one side of the vent, the damper opens or closes access to the air duct for airflow management. These openings do not bring air back to the HVAC system, but deliver heated or cooled air into a space.  The register  in effect "registers the flow of air".

Register (air and heating) – Wikipedia

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 40473946 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | Philip M. Weiss<br>-<br>Weiss & Weiss<br>410 Jericho Turnpike, Suite 105<br>Jericho                NY              11753<br>US          516-739-1500<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 04-SEP-2020 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 10:19:27 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | drywallexh.pdf | 67935 <br><br> 80beffff2d5550de08525f3e30f303540a72f ab | no | 2 |

| Warnings: |
|---|

| Information: |
|---|

| | Total Files Size (in bytes): | 67935 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590    09/04/2020

Philip M. Weiss
Weiss & Weiss
410 Jericho Turnpike, Suite 105
Jericho, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/04/2020 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Applicant-Initiated Interview Summary* | Application No.<br>15/476,855 | | Applicant(s)<br>Bruhnke et al. | |
|---|---|---|---|---|
| | Examiner<br>PHILLIP DECKER | | Art Unit<br>3762 | AIA (FITF) Status<br>Yes |

All participants (applicant, applicants representative, PTO personnel):

(1) <u>Examiner PHILLIP DECKER</u>.         (3) _____.

(2) <u>Attorney Philip Weiss</u>.         (4) _____.

   Date of Interview: <u>02 September 2020</u>.

   Type:   ☑ Telephonic   ☐ Video Conference
                ☐ Personal [copy given to:  ☐ applicant  ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes  ☑ No.
   If Yes, brief description: _____.

Issues Discussed  ☐101  ☐112  ☐102  ☑103  ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: <u>1,11 and 14</u>.

Identification of prior art discussed: <u>Pettit (US 7,771,259), Larson (US 6,705,052), Simblest (US 2,956,496)</u>.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

<u>Attorney wished to summarize his response to the non-final rejection of 1/27/20 using the response filed 7/27/20 as an agenda. Attorney argued that the "linear bar grille" limitation in independent claims 1, 11, and 14 is patentably distinct from the register taught by Pettit, soffit vent taught by Larson, and louver taught by Simblest. Attorney also noted that it took the examiner four references each to reject independent claims 1, 11, and 14, and five references for other dependent claims, which is a high number. Examiner agreed to carefully review Applicant's arguments and any supplemental evidence of the distinction that Attorney wishes to provide. No agreement was reached on the allowability of any claims.</u>.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | /EDELMIRA BOSQUES/<br>Supervisory Patent Examiner, Art Unit 3762 |
|---|---|

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

_____

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiners responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicants correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable. Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,-
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicants record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiners version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, Interview Record OK on the paper recording the substance of the interview along with the date and the examiners initials.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 7590 | 10/14/2020 |
|---|---|

PHILIP M. WEISS
WEISS & WEISS
410 JERICHO TURNPIKE, SUITE 105
JERICHO, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

DATE MAILED: 10/14/2020

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

TITLE OF INVENTION: DRY WALL EXTRUSION GRILLE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 01/14/2021 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450 | By fax, send to: | (571)-273-2885 |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

7590        10/14/2020

PHILIP M. WEISS
WEISS & WEISS
410 JERICHO TURNPIKE, SUITE 105
JERICHO, NY 11753

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

TITLE OF INVENTION: DRY WALL EXTRUSION GRILLE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 01/14/2021 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| DECKER, PHILLIP | 3762 | 454-330000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☐ Issue Fee ☐ Publication Fee (if required) ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web ☐ Enclosed check ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3
OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590        10/14/2020

PHILIP M. WEISS
WEISS & WEISS
410 JERICHO TURNPIKE, SUITE 105
JERICHO, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

DATE MAILED: 10/14/2020

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | **Application No.** 15/476,855 | **Applicant(s)** Bruhnke et al. | |
|---|---|---|---|
| | **Examiner** PHILLIP DECKER | **Art Unit** 3762 | **AIA (FITF) Status** Yes |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>Applicant's amendment of 7/27/20 and interview summary of 9/4/20</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>1-8 and 10-19</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All    b) ☐ Some    *c) ☐ None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☑ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____
4. ☑ Interview Summary (PTO-413), Paper No./Mail Date. _____

5. ☑ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

| /PHILLIP DECKER/ Examiner, Art Unit 3762 | /EDELMIRA BOSQUES/ Supervisory Patent Examiner, Art Unit 3762 |
|---|---|

Application/Control Number: 15/476,855                                          Page 2
Art Unit: 3762

## EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below. Should the changes

and/or additions be unacceptable to applicant, an amendment may be filed as provided

by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be

submitted no later than the payment of the issue fee.


        Authorization for this examiner's amendment was given in an interview with

Agent Philip Weiss on 10/8/20.


        The application has been amended as follows:

In the Claims:


        3. (Currently Amended)  The extrusion grille of claim 2 further comprising dry wall

~~sheet rock~~ screws.


        6. (Currently Amended)  The extrusion grille of claim 3 wherein said frame is

installed with said dry wall ~~sheet rock~~ screws before plaster or a joint compound is

applied.


### *Conclusion*

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to PHILLIP DECKER whose telephone number is

(571)270-3088.  The examiner can normally be reached on Monday - Friday 8:30 - 5:00.

Case 2:21-cv-05107-GRB-ST   Document 32-4   Filed 10/31/22   Page 263 of 297 PageID #: 930

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Edelmira Bosques can be reached on 571-270-5614.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see https://ppair-my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/PHILLIP DECKER/
Examiner, Art Unit 3762

/EDELMIRA BOSQUES/
Supervisory Patent Examiner, Art Unit 3762

| ***Examiner-Initiated Interview Summary*** | **Application No.** 15/476,855 | **Applicant(s)** Bruhnke et al. | |
|---|---|---|---|
| | **Examiner** PHILLIP DECKER | **Art Unit** 3762 | **AIA (FITF) Status** Yes |

All participants (applicant, applicant's representative, PTO personnel):

(1) <u>Examiner PHILLIP DECKER</u>.                    (3) _____.


(2) <u>Agent Philip Weiss</u>.                           (4) _____.


Date of Interview: <u>08 October 2020</u>.

Type:    ☑ Telephonic    ☐ Video Conference
         ☐ Personal [copy given to: ☐ applicant ☐ applicant's representative]

Exhibit shown or demonstration conducted:    ☐ Yes    ☑ No.
    If Yes, brief description: _____.


Issues Discussed    ☐ 101    ☑ 112    ☐ 102    ☐ 103    ☐ Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: <u>3 and 6</u>.

Identification of prior art discussed: <u>none</u>.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

<u>See Continuation Sheet</u>.

**Applicant recordation instructions:** It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /PHILLIP DECKER/ Examiner, Art Unit 3762 | /EDELMIRA BOSQUES/ Supervisory Patent Examiner, Art Unit 3762 |
|---|---|

U.S. Patent and Trademark Office
PTOL-413B (Rev. 8/11/2010)                    **Interview Summary**                    Paper No. 20201008

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: Examiner phone the Agent and said that after consultation with his supervisor that as a results of Applicant's arguments and amendments filed 7/27/20 and 9/4/20 that the claims would be allowable with the exception of claims 3 and 6. Claims 3 and 6 contain the registered trademark SHEET ROCK, which continues to be indefinite under 112b as set forth in MPEP 2173.05(u). Examiner offered to amend claims 3 and 6 by Examiner's Amendment to change "sheet rock" to "dry wall" in both instances. Agent accepted, and the parties agreed that the claims would be allowed as amended.

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| *Notice of References Cited* | 15/476,855 | Bruhnke et al. |
| | Examiner<br>PHILLIP DECKER | Art Unit<br>3762 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-7232369-B2 | 06-2007 | Karidis; George P. | F24F7/10 | 454/274 |
| * | B | US-7503422-B2 | 03-2009 | Combest; Christopher | H04R1/02 | 181/150 |
| * | C | US-2396735-A | 03-1946 | LEIGH ROBERT L | F24F13/08 | 52/799.14 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)       **Notice of References Cited**       Part of Paper No. 20201008

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| CPC - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |
| F24F13/082, 084 | 2/13/2018 | JC |
| F24F13/084 | 04/26/2019 | PED |
| F24F13/084 | 01/15/2020 | PED |
| updated above | 10/08/2020 | PED |
| F24F7/00 | 10/08/2020 | PED |

| CPC Combination Sets - Searched* | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US Classification - Searched* | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 454 | 330 | 04/26/2019 | PED |
| 454 | 330 | 01/15/2020 | PED |

* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| /PED/<br>Examiner, Art Unit 3762 | |
|---|---|
| | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | Examiner | Art Unit |
| | PHILLIP DECKER | 3762 |

| Search Notes | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |
| updated class search | 2/13/2018 | JC |
| EAST keyword search | 04/26/2019 | PED |
| Derwent search found only the present application | 04/26/2019 | PED |
| CCD search did not find other applications | 04/26/2019 | PED |
| Global Dossier search found the parent application | 04/26/2019 | PED |
| EAST keyword search | 01/15/2020 | PED |
| Searched the Wayback Machine on the assignee at http://oemetrix.com and did not find prior art. | 01/15/2020 | PED |
| IP.com search | 01/15/2020 | PED |
| Google keyword search | 01/15/2020 | PED |
| EAST keyword search | 10/08/2020 | PED |
| Checked references cited in the parent application. | 10/08/2020 | PED |
| Google NPL keyword search | 10/08/2020 | PED |

| Interference Search | | | |
|---|---|---|---|
| **US Class/CPC Symbol** | **US Subclass/CPC Group** | **Date** | **Examiner** |
| F24F13/084 | | 10/08/2020 | PED |
| F24F13/082 | | 10/08/2020 | PED |
| F24F7/00 | | 10/08/2020 | PED |

| /PED/<br>Examiner, Art Unit 3762 | |
|---|---|
| | |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

| CPC | | | | | | |
|---|---|---|---|---|---|---|
| **Symbol** | | | | | **Type** | **Version** |
| F24F | / | 13 | / | 084 | F | 2013-01-01 |
| F24F | / | 7 | / | 00 | I | 2013-01-01 |
| F24F | / | 13 | / | 082 | I | 2013-01-01 |
| F24F | / | 2007 | / | 003 | A | 2013-01-01 |

| CPC Combination Sets | | | | | | |
|---|---|---|---|---|---|---|
| **Symbol** | | | | **Type** | **Set** | **Ranking** | **Version** |
| | / | | / | | | | |

| /PHILLIP DECKER/ | 08 October 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| Examiner, Art Unit 3762 | | 16 | |
| (Assistant Examiner) | (Date) | | |
| /EDELMIRA BOSQUES/ | 08 October 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| Supervisory Patent Examiner, Art Unit 3762 | | 1 | 4 |
| (Primary Examiner) | (Date) | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20201008

| *Issue Classification* | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

| INTERNATIONAL CLASSIFICATION | | | | |
|---|---|---|---|---|
| CLAIMED | | | | |
| F24F | / | 13 | / | 08 |
| F24F | / | 7 | / | 00 |

| NON-CLAIMED | | |
|---|---|---|
| | | / |

| US ORIGINAL CLASSIFICATION | |
|---|---|
| **CLASS** | **SUBCLASS** |
| 454 | 330 |

| CROSS REFERENCES(S) | | | | | | |
|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | |
| | | | | | | |

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | 08 October 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 16 | |
| /EDELMIRA BOSQUES/<br>Supervisory Patent Examiner, Art Unit 3762 | 08 October 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 4 |

U.S. Patent and Trademark Office

Part of Paper No.: 20201008

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 9 | 10 | 16 | 19 | | | | | | | | | | |
| 2 | 2 | 10 | 11 | | | | | | | | | | | | |
| 3 | 3 | | 12 | | | | | | | | | | | | |
| 5 | 4 | | 13 | | | | | | | | | | | | |
| 6 | 5 | 11 | 14 | | | | | | | | | | | | |
| 4 | 6 | 12 | 15 | | | | | | | | | | | | |
| 7 | 7 | 13 | 16 | | | | | | | | | | | | |
| 8 | 8 | 14 | 17 | | | | | | | | | | | | |
| | 9 | 15 | 18 | | | | | | | | | | | | |

| /PHILLIP DECKER/ | 08 October 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| Examiner, Art Unit 3762 | | 16 | |
| (Assistant Examiner) | (Date) | | |
| /EDELMIRA BOSQUES/ | 08 October 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| Supervisory Patent Examiner, Art Unit 3762 | | | |
| (Primary Examiner) | (Date) | 1 | 4 |

U.S. Patent and Trademark Office

Part of Paper No.: 20201008

# Web Search History

| date, time | web site | search string |
|---|---|---|
| 10/8/2020 7:47:42 AM | Google | linear bar grille definition |
| 10/8/2020 7:47:47 AM | Google Images | linear bar grille definition |
| 10/8/2020 7:48:31 AM | Google | linear bar grille |
| 10/8/2020 7:48:35 AM | Google | linear bar grill |
| 10/8/2020 10:25:21 AM | Google | define: linear bar grille |
| 10/8/2020 1:06:39 PM | Google | recessed grille flange flush with wall |

# Bibliographic Data

Application No:     15/476,855

Foreign Priority claimed:          ○ Yes    ◉ No

35 USC 119 (a-d) conditions met:   ☐ Yes    ☑ No          ☐ Met After Allowance

Verified and Acknowledged:    /PHILLIP  DECKER/

                              Examiner's Signature          Initials

Title:                        DRY WALL EXTRUSION GRILLE

| FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 03/31/2017 **RULE** | 454 | 3762 | P/332-15 |

**APPLICANTS**

**INVENTORS**

  Lynne Bruhnke, Massapequa Park, NY, UNITED STATES

  Daniel Roeper, Garden City, NY, UNITED STATES

**CONTINUING DATA**

  This application is a CIP of 13999038 01/06/2014 PAT 9765988

**FOREIGN APPLICATIONS**

**IF REQUIRED, FOREIGN LICENSE GRANTED\*\***

  04/11/2017

**\*\* SMALL ENTITY \*\***

**STATE OR COUNTRY**

  UNITED STATES

**ADDRESS**

  Philip M. Weiss

  Weiss & Weiss

  410 Jericho Turnpike, Suite 105

  Jericho, NY 11753

  UNITED STATES

**FILING FEE RECEIVED**

  $730

EAST Search History

EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | ("20170205110").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/08 15:32 |
| S1 | 1 | "20170205110" | DERWENT | OR | ON | 2019/04/26 07:41 |
| S2 | 1 | 2017-49536A.NRAN. | DERWENT | OR | ON | 2019/04/26 07:58 |
| S3 | 8 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:00 |
| S4 | 11 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:01 |
| S5 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2019/04/26 08:02 |
| S6 | 3 | (("5082083") or ("7140960") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:43 |
| S7 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:47 |
| S8 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 10:48 |
| S9 | 247 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 10:53 |
| S10 | 626 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2019/04/26 11:21 |
| S11 | 366 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:31 |
| S12 | 0 | wall and grill$1 and frame and (hole aperture) and slot and flange and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2019/04/26 12:31 |
| S13 | 1 | S11 and S9 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:35 |

| S14 | 4 | (drywall (dry adj wall)) near10 extru$4 near10 grill$1 | US-PGPUB; USPAT; USOCR | OR | ON | 2019/04/26 12:52 |
| S15 | 1 | ("9765988").PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2019/04/26 15:50 |
| S16 | 1 | (US-20160273797-$).did. | US-PGPUB | OR | ON | 2020/01/15 09:00 |
| S17 | 1 | "20170205110" | DERWENT | OR | ON | 2020/01/15 09:00 |
| S18 | 1 | 2017-49536A.NRAN. | DERWENT | OR | ON | 2020/01/15 10:39 |
| S20 | 9 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:40 |
| S21 | 12 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:41 |
| S22 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2020/01/15 10:41 |
| S23 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 10:41 |
| S24 | 266 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 10:41 |
| S25 | 714 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2020/01/15 10:47 |
| S26 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 11:17 |
| S27 | 3 | S26 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:17 |
| S28 | 1 | S26 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:18 |
| S29 | 5 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) near50 grill$2 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:23 |
| S30 | 2 | "53494870".FMID. | US-PGPUB; USPAT; FPRS; JPO | OR | ON | 2020/01/15 11:24 |

| S31 | 16 | ("0943298" \| "20040058638" \| "20070232217" \| "2752844" \| "5082083" \| "5144099" \| "5863310" \| "5928078" \| "5950384" \| "6234894" \| "6908115" \| "7140960" \| "7771259" \| "9024186").PN. OR ("9765988").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 11:25 |
|-----|-----|-----|-----|-----|-----|-----|
| S32 | 3 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (extrus$3 extrud$3) near50 grill$2 | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 11:28 |
| S33 | 6 | extrusion near grill$2 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 12:14 |
| S34 | 10 | extrusion near grill$2 | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 12:15 |
| S35 | 7 | (price near2 industries).as. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:28 |
| S36 | 0 | (price near2 industries).as. | FPRS; DERWENT | OR | ON | 2020/01/15 13:29 |
| S37 | 32 | bar near20 grill$2 near20 (extrusion extrud$3) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:30 |
| S38 | 7 | bar near20 grill$2 near50 (extrusion extrud$3) and core | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:30 |
| S39 | 12 | bar near20 grill$2 near20 (extrusion extrud$3) | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:32 |
| S40 | 0 | bar near20 grill$2 near50 (extrusion extrud$3) and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:37 |
| S41 | 357 | bar near20 grill$2 and core | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 13:40 |
| S42 | 41 | bar near20 grill$2 and core | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/01/15 13:55 |
| S43 | 2 | ("2096271").URPN. | USPAT | OR | ON | 2020/01/15 14:12 |
| S44 | 6 | ("2245908").URPN. | USPAT | OR | ON | 2020/01/15 14:13 |

| S45 | 171 | (454/330).CCLS. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/01/15 17:08 |
|-----|-----|-----------------|------------------------|----|----|----|
| S46 | 266 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:08 |
| S47 | 1 | (US-20160273797-$).did. | US-PGPUB | OR | ON | 2020/01/15 17:08 |
| S48 | 432 | S47 S45 S46 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:08 |
| S49 | 14 | S48 and (flex$3 flexib$2 resilient$2 bend$3) near2 flange | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:09 |
| S50 | 2,912 | (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) near5 screw | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:29 |
| S51 | 7 | S50 and S48 | US-PGPUB; USPAT; USOCR | OR | ON | 2020/01/15 17:30 |
| S52 | 8 | (US-5863310-$ or US-5274976-$ or US-5494244-$ or US-5338255-$).did. or (US-2083785-$ or US-2245908-$ or US-2096271-$ or US-3220079-$).did. | USPAT; USOCR | OR | ON | 2020/10/07 18:14 |
| S53 | 16 | linear near2 bar near2 grille | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 07:49 |
| S54 | 9 | (bruhnke near2 lynne).in. | US-PGPUB; USPAT | OR | ON | 2020/10/08 09:57 |
| S55 | 12 | (roeper near2 daniel).in. | US-PGPUB; USPAT | OR | ON | 2020/10/08 09:58 |
| S56 | 6 | OEMETRIX.AS. | US-PGPUB; USPAT | OR | ON | 2020/10/08 10:04 |
| S57 | 1 | (US-20160273797-$).did. | US-PGPUB | OR | ON | 2020/10/08 10:13 |
| S58 | 8 | (("2956496") or ("6705052") or ("20070232217") or ("6234894") or ("3645195") or ("6227962") or ("7771259")).PN. | US-PGPUB; USPAT; USOCR | OR | OFF | 2020/10/08 10:14 |
| S59 | 57 | grill$1 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (indent$3 recess$3) near5 (slot groove flange) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 12:04 |

| S61 | 3 | grill$1 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (indent$3 recess$3) near5 (slot groove flange) | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/10/08 12:39 |
| S62 | 293 | F24F13/084.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 12:48 |
| S63 | 826 | F24F13/084.CPC. | FPRS; DERWENT | OR | ON | 2020/10/08 12:50 |
| S64 | 889 | F24F7/00.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 12:56 |
| S65 | 972 | F24F13/082.CPC. | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 12:57 |
| S66 | 12 | grill$1 near20 flush near20 (sheetrock (dry adj wall)(wall adj board)) | US-PGPUB; USPAT; USOCR | OR | ON | 2020/10/08 12:58 |
| S67 | 1 | grill$1 near20 flush near20 (sheetrock (dry adj wall)(wall adj board)) | FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2020/10/08 13:00 |

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S68 | 133 | F24F13/084.CPC. | US-PGPUB | OR | ON | 2020/10/08 13:45 |
| S69 | 182 | F24F7/00.CPC. | US-PGPUB | OR | ON | 2020/10/08 13:45 |
| S70 | 316 | F24F13/082.CPC. | US-PGPUB | OR | ON | 2020/10/08 13:48 |
| S71 | 29 | grill$1 and (drywall sheetrock plasterboard (dry adj wall) (sheet adj rock) ((plaster gypsum buster custard wall) adj board)) and (indent$3 recess$3) near5 (slot groove flange) | US-PGPUB | OR | ON | 2020/10/08 13:53 |

10/8/2020 3:39:42 PM
C:\Users\pdecker\Documents\EAST\Workspaces\15476855.wsp

Doc Code: IFEE
Document Description: Issue Fee Payment (PTO-85B)

PTOL/85B-EFS

# Issue Fee Transmittal Form

| Application Number | Filing Date | First Named Inventor | Atty. Docket No. | Confirmation No. |
|---|---|---|---|---|
| 15476855 | 31-Mar-2017 | Lynne Bruhnke | P/332-15 | 9670 |

### TITLE OF INVENTION :

DRY WALL EXTRUSION GRILLE

| Entity Status | | Application Type | Art Unit | Class - Subclass | EXAMINER |
|---|---|---|---|---|---|
| Small | | Utility under 35 USC 111(a) | 3762 | 330000 | PHILLIP DECKER |

| Issue Fee Due | Publication Due | Total Fee(s) Due | Date Due | Prev. Paid Fee |
|---|---|---|---|---|
| $600 | $0 | $600 | 14-Jan-2021 | $0 |

## 1.Change of Correspondence Address and/or Indication Of Fee Address (37 CFR 1.33 & 1.363)

| Current Correspondence Address: | Current Indicated Fee Address : |
|---|---|
| PHILIP M. WEISS<br><br>WEISS & WEISS<br>410 JERICHO TURNPIKE, SUITE 105<br>JERICHO NY 11753<br>UNITED STATES<br>516-739-1500 | |
| ☐ Change of correspondence address requested, system generated AIA/122-EFS form attached | ☐ Fee Address indication requested, system generated SB/47-EFS form attached |

## 2.Entity Status

## Change in Entity Status

○ Applicant certifying micro entity status; system generated Micro Entity certification form attached. See 37 CFR 1.29.
  Note: Absent a valid certification of micro entity status, issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment. If this box is checked, you will be prompted to choose a micro entity status on the gross income basis (37 CFR 1.29(a)) or the institution of higher education basis (37 CFR 1.29(d)), and make the applicable certification online.

◉ Applicant asserting small entity status. See 37 CFR 1.27.
  Note: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

○ Applicant changing to regular undiscounted fee status.
  Note: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

WEB IFEE 1.0

## 3.The Following Fee(s) Are Submitted:

☒ Issue Fee

☐ I authorize USPTO to apply my previously paid issue fee to the current fees due

☐ Publication Fee

☐ The Director is hereby authorized to apply my previously paid issue fee to the current fee due and to charge deficient fees to Deposit Account Number _____

☐ Advance Order - # of copies _____

☐ If **in addition to** the payment of the issue fee amount submitted with this form, there are any discrepancies in any amount(s) due, the Director is authorized to charge any deficiency, or credit any overpayment, to Deposit Account Number _____ .
The **issue fee must be submitted** with this form. **If payment of the issue fee does not accompany this form, checking this box and providing a deposit account number will NOT be effective to satisfy full payment of the fee(s) due.**

## 4.Firm and/or Attorney Names To Be Printed

**NOTE: If no name is listed, no name will be printed**
For printing on the patent front page, list to be displayed as entered

1.  Philip M. Weiss

2.  Weiss & Weiss

3.

## 5.Assignee Name(s) and Residence Data To Be Printed

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

| Name | City | State | Country | Category |
|---|---|---|---|---|
| OEMETRIX, L.L.C. | New Hyde Park | NEW YORK | united states | other |

## 6.Signature

I certify, in accordance with 37 CFR 1.4(d)(4) that I am an attorney or agent registered to practice before the Patent and Trademark Office who has filed and has been granted power of attorney in this application. I also certify that this Fee(s) Transmittal form is being transmitted to the USPTO via EFS-WEB on the date indicated below.

| Signature | /Philip M. Weiss/ | Date | 10-31-2020 |
|---|---|---|---|
| Name | Philip M. Weiss | Registration Number | 34751 |

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15476855 |
| **Filing Date:** | 31-Mar-2017 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne Bruhnke |
| **Filer:** | Philip M. Weiss |
| **Attorney Docket Number:** | P/332-15 |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| UTILITY APPL ISSUE FEE | 2501 | 1 | 600 | 600 |
| PUBL. FEE- EARLY, VOLUNTARY, OR NORMAL | 1504 | 1 | 0 | 0 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | **Total in USD ($)** | | | **600** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 41003607 |
| **Application Number:** | 15476855 |
| **International Application Number:** | |
| **Confirmation Number:** | 9670 |
| **Title of Invention:** | DRY WALL EXTRUSION GRILLE |
| **First Named Inventor/Applicant Name:** | Lynne  Bruhnke |
| **Correspondence Address:** | -<br>-<br>-<br>-<br>-                                   -                    -<br>US            -<br>- |
| **Filer:** | Philip M. Weiss |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P/332-15 |
| **Receipt Date:** | 31-OCT-2020 |
| **Filing Date:** | 31-MAR-2017 |
| **Time Stamp:** | 12:59:33 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $600 |

| RAM confirmation Number | E20200UC59275278 |
|---|---|
| Deposit Account | |
| Authorized User | |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | Web85b.pdf | 46043 / 68b7f6dc82a4f10ba8cabaa01e2166dd1a38b1ca | no | 2 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 31897 / da537eeef3de1df8ef4dc15f1d7122a04864d7df | no | 2 |

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | | 77940 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 03/31/2017 | Lynne Bruhnke | P/332-15 | 9670 |

7590    11/17/2020

PHILIP M. WEISS
WEISS & WEISS
410 JERICHO TURNPIKE, SUITE 105
JERICHO, NY 11753

| EXAMINER |
|---|
| DECKER, PHILLIP |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3762 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/17/2020 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Corrected*<br>*Notice of Allowability* | Application No.<br>15/476,855 | Applicant(s)<br>Bruhnke et al. | |
|---|---|---|---|
| | Examiner<br>PHILLIP DECKER | Art Unit<br>3762 | AIA (FITF) Status<br>Yes |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>Applicant's amendment of 7/27/20 and interview summary of 9/4/20</u>.
    - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____ .

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>1-8,10-11 and 14-19</u> . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information , please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

    a) ☐All    b) ☐ Some    *c) ☐ None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

    Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
    **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
    - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | /EDELMIRA BOSQUES/<br>Supervisory Patent Examiner, Art Unit 3762 |
|---|---|

| **Issue Classification** | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

**CPC**

| Symbol | | | | | Type | Version |
|---|---|---|---|---|---|---|
| F24F | | 13 | | 084 | F | 2013-01-01 |
| F24F | | 7 | | 00 | I | 2013-01-01 |
| F24F | | 13 | | 082 | I | 2013-01-01 |
| F24F | | 2007 | | 003 | A | 2013-01-01 |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| /PHILLIP DECKER/ | 09 November 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| Examiner, Art Unit 3762 | | 16 | |
| (Assistant Examiner) | (Date) | | |
| /EDELMIRA BOSQUES/ | 16 November 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| Supervisory Patent Examiner, Art Unit 3762 | | 1 | 4 |
| (Primary Examiner) | (Date) | | |

U.S. Patent and Trademark Office

Part of Paper No.: 20201106

| *Issue Classification* | Application/Control No.<br><br>15/476,855 | Applicant(s)/Patent Under Reexamination<br><br>Bruhnke et al. |
|---|---|---|
| | Examiner<br><br>PHILLIP DECKER | Art Unit<br><br>3762 |

### INTERNATIONAL CLASSIFICATION

**CLAIMED**

| | | | | |
|---|---|---|---|---|
| F24F | / | 13 | / | 08 |
| F24F | / | 7 | / | 00 |

**NON-CLAIMED**

| | | | |
|---|---|---|---|
| | | / | |

### US ORIGINAL CLASSIFICATION

| CLASS | SUBCLASS |
|---|---|
| 454 | 330 |

### CROSS REFERENCES(S)

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | 09 November 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 16 | |
| /EDELMIRA BOSQUES/<br>Supervisory Patent Examiner, Art Unit 3762 | 16 November 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 4 |

U.S. Patent and Trademark Office

Part of Paper No.: 20201106

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15/476,855 | Bruhnke et al. |
| | **Examiner** | **Art Unit** |
| | PHILLIP DECKER | 3762 |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

**CLAIMS**

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 9 | 10 | 16 | 19 | | | | | | | | | | |
| 2 | 2 | 10 | 11 | | | | | | | | | | | | |
| 3 | 3 | | 12 | | | | | | | | | | | | |
| 5 | 4 | | 13 | | | | | | | | | | | | |
| 6 | 5 | 11 | 14 | | | | | | | | | | | | |
| 4 | 6 | 12 | 15 | | | | | | | | | | | | |
| 7 | 7 | 13 | 16 | | | | | | | | | | | | |
| 8 | 8 | 14 | 17 | | | | | | | | | | | | |
| | 9 | 15 | 18 | | | | | | | | | | | | |

| /PHILLIP DECKER/<br>Examiner, Art Unit 3762 | 09 November 2020 | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 16 | |
| /EDELMIRA BOSQUES/<br>Supervisory Patent Examiner, Art Unit 3762 | 16 November 2020 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 4 |

U.S. Patent and Trademark Office

Part of Paper No.: 20201106

| **Search Notes** | **Application/Control No.** 15/476,855 | **Applicant(s)/Patent Under Reexamination** Bruhnke et al. |
|---|---|---|
| | **Examiner** PHILLIP DECKER | **Art Unit** 3762 |

**CPC - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| F24F13/082, 084 | 9/26/2017 | JC |
| F24F13/082, 084 | 12/21/2017 | JC |
| F24F13/082, 084 | 2/13/2018 | JC |
| F24F13/084 | 04/26/2019 | PED |
| F24F13/084 | 01/15/2020 | PED |
| updated above | 10/08/2020 | PED |
| F24F7/00 | 10/08/2020 | PED |

**CPC Combination Sets - Searched***

| Symbol | Date | Examiner |
|---|---|---|
| | | |

**US Classification - Searched***

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 454 | 330 | 04/26/2019 | PED |
| 454 | 330 | 01/15/2020 | PED |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| /PED/ Examiner, Art Unit 3762 | |
|---|---|

| *Search Notes* | Application/Control No.<br><br>15/476,855 | Applicant(s)/Patent Under Reexamination<br><br>Bruhnke et al. |
|---|---|---|
| | Examiner<br><br>PHILLIP DECKER | Art Unit<br><br>3762 |

| Search Notes | | |
|---|---|---|
| Search Notes | Date | Examiner |
| class search, east text, inventor name, fwd/bkwd search, IDS considered | 9/26/2017 | JC |
| updated class search | 12/21/2017 | JC |
| updated class search | 2/13/2018 | JC |
| EAST keyword search | 04/26/2019 | PED |
| Derwent search found only the present application | 04/26/2019 | PED |
| CCD search did not find other applications | 04/26/2019 | PED |
| Global Dossier search found the parent application | 04/26/2019 | PED |
| EAST keyword search | 01/15/2020 | PED |
| Searched the Wayback Machine on the assignee at http://oemetrix.com and did not find prior art. | 01/15/2020 | PED |
| IP.com search | 01/15/2020 | PED |
| Google keyword search | 01/15/2020 | PED |
| EAST keyword search | 10/08/2020 | PED |
| Checked references cited in the parent application. | 10/08/2020 | PED |
| Google NPL keyword search | 10/08/2020 | PED |

| Interference Search | | | |
|---|---|---|---|
| US Class/CPC Symbol | US Subclass/CPC Group | Date | Examiner |
| F24F13/084 | | 10/08/2020 | PED |
| F24F13/082 | | 10/08/2020 | PED |
| F24F7/00 | | 10/08/2020 | PED |

| /PED/<br>Examiner, Art Unit 3762 | |
|---|---|

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Notice of References Cited*** | 15/476,855 | BRUHNKE ET AL. |
| | Examiner | Art Unit | |
| | JONATHAN COTOV | 3749 | Page 1 of 1 |

*Changes applied to document. /J.V./ 11/19/2020*

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-943,298 A | 12-1909 | ~~Name not available~~ Brown | F24F13/08 | 454/332 |
| * | B | US-2,752,844 A | 07-1956 | SIMBLEST ALLEN L | F24F13/08 | 454/277 |
| * | C | US-5,144,099 A | 09-1992 | Cardy; Ronald | E04F19/08 | 174/66 |
| * | D | US-5,863,310 A | 01-1999 | Brown; Barbara L. | B01D46/0005 | 454/284 |
| * | E | US-5,928,078 A | 07-1999 | Moore; Michael A. | F24F13/068 | 285/341 |
| * | F | US-5,950,384 A | 09-1999 | Aarness; James C. | F24F13/075 | 454/277 |
| * | G | US-6,234,894 B1 | 05-2001 | Goracke; Mark A. | F24F13/082 | 454/290 |
| * | H | US-2004/0058638 A1 | 03-2004 | Achen, John J. | F24F13/082 | 454/277 |
| * | I | US-6,908,115 B2 | 06-2005 | Snyder; Darryl L. | F24F13/084 | 285/189 |
| * | J | US-7,140,960 B2 | 11-2006 | Pilger; Allan | F24F13/06 | 454/292 |
| * | K | US-2007/0232217 A1 | 10-2007 | Davis; Michael C. | F24F13/082 | 454/330 |
| * | L | US-7,771,259 B2 | 08-2010 | Pettit; Michael | F24F13/084 | 454/289 |
| * | M | US-9,024,186 B1 | 05-2015 | Gonzalez; Brian | H02G3/14 | 174/66 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20170926

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/476,855 | 12/22/2020 | 10871305 | P/332-15 | 9670 |

7590      12/02/2020

PHILIP M. WEISS
WEISS & WEISS
410 JERICHO TURNPIKE, SUITE 105
JERICHO, NY 11753

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 57 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Lynne Bruhnke, Massapequa Park, NY;
Daniel Roeper, Garden City, NY;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit <u>SelectUSA.gov</u>.

IR103 (Rev. 10/09)

AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Eastern District of New York___ on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>21cv2786(GRB)(AYS) | DATE FILED<br>5/18/2021 | U.S. DISTRICT COURT<br>Eastern District of New York |
|---|---|---|
| PLAINTIFF<br><br>INV Holdings Inc.<br>Advanced Arch Grilleworks, Inc. | | DEFENDANT<br><br>Dayus Register & Grille Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | US 9,765,988 B2 | 9/19/2017 | Oemetrix, L.L.C. |
| 2 | US 10,871,305 B2 | 12/22/2020 | Oemetrix, L.L.C. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>DOUGLAS C. PALMER | (BY) DEPUTY CLERK<br>Deanna Rodin | DATE<br>5/20/2021 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

AO 120 (Rev. 08/10)

| TO: Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Eastern District of New York___ on the following

☐ Trademarks or ☑ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>21cv2786(GRB)(AYS) | DATE FILED<br>5/18/2021 | U.S. DISTRICT COURT<br>Eastern District of New York |
|---|---|---|
| PLAINTIFF<br><br>INV Holdings Inc.<br>Advanced Arch Grilleworks, Inc. | | DEFENDANT<br><br>Dayus Register & Grille Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | US 9,765,988 B2 | 9/19/2017 | Oemetrix, L.L.C. |
| 2 | US 10,871,305 B2 | 12/22/2020 | Oemetrix, L.L.C. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |  |  |  |
|---|---|---|---|---|
| | ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |||
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK ||
| 1 | | ||
| 2 | | ||
| 3 | | ||
| 4 | | ||
| 5 | | ||

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT<br><br>See [7] Order Dismissing Case |
|---|

| CLERK<br>DOUGLAS C. PALMER | (BY) DEPUTY CLERK<br>Chelsea Tirado | DATE<br>9/15/2021 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Eastern District of New York___ on the following

☐ Trademarks or ☑ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>21cv5107(GRB)(ARL) | DATE FILED<br>9/14/2021 | U.S. DISTRICT COURT ___Eastern District of New York___ |

| PLAINTIFF<br><br>INV Holdings Inc. and Advanced Arch Grilleworks, Inc. | DEFENDANT<br><br>Dayus Register & Grille Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 9,765,988 (Patent) | 9/19/2017 | Dry Wall Extrusion Grille |
| 2 | | | (Holders: Lynne Bruhnke, Daniel Roeper, Oemetrix, L.L.C.) |
| 3 | 10,871,305 (Patent) | 12/22/2020 | Dry Wall Extrusion Grille |
| 4 | | | (Holders: Lynne Bruhnke, Daniel Roeper, Oemetrix, L.L.C.) |
| 5 | 5,132,735 (Trade) | 1/31/2017 | Plaster J-Bead (Holder: Advanced Arch Grilleworks, Inc.) |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
| |

| CLERK<br>Douglas C. Palmer | (BY) DEPUTY CLERK<br>Doreen Flanagan | DATE<br>9/16/2021 |

**Copy 1**—Upon initiation of action, mail this copy to Director  **Copy 3**—Upon termination of action, mail this copy to Director
**Copy 2**—Upon filing document adding patent(s), mail this copy to Director  **Copy 4**—Case file copy

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    **Eastern District of New York**    on the following

☐ Trademarks or   ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>21cv5107(GRB)(ARL) | DATE FILED<br>9/14/2021 | U.S. DISTRICT COURT     Eastern District of New York |
|---|---|---|
| PLAINTIFF<br><br>INV Holdings Inc. and Advanced Arch Grilleworks, Inc. | | DEFENDANT<br><br>Dayus Register & Grille Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 9,765,988 (Patent) | 9/19/2017 | Dry Wall Extrusion Grille |
| 2 | | | (Holders: Lynne Bruhnke, Daniel Roeper, Oemetrix, L.L.C.) |
| 3 | 10,871,305 (Patent) | 12/22/2020 | Dry Wall Extrusion Grille |
| 4 | | | (Holders: Lynne Bruhnke, Daniel Roeper, Oemetrix, L.L.C.) |
| 5 | 5,132,735 (Trade) | 1/31/2017 | Plaster J-Bead (Holder: Advanced Arch Grilleworks, Inc.) |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Douglas C. Palmer | (BY) DEPUTY CLERK<br>Doreen Flanagan | DATE<br>9/16/2021 |
|---|---|---|

**Copy 1----Upon initiation of action, mail this copy to Director**    **Copy 3---Upon termination of action, mail this copy to Director**
**Copy 2---Upon filing document adding patent(s), mail this copy to Director**    **Copy 4---Case file copy**